1 | William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
2 | Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
3 | Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
4 | **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
5 | Costa Mesa, California 92626
Telephone   714-966-1000
6 | Facsimile   714-966-1002

7 | Attorneys for Debtor and Debtor-in-Possession
John Jean Bral

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 | In re

13 | JOHN JEAN BRAL,

14 |           Debtor and Debtor-in-
          Possession.

Case No. 8:17-bk-10706-SC

Chapter 11

**CHAPTER 11 PLAN**

**Disclosure Statement Hearing:**
DATE:   **August 17, 2017**
TIME:   **11:00 a.m.**
Place:   **Courtroom 5C**
          **411 West Fourth Street**
          **Santa Ana, California 92701**

**Plan Confirmation Hearing:**
DATE:   **TBD**
TIME:   **TBD**
Place:   **Courtroom 5C**
          **411 West Fourth Street**
          **Santa Ana, California 92701**

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1120739.1

1

## **TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION..........................................................................................1

4   II.   THE PLAN OF REORGANIZATION ........................................................2

5          A.    General Overview..........................................................................2

6          B.    Treatment of Unclassified Claims.................................................2

7                1.    Administrative Expenses .....................................................3

8                      a.    Professional Fee Claims .........................................4

9                2.    Priority Tax Claims..............................................................5

10         C.    Classified Claims...........................................................................6

11               1.    Summary of Classes............................................................6

12               2.    Secured Claims ...................................................................6

13               3.    Class of Priority Claims.....................................................10

14               4.    Class of General Unsecured Claims.................................10

15         D.    Means of Effectuating the Plan...................................................11

16               1.    Funding the Plan................................................................11

17               2.    Disbursing Agent ...............................................................13

18               3.    The Reorganized Debtor ...................................................13

19               4.    Provisions Governing Distributions ...................................13

20                     a.    Dates of Distribution...............................................13

21                     b.    Manner of Distribution ............................................13

22                     c.    Delivery of Distributions in General .......................13

23                     d.    Rounding Payments................................................14

24                     e.    Interest on Claims ..................................................15

25                     f.    Compliance with Tax Requirements .......................15

26                     g.    De Minimis Distributions ........................................16

27                     h.    Setoffs....................................................................16

28                     i.    Limitation on Liability..............................................16

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1120739.1

i

## TABLE OF CONTENTS (cont.)

**Page**

E.    Other Provisions of the Plan.................................................................17

    1.    Claim Objections and Disputed Claims............................................17

        a.    Standing and Claim Objection Deadline .............................17

        b.    No Distribution Pending Allowance ....................................17

        c.    Reserves for Disputed Claims............................................18

    2.    Executory Contracts and Unexpired Leases...................................18

        a.    Assumption and Assignment...............................................18

        b.    Rejections ...........................................................................18

    3.    Changes in Rate Subject to Regulatory Commission Approval .............................................................................................19

    4.    Preservation of Causes of Action and Avoidance Actions..................................................................................................19

    5.    Retention of Jurisdiction ..................................................................20

F.    Tax Consequences of the Plan .............................................................21

G.    Exemption from Transfer Taxes ............................................................22

III.    EFFECT OF CONFIRMATION.........................................................................22

A.    Discharge ...............................................................................................22

B.    Exculpation and Releases......................................................................24

C.    Vesting of Property.................................................................................24

D.    Plan Creates New Obligations................................................................24

E.    Creditor Action Restrained.....................................................................24

F.    Material Default Defined .........................................................................25

G.    Modification of the Plan ..........................................................................25

H.    Post-Confirmation Status Report...........................................................25

I.    Quarterly Fees........................................................................................25

J.    Post-Confirmation Conversion/Dismissal ..............................................26

K.    Final Decree...........................................................................................26

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1

## <u>TABLE OF CONTENTS (cont.)</u>

2
<div align="right"><u>Page</u></div>

3  IV.   GENERAL PROVISIONS.........................................................................................26

4     A.   Definitions and Rules of Construction ........................................................26

5     B.   Cramdown ...................................................................................................26

6     C.   Binding Effect .............................................................................................27

7     D.   Captions .....................................................................................................27

8     E.   Controlling Effect ........................................................................................27

9             a.   That has not been reversed, rescinded, stayed,
10                   modified, or amended ...........................................................31

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical-rl">
**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002
</div>

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

11 U.S.C. § 101 ................................................................................................ 26

11 U.S.C. § 102 ................................................................................................ 26

11 U.S.C. § 108 ................................................................................................ 20

11 U.S.C. § 346 ................................................................................................ 20

11 U.S.C. § 362(a) ........................................................................................... 26

11 U.S.C. § 365 ................................................................................................ 18

11 U.S.C. § 502 ................................................................................................ 23

11 U.S.C. § 502(g) ........................................................................................... 23

11 U.S.C. § 502(h) ........................................................................................... 23

11 U.S.C. § 502(l) ............................................................................................ 23

11 U.S.C. § 505 ................................................................................................ 20

11 U.S.C. § 506 .................................................................................................. 7

11 U.S.C. § 506(b) ............................................................................................. 4

11 U.S.C. § 507(a) ........................................................................................... 10

11 U.S.C. § 507(a)(2) ........................................................................................ 3

11 U.S.C. § 507(a)(3) ...................................................................................... 10

11 U.S.C. § 507(a)(4) ...................................................................................... 10

11 U.S.C. § 507(a)(5) ...................................................................................... 10

11 U.S.C. § 507(a)(6) ...................................................................................... 10

11 U.S.C. § 507(a)(7) ...................................................................................... 10

11 U.S.C. § 507(a)(8) ........................................................................................ 5

11 U.S.C. § 510 ................................................................................................ 20

11 U.S.C. § 511 ....................................................................................... 4, 5, 6, 7

11 U.S.C. § 525 ................................................................................................ 20

11 U.S.C. § 543 ................................................................................................ 20

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page(s)</u>

11 U.S.C. § 545 ............................................................................................. 20

11 U.S.C. § 548 ............................................................................................. 20

11 U.S.C. § 549 ............................................................................................. 20

11 U.S.C. § 551 ............................................................................................. 20

11 U.S.C. § 553 ........................................................................................ 16, 20

11 U.S.C. § 1112(b) ....................................................................................... 26

11 U.S.C. § 1123 ........................................................................................... 18

11 U.S.C. § 1125(e) ....................................................................................... 23

11 U.S.C. § 1127(a) ....................................................................................... 25

11 U.S.C. § 1127(b) ....................................................................................... 25

11 U.S.C. § 1129(b) ....................................................................................... 26

11 U.S.C. § 1141 ........................................................................................... 23

11 U.S.C. § 1141(b) ....................................................................................... 24

11 U.S.C. § 1141(d)(5) .................................................................................. 23

11 U.S.C. § 1144 ........................................................................................... 26

11 U.S.C. § 1146 ........................................................................................... 20

11 U.S.C. § 1146(a) ....................................................................................... 22

28 U.S.C. § 1930(a)(6) .................................................................................. 25

## <u>Rules</u>

Fed. R. Bankr. P. 9019 .................................................................................. 18

Fed. R. Bankr. P. 3022 .................................................................................. 26

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# I.   INTRODUCTION[1]

John Jean Bral is the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case").  The Case was commenced by the filing of a voluntary chapter 11 petition under the United States Bankruptcy Code (the "Bankruptcy Code" or "Code"), 11 U.S.C. §§ 101 *et seq.*, on or about February 24, 2017 (the "Petition Date").

The Debtor is the proponent of the Plan.  Sent to you in the same envelope as this document is the Disclosure Statement Describing Chapter 11 Plan (the "Disclosure Statement"), which has been approved by the Court and which is provided to help you understand the Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

The Plan is a liquidation plan.  Allowed Claims will be paid from a Distribution Fund consisting of monies derived from the following:

1.   First, the dissolution of two limited liability companies in which the Debtor holds an interest, Mission Medical Investors, LLC ("Mission") and Westcliff Investors, LLC ("Westcliff," and together with Mission, the "Companies").  Funds will be generated either by the other members of the Companies purchasing the Debtor's membership interests or, through the sale of the real property assets held by each of the Companies;

2.   Second, to the extent that these funds are insufficient to pay Allowed Claims in full, the Debtor will liquidate his other real and personal property, to the extent equity exists and the assets are not exempt; and

3.   Third, potential recoveries from malpractice claims the Debtor holds against state court counsel.

---

[1] Any capitalized terms not defined in the text of this Plan are defined in the Table of Definitions found at the end of the Plan.

1      All creditors should refer to Sections II.B-II.C of this Plan for the precise treatment

2 of their Claims.  If confirmed, the Plan will bind all creditors provided for in the Plan,

3 whether or not they File a Proof of Claim, accept the Plan, object to confirmation, or have

4 their Claims allowed.

5      The Effective Date of the Plan will be the later of: (1) thirty (30) days after the

6 conclusion of the dissolution of the Companies and, to the extent necessary, the

7 liquidation of any other real or personal property of the Debtor, or (2) the first Business

8 Day that is at least 15 days after the entry of an order confirming the Plan (the

9 "Confirmation Order"), provided there has been no order staying the effectiveness of the

10 Confirmation Order.

11 **II.**    **THE PLAN OF REORGANIZATION**

12     **A.**    **General Overview**

13      As required by the Bankruptcy Code, the Plan classifies Claims in various Classes

14 according to their right to priority.  The Plan states whether each Class of Claims is

15 impaired or unimpaired.  The Plan provides the treatment each Class will receive.  In no

16 event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to

17 the extent provided herein.

18      Unless otherwise expressly stated in the Plan, the treatment of Allowed Claims

19 under the Plan supersedes any agreements or rights the Holders of those Claims may

20 have in or against the Debtor or his assets and is in full satisfaction of the legal, equitable,

21 and contractual rights of the Holders of the Claim.

22      Unless the Plan provides otherwise, no Distributions will be made and no rights

23 retained on account of any Claim that has not become an Allowed Claim.

24     **B.**    **Treatment of Unclassified Claims**

25      Certain types of Claims are not placed into voting classes but are instead

26 unclassified.  They are not considered impaired and they do not vote on the Plan because

27 they are automatically entitled to certain treatment under the Bankruptcy Code.

28 Accordingly, the following Claims have <u>not</u> been placed into a Class:

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### 1.   Administrative Expenses

Administrative Claims are Claims for costs or expenses of administering the Debtor's Case which are allowed under § 507(a)(2) of the Bankruptcy Code.  The Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(2) unpaid Administrative Claims and their treatment under the Plan:

| Description | Estimated Amount Owed | Treatment |
| --- | --- | --- |
| Clerk's Office Fees | $0 | Paid in full on or before the Effective Date. |
| OUST | $0 | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0 | Unless the Debtor objects to the Ordinary-Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions of the particular transaction giving rise to the Ordinary-Course Administrative Claim, and the Person Holding the Ordinary-Course Administrative Claim need not File any Request for Payment of its Claim. However, any Request for Payment, or Motion to allow a Claim as an Ordinary-Course Administrative Claim must be Filed with the Court and served on counsel for the Debtor or the Reorganized Debtor, as the case may be, and the OUST by no later than sixty (60) days after the Effective Date. |
| Non-Ordinary Course Administrative Claims | $0 | To the extent that any Non-Ordinary Course Administrative Claims are allowed, they will be paid in full by the Debtor on the later of the Effective Date or immediately after the Court enters a Final Order allowing the Non-Ordinary Course Administrative Claim. |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Administrative Tax Claims | Unknown, but could be as much as $3,300,000 | Unless the Debtor objects to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person Holding the Administrative Tax Claim need not File any Request for Payment of its Claim.<br><br>Any Allowed Administrative Tax Claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtor objects to or otherwise disputes such Administrative Tax Claim in accordance with applicable law.  In an event of default, and to the extent such Administrative Tax Claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
| LWGF | $300,000, estimated as of the Effective Date.[2] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms. |

The following applies to Administrative Claims:

      a.      Professional Fee Claims

Any Professional seeking allowance of a Professional Fee Claim for services rendered prior to the Effective Date in connection with the Debtor's Case must (1) File their application for allowance of compensation and reimbursement of expenses on or before 45 days after the Effective Date or such other date as may be set by the Court, and (2) have the fees and expenses allowed by a Final Order.  Any party in interest may File an objection to such application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets.  Persons holding Professional Fee Claims who

---

[2] The estimate of Professional Fee Claims is only an estimate and will change based upon the legal services required during this Case and upon what the Court ultimately awards to Professionals.  The Estate remains liable for all allowed legal fees and costs regardless of the estimates.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   do not timely File and serve their applications for payment will be forever barred from

2   asserting these Claims against the Reorganized Debtor or his property.

3          As indicated above, the Debtor may need to pay $3,600,000 worth of

4   Administrative Claims on the Effective Date of the Plan, unless the claimant has agreed to

5   be paid later or the Court has not yet ruled on the Claim.  This consists of capital gains

6   taxes that would be imposed through the dissolution process and $300,000 of

7   Professional Fee Claims.

8                    **2.      Priority Tax Claims**

9          Priority Tax Claims include certain unsecured income, employment and other taxes

10  described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each

11  Holder of such a § 507(a)(8) Priority Tax Claim receive the present value of such Claim in

12  regular installment payments in cash, over a period not exceeding five (5) years from the

13  Petition Date.  The following chart lists all of the Debtor's known § 507(a)(8) Priority Tax

14  Claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| Internal Revenue Service ("IRS") | $0 | To the extent that any amounts are determined to be owed to the IRS, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the Allowed amount of its Claim no more than five (5) years from the Petition Date.  The Claim shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the Allowed Priority Tax Claim.  The Debtor or the Reorganized Debtor shall have the right to pay the balance of the Allowed Priority Tax Claim in full at any time on or after the Effective Date without premium or penalty of any kind.  Payments will be made quarterly, due on the first day of the quarter, starting on the first date after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |
| California Franchise Tax Board ("CFTB") | $0 | To the extent that any amounts are determined to be owed to the CFTB, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the Allowed amount of its Claim no more than five (5) years from the Petition Date.  The Claim shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Description | Amount Owed | Treatment |
|---|---|---|
| | | 11 U.S.C. § 511 to provide "present value" of the Allowed Priority Tax Claim.  The Debtor or the Reorganized Debtor shall have the right to pay the balance of the Allowed Priority Tax Claim in full at any time on or after the Effective Date without premium or penalty of any kind.  Payments will be made quarterly, due on the first day of the quarter, starting on the first date after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |

## C.    Classified Claims

### 1.    Summary of Classes

| Summary of Classes | |
|---|---|
| Class # | Claimant(s) |
| 1 | Secured Claim of Suntrust Mortgage |
| 2 | Secured Claim of Citibank |
| 3 | Secured Claim of Michelle Easton |
| 4 | Secured Claim of Orange County Treasurer-Tax Collector |
| 5 | Secured Claim of Bayview Loan Servicing |
| 6 | Secured Claim of Bank of America |
| 7 | Secured Claim of Beitler |
| 8 | Secured Claim of Beitler |
| 9 | Secured Claim of Cannae |
| 10 | Secured Claim of American Honda Finance Corporation |
| 11 | Priority Claims |
| 12 | General Unsecured Claims |
| 13 | General Unsecured Claim of BMW Financial Services NA LLC Dept |

### 2.    Secured Claims

Secured Claims are Claims secured by liens on property of the Estate.  The following chart lists all Classes of Secured Claims and their treatment under the Plan:

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 1 | Suntrust Mortgage<br><br>• Collateral: The Sandpiper Property | N | N | Except to the extent that the Holder of the Allowed Class 1 Claim agrees to different treatment, the legal, equitable and contractual rights to which the Holder of the Allowed Class 1 Claim is entitled shall remain unaltered under the Plan. |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Priority of Security Interest: First<br><br>• Total Claim Amount: $88,506.12<br><br>• Collateral Value: approximately $635,000 | | | |
| 2 | Citibank<br><br>• Collateral: The Sandpiper Property<br><br>• Priority of Security Interest: Second<br><br>• Total Claim Amount: $211,457.95<br><br>• Collateral Value: approximately $635,000 | N | N | Except to the extent that the Holder of the Allowed Class 2 Claim agrees to different treatment, the legal, equitable and contractual rights to which the Holder of the Allowed Class 2 Claim is entitled shall remain unaltered under the Plan. |
| 3 | Michelle Easton<br><br>• Collateral: The Sandpiper Property, stock in VDG<br><br>• Priority of Security Interest: Third (as to the Sandpiper Property, only secured claim against stock)<br><br>• Total Claim Amount: $35,000<br><br>• Collateral Value: approximately $635,000 | N | Y | Except to the extent that the Holder of the Allowed Class 3 Claim agrees to different treatment, the Secured Claim of Michelle Easton shall be modified as follows:<br><br>Payments: The Allowed amount of Class 3 shall be due and payable four (4) years after the Effective Date. |
| 4 | Orange County Treasurer-Tax Collector ("OCTTC")<br><br>• Collateral: The Sandpiper Property | N | Y | The OCTTC will be paid in full the allowed amount of its Claim, including all applicable costs, fees, charges and interest pursuant to 11 U.S.C. § 506 and 511, on the Effective Date or as soon as reasonably practicable thereafter.  In the event that the Claim is not paid in full within sixty (60) days after the Effective Date, the Claim will be paid in |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Total Claim Amount: $5,765.99 <br><br> • Collateral Value: approximately $635,000 | | | monthly payments not to exceed five (5) years from the Petition Date, beginning the first full month that is sixty (60) days after the Effective Date.  The OCTTC shall retain its lien until the Claim is paid in full. |
| 5 | Bayview <br><br> • Collateral: The Los Angeles Condo <br><br> • Priority of Security Interest: First <br><br> • Total Claim Amount: $806,489.01 <br><br> • Collateral Value: approximately $800,000 | N | Y | The Los Angeles Condo will be abandoned/surrendered to Bayview in full satisfaction of its Allowed Secured Claim. |
| 6 | Bank of America <br><br> • Collateral: The Los Angeles Condo <br><br> • Priority of Security Interest: Second <br><br> • Total Claim Amount: $98,000 <br><br> • Collateral Value: approximately $800,000 | N | Y | Bank of America will not receive a Distribution under the Plan.  Instead, the secured creditor will retain its rights against the Los Angeles Condo, which the Debtor is not retaining. <br><br> In the event that the Debtor does retain the Los Angeles Condo, Bank of America shall be provided the same treatment as Class 12 of General Unsecured Claims, as the entirety of Bank of America's Claim would be unsecured based upon the amount of the Secured Claim of Bayview. |
| 7 | Beitler <br><br> • Collateral: The Debtor's distribution rights in Mission and Westcliff <br><br> • Total Claim Amount: approx. $788,798.91 | N | Y | The Class 7 Claim is the subject of the Beitler Preference Action.  If the Debtor is successful in avoiding the unperfected liens that are the basis for Class 7's security, Class 7 will be treated as a General Unsecured Claim and will receive the same treatment as Class 12. <br><br> To the extent that the Debtor is unsuccessful in avoiding the liens, and there is a Final Order entered allowing the Class 7 Claim, the Class 7 Claim shall be paid in full from the funds received by the Debtor from the dissolution of the Companies on the later of: (1) the Effective Date, or (2) thirty (30) days from the entry of a Final Order affirming the judgment, and prior to |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | | Secured Claims |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | | | | payment of any Allowed Administrative or Allowed General Unsecured Claim, but after the payment of Class 9, to the extent Class 9 results in an Allowed Secured Claim as the lien was obtained prior to the lien that is the basis for Class 7. |
| 8 | Beitler<br><br>• Collateral: The Debtor's distribution rights in Mission and Westcliff<br><br>• Total Claim Amount: approx. $2,589,725.46 | N | Y | The Class 8 Claim is the subject of the Beitler Preference Action. The Class 8 Claim is also on appeal and is, therefore, a Disputed Claim. If the Debtor is successful in avoiding the unperfected liens that are the basis for Class 8's security, and there is a Final Order entered allowing the Class 8 Claim, Class 8 will be treated as a General Unsecured Claim and will receive the same treatment as Class 12.<br><br>To the extent that the Debtor is unsuccessful in avoiding the liens, and there is a Final Order entered allowing the Class 8 Claim, the Class 8 Claim shall be paid in full from the funds received by the Debtor from the dissolution of the Companies on the later of: (1) the Effective Date, or (2) thirty (30) days from the entry of a Final Order affirming the judgment, and prior to payment of any Allowed Administrative or Allowed General Unsecured Claim, but after the payment of Class 9, to the extent Class 9 results in an Allowed Secured Claim as the lien was obtained prior to the lien that is the basis for Class 8. |
| 9 | Cannae<br><br>• Collateral: the Sandpiper Property, the Los Angeles Condo, the Debtor's distribution rights in Westcliff<br><br>• Total Claim Amount: $316,635.67 | N | Y | The Class 9 Claim is currently on appeal and is, therefore, a Disputed Claim. To the extent that a Final Order is entered allowing the Class 9 Claim, the Class 9 Claim shall be paid in full from the funds received by the Debtor from the dissolution of Westcliff on the later of: (1) the Effective Date, or (2) thirty (30) days from the entry of a Final Order affirming the judgment, and prior to payment of any Allowed Administrative or Allowed General Unsecured Claim.<br><br>Class 9 shall retain its rights against the Sandpiper Property and the Los Angeles Condo, unless there is a Final Order entered reversing the judgment that gave rise to the Class 9 Claim. |
| 10 | American Honda Finance Corporation<br><br>• Collateral: 2014 Honda Civic | N | N | The Debtor is a co-lessor on the lease of the 2014 Honda Civic along with Venture Group of Companies, Inc. Venture Group of Companies, Inc. is current on lease payments and at the conclusion of the lease, the vehicle is being purchased by a |

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Total Claim Amount: $12,549.31 | | | third party. Honda will not receive anything under the Plan on account of this Claim. |

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely File an objection to confirmation of the Plan, or the value stated by the Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the Court may schedule a separate hearing to determine value.

### 3.    Class of Priority Claims

Certain Priority Claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are required to be placed in Classes in a chapter 11 plan. The Bankruptcy Code requires that each Holder of a Priority Claim receive Cash on the Effective Date equal to the allowed amount of such Claim. However, a Class of unsecured Priority Claim Holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

The following chart lists all Classes containing the Debtor's Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) Priority Claims and their treatment under the Plan:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 11 | Priority Claims<br><br>Estimated total amount of claims: $0 | N | N | Each Allowed Priority Claim in Class 11 will be paid in full on the Effective Date. |

### 4.    Class of General Unsecured Claims

General Unsecured Claims are unsecured Claims not entitled to priority under Bankruptcy Code § 507(a). The following chart identifies the Plan's treatment of General Unsecured Claims:

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 12 | General Unsecured Claims<br><br>Estimated Claim Amount: $8,588,056 | N | Y | Each Allowed General Unsecured Claim in Class 12 will be paid on the later of (i) the Effective Date or (ii) upon entry of an order allowing the Claim, except to the extent that a Holder of such Claim agrees to other terms. |
| 13 | BMW Financial Services, NA LLC Dept ("BMW")<br><br>Claim Amount: $10,414.16 | N | N | BMW will not receive a Distribution under the Plan, but will retain all of its rights against the subject vehicle. The Debtor is a guarantor on a lease between BMW and Bral Realty Advisors, Inc. Bral Realty Advisors, Inc. will continue to make the required payments called for under the lease. |

### D.   Means of Effectuating the Plan

This section is intended to explain how the Debtor intends to effectuate the Plan, and how the Debtor intends to fund the obligations to Holders of Allowed Claims as provided in the Plan. This section provides information regarding the funding sources for Plan obligations and other material issues bearing upon performance of the Plan.

### 1.   Funding the Plan

The Distributions required to be made under the Plan will be funded by from a Distribution Fund consisting of monies derived from the following:

1.   First, the dissolution of the Companies. Funds will be generated either by the other members of the Companies purchasing the Debtor's membership interests or, through the sale of the real property assets held by each of the Companies;

2.   Second, the liquidation of the Debtor's other real and personal property, to the extent equity exists and the assets are not exempt; and

3.   Third, potential recoveries from malpractice claims the Debtor holds against state court counsel.

An action is currently pending for the dissolution of Westcliff. Through this action, the other members of Westcliff will be required to purchase the Debtor's membership interest, if they desire for the company to continue in existence, or the Westcliff Medical

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Building, the sole asset of Westcliff will be liquidated and the equity distributed to the

2  members, including the Debtor.  The Debtor believes that he will receive $1,693,527 from

3  the sale of the Westcliff Medical Building, after deducting for the capital gains that would

4  be incurred.

5       The Debtor will also commence an action to dissolve Mission as there is a

6  deadlock as to the Debtor's desire, as manager, to sell the Mission Medical Building and

7  the Land.  Through this action, the other members of Mission will be required to purchase

8  the Debtor's membership interest, if they desire the company to continue in existence, or

9  the Mission Medical Building and the Land will be liquidated and the equity distributed to

10 the members, including the Debtor.  The Debtor believes that he will receive $3,962,105

11 from the sale of the Mission Medical Building and the Land, after deducting for the capital

12 gains that would be incurred.

13      The Debtor also has interests in multiple other limited liability companies and

14 corporations, all of which hold real property.  The Debtor will either liquidate the assets

15 held by the entities or he will monetize his interests in the entities.  The Debtor expects

16 that he will receive approximately $311,701 from the liquidation of these assets for the

17 benefit of creditors, after deducting for the capital gains that would be incurred.  To the

18 extent that there is realizable equity in the Sandpiper Property, the Debtor will also

19 liquidate this asset.  Without taking into account the writ of attachment and abstract

20 against the Sandpiper Property, there is approximately $225,000 of equity in the

21 Sandpiper Property.[3]  Lastly, the Debtor has potential malpractice claims that may lead to

22 a recovery that will be utilized to pay creditors.

23

24

25

26

27

28

[3] This does not take into account the costs of sale or capital gains that would be incurred through a sale of the Sandpiper Property.

1

### 2.    Disbursing Agent

2        The Reorganized Debtor shall act as the disbursing agent for the purpose of

3  making all the distributions provided for under the Plan.  The disbursing agent shall serve

4  without bond, and will not receive compensation for distribution services.

5

### 3.    The Reorganized Debtor

6        As the Debtor is an individual, he will remain in charge of his financial affairs post-

7  confirmation as the Reorganized Debtor.

8

### 4.    Provisions Governing Distributions

9

#### a.    Dates of Distribution

10        Effective Date Payments shall be deemed timely made if made as soon as

11  practicable after the Effective Date, but, in any event, within fifteen (15) days of the

12  Effective Date.  Any Distribution required to be made when a Disputed Claim becomes an

13  Allowed Claim shall be deemed timely made if made as soon as practicable thereafter,

14  but, in any event, within fifteen (15) days thereafter.

15

#### b.    Manner of Distribution

16        At the option and in the sole discretion of the Reorganized Debtor, monetary

17  distributions made by made by (i) wire transfers from, or (ii) check drawn down on a

18  domestic bank approved by the OUST.

19

#### c.    Delivery of Distributions in General

20        Distributions to Holders of Allowed Claims shall be made by the Reorganized

21  Debtor (a) at the addresses set forth on the Proof of Claim filed by such Holders, (b) at the

22  addresses reflected in the Schedules if no Proof of Claim has been filed and the

23  Reorganized Debtor has not received a written notice of a change of address, or (c) in the

24  case of a Holder of a Claim that is governed by an agreement and is administered by an

25  agent or servicer, at the address (i) set forth on any Proof of Claim filed by the agent or

26  servicer, (ii) in the Schedules for the agent or servicer if no Proof of Claim has been filed,

27  or (iii) contained in the official records of such agent or servicer.  Holders of Claims may

28  change the address to which Distributions will be sent by filing a written change of

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  address with the Court and serving a copy of the change of address on the Reorganized

2  Debtor.

3        If a Distribution to any Holder of an Allowed Claim is returned to the Reorganized

4  Debtor as undeliverable or otherwise unclaimed ("Undeliverable Distribution"), the

5  Reorganized Debtor shall make no further Distributions to such Holder unless and until

6  the Reorganized Debtor is notified in writing of such Holder's then-current address, at

7  which time all Undeliverable Distributions shall be made to such Holder without interest.

8  All Undeliverable Distributions shall be returned to the Reorganized Debtor until such

9  Undeliverable Distributions are claimed.  The Reorganized Debtor shall, in the case of

10  Cash, hold Undeliverable Distributions in a segregated interest-bearing account for

11  Undeliverable Distributions until such Undeliverable Distributions become deliverable, is

12  claimed or is forfeited.  Nothing contained in the Plan shall require the Debtor, or anyone

13  else, to attempt to locate the intended recipient of an Undeliverable Distribution.

14        Any Holder of an Allowed Claim that does not present itself within six (6) months of

15  the Distribution Date upon which the Undeliverable Distribution was made shall be

16  deemed to have forfeited its right or Claim to or interest in the Undeliverable Distribution

17  and shall be forever barred and enjoined from asserting any Claim for the Undeliverable

18  Distribution against the Debtor and his Estate, the Reorganized Debtor, and their

19  respective agents, attorneys, representatives, employees or independent contractors,

20  and/or any of their property.  In such cases, the Undeliverable Distribution and accrued

21  interest thereon shall become property of the Reorganized Debtor free and clear of any

22  restrictions thereon and notwithstanding any federal or state escheat laws to the contrary

23  and shall be distributed in accordance with the terms of the Plan.

24                    d.    Rounding Payments

25        The Reorganized Debtor shall not be required to make Distributions or payments of

26  fractions of dollars.  Whenever any payment of a fraction of a dollar under this Plan would

27  otherwise be called for, the actual payment shall reflect a rounding of such fraction to the

28  nearest whole dollar (up or down), with half dollars being rounded down.

*(left margin, vertical text)* Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

e.    Interest on Claims

Unless otherwise specifically provided for in the Plan, post-petition interest shall not accrue or be paid on any Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

f.    Compliance with Tax Requirements

In connection with the Plan, and all Distributions under this Plan, the Reorganized Debtor shall, to the extent applicable, comply with all tax withholding, payment and reporting requirements imposed by federal, state, or local taxing authorities.  The Reorganized Debtor shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements.  All amounts properly withheld from Distributions to a Holder of a Claim as required by applicable law and paid over to the applicable taxing authority for the account of such Holder shall be treated as part of the Distributions to such Holder.  All persons Holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes.  If such information has not been received by the Reorganized Debtor, then the Reorganized Debtor may, at their option, withhold the amount required and distribute the balance to such Holder or decline to make the Distribution until the information is received.

Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements satisfactory to the Reorganized Debtor for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Debtor in connection with such Distribution.  Any property to be distributed pursuant to the Plan shall, pending

1 implementation of such arrangements, be treated as an Undeliverable Distribution

2 pursuant to Section II.D.4.c above.

3               g.     De Minimis Distributions

4       The Reorganized Debtor shall not have any obligations to make a Distribution on

5 account of an Allowed Claim if the amount to be distributed to the specific Holder of the

6 Allowed Claim on a Distribution Date is for an amount of $5.00 or less, and may, at the

7 Reorganized Debtor's option, either add the Distribution to the next Distribution if the

8 collective amount would be greater than $5.00 or treat the Distribution as an

9 Undeliverable Distribution.

10               h.     Setoffs

11       Except as otherwise stated in the Plan, the Debtor may, pursuant to 11 U.S.C. §

12 553 or applicable non-bankruptcy law, but shall not be required to, set off against any

13 Allowed Claim and the Distribution to be made pursuant to the Plan on account of such

14 Allowed Claim any account stated, Claim, right, or Cause of Action which the Debtor or

15 the Estate possesses against the Holder of such Allowed Claim; provided, however, that

16 neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a

17 waiver or release by the Debtor of any such account, Claim, right, and Cause of Action

18 that the Debtor or the Estate may possess against the Holder of such Allowed Claim.

19 Specifically, the Debtor will set off against any Allowed Claim held by Beitler contribution

20 claims that will arise in favor of the Debtor by the Debtor's payment of any Allowed Claim

21 based upon a guaranty for which both the Debtor and Beitler are liable.

22              i.     Limitation on Liability

23       The Debtor, and any of his respective agents or Professionals, shall not be liable

24 for (i) any acts or omissions, except for willful misconduct, in connection with

25 implementing the Distribution provision of the Plan and the making or withholding of

26 Distributions under the Plan, or (ii) any change in the value of Distributions made under

27 the Plan resulting from any delays in making such Distributions in accordance with the

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

CHAPTER 11 PLAN

1  terms of the Plan (including, but not limited to, any delays caused by the resolution of

2  Disputed Claims).

3  **E.      Other Provisions of the Plan**

4  **1.      Claim Objections and Disputed Claims**

5  THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY

6  CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED AS

7  UNKNOWN, DISPUTED, CONTINGENT OR UNLIQUIDATED WAS JUNE 16, 2017 (AS

8  TO CREDITORS OTHER THAN GOVERNMENTAL UNITS) AND IS AUGUST 23, 2017

9  (AS TO GOVERNMENTAL UNITS).

10  a.      Standing and Claim Objection Deadline

11  The deadline to file objections to Claims by the Debtor or any other party in interest

12  is October 13, 2017.  The Reorganized Debtor or any other party in interest may obtain an

13  extension of this date by filing a motion in the Court, based upon a showing of "cause."

14  b.      No Distribution Pending Allowance

15  Notwithstanding any other provision of the Plan, no payments or Distributions shall

16  be made with respect to all or any portion of a Disputed Claim unless and until all

17  objections to such Disputed Claim have been settled or withdrawn or have been

18  determined by Final Order, and the Disputed Claim, or some portion thereof, has become

19  an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim

20  is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to

21  a Distribution on account of that portion of the Disputed Claim which the Debtor does not

22  dispute at the time and in the manner that the Debtor makes Distributions to the Holders

23  of Allowed Claims pursuant to the provisions of the Plan.

24  A Disputed Claim is a Claim that has not been allowed or disallowed and to which

25  either: (i) a Proof of Claim has been Filed or deemed Filed and the Debtor or another

26  party in interest has Filed an objection; (ii) no Proof of Claim has been Filed and the Claim

27  was not scheduled or the Debtor has scheduled such claim as disputed, contingent,

28  unliquidated or unknown.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    The Debtor will have the power and authority to settle and compromise a Disputed

2  Claim with Court approval and compliance with Bankruptcy Rule 9019 unless the amount

3  allowed by the compromise does not exceed $5,000, in which case no Court approval is

4  necessary.

5                    c.    Reserves for Disputed Claims

6    In the event that Disputed Claims are pending at the time of a Distribution under

7  the Plan, the Debtor shall establish and maintain a reserve for such Disputed Claims.

8            **2.    Executory Contracts and Unexpired Leases**

9                    a.    Assumption and Assignment

10    Any executory contracts and/or unexpired leases to be assumed pursuant to the

11  provisions of sections 365 and 1123 of the Code shall be the subject of a motion filed by

12  the Debtor prior to the Effective Date of the Plan.  Any executory contracts and unexpired

13  leases assumed by the Debtor shall vest in the Reorganized Debtor as of the Effective

14  Date.  Out of an abundance of caution, the various limited liability company operating

15  agreements to which the Debtor is a party will be assumed to the extent that they are

16  executory contracts through the Confirmation Order.

17                    b.    Rejections

18    The Debtor is conclusively deemed to have rejected all executory contracts and

19  unexpired leases not previously assumed as of the Effective Date.  A Proof of Claim

20  arising from the rejection of an executory contract or unexpired lease under this section

21  must be filed no later than 30 days after entry of the Confirmation Order.  Claims arising

22  from the rejection of an executory contract or unexpired lease under this section are

23  General Unsecured Claims in Class 12, except to the extent this Court orders otherwise.

24  Any such damage Claims that are not timely Filed and served will be forever barred and

25  unenforceable against the Debtor, the Estate, the Reorganized Debtor, and their

26  respective property.  Persons holding these Claims who fail to timely file Claims will be

27  barred from receiving any Distributions under the Plan on account of their requested

28  damage Claims.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### 3. Changes in Rate Subject to Regulatory Commission Approval

The Debtor is an individual not subject to governmental regulatory commission approval of any rates.

### 4. Preservation of Causes of Action and Avoidance Actions

The Debtor reserves for the Estate and the Reorganized Debtor all rights to commence and pursue, as appropriate, any and all Causes of Action and Avoidance Actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding Filed in the Court, except for as otherwise provided in the Plan.  On the Effective Date, the Reorganized Debtor will be vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to Causes of Action and Avoidance Actions, although he will not be required to do so and the determination of whether to do so will be made solely by the Reorganized Debtor in his absolute discretion.

Unless a Cause of Action or Avoidance Action against any Person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior order of the Court, the Debtor expressly reserves any Causes of Action and Avoidance Action for later adjudication.  Therefore, no preclusion doctrine, including, without limitation, the doctrine of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Causes of Action or Avoidance Actions upon or after Confirmation or consummation of the Plan.  All Avoidance Actions and other Causes of Action are preserved under the Plan for the benefit of the Estate, except as otherwise provided for in the Plan.  Any recoveries from Avoidance Actions and/or other Causes of Action will be paid to the Reorganized Debtor.

ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLDS A CLAIM AGAINST THE ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER

2  INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE

3  RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH

4  MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

5      All professional fees incurred in pursuing the Avoidance Actions or other Causes of

6  Action shall be paid by the Reorganized Debtor without the necessity of a Court order.

7  However, the Bankruptcy Court will reserve exclusive jurisdiction to decide any and all

8  disputes regarding the payment of the fees and costs related to post-confirmation

9  professional fees, upon request of a party in interest and after notice and a hearing.

10          **5.    Retention of Jurisdiction**

11      The Court will retain exclusive jurisdiction during the Plan payout period to resolve

12  disputes and conflicts arising from the administration of the Plan, upon request of a party

13  in interest and after notice and a hearing, including, without limitation:

14      1.    The adjudication of the validity, scope, classification, allowance, and

15          disallowance of any Claim;

16      2.    The estimation of any Claim;

17      3.    The allowance or disallowance of Professional Fee Claims, compensation,

18          or other Administrative Claims;

19      4.    To hear and determine Claims concerning taxes pursuant to Bankruptcy

20          Code §§ 346, 505, 525, and 1146;

21      5.    To hear and determine any action or proceeding brought under Bankruptcy

22          Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

23      6.    To hear and determine all actions and proceedings which relate to pre-

24          confirmation matters;

25      7.    To hear and determine any issue relating to the assumption or rejection of

26          executory contracts and unexpired leases;

27      8.    To hear and determine any modification to the Plan in accordance with the

28          Bankruptcy Rules and the Bankruptcy Code;

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    9.    To enforce and interpret the terms of the Plan;

2    10.    To correct any defects, cure any omissions, or reconcile any inconsistency

3          in the Plan or the Confirmation Order as may be necessary to carry out the

4          purpose and intent of the Plan;

5    11.    The entry of any order, including injunctions, necessary to enforce title,

6          rights and powers of the Debtor or Reorganized Debtor, and to impose such

7          limitations, restrictions, terms and conditions on such title, rights and powers

8          as the Court may deem necessary including, without limitation, any right of

9          the Debtor or Reorganized Debtor to recover and liquidate assets;

10   12.    To determine the validity, extent and priority of all liens and security interests

11         against property of the Estate or the Reorganized Debtor;

12   13.    To hear and resolve any disputes regarding employment applications and

13         professional fees;

14   14.    To hear and determine such matters and make such orders as are

15         consistent with the Plan as may be necessary to carry out the provisions

16         thereof and to adjudicate any disputes arising under or relating to any order

17         entered by the Court in this Case;

18   15.    The entry of an order concluding and terminating this Case; and

19   16.    To resolve any disputes as to whether there has been a default under the

20         Plan.

21   **F.    Tax Consequences of the Plan**

22         CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX

23   LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS,

24   AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended

25   solely for the purpose of alerting readers about possible tax issues the Plan may present

26   to the Debtor and the Reorganized Debtor.  The Debtor and her professionals CANNOT

27   and DO NOT represent that the tax consequences contained below are the only tax

28   consequences of the Plan because the Tax Code embodies many complicated rules

1    which make it difficult to state completely and accurately all of the tax implications of any

2    action.

3        Due to the unsettled and complex nature of some of the tax issues, as well as the

4    possibility that developments subsequent to the date hereof could affect the tax

5    consequences of the Plan, the following discussion should not be regarded as definitive or

6    as covering all possible tax consequences.  Additionally, this summary does not discuss

7    all aspects of federal income taxation that may be relevant to a particular creditor in light

8    of its individual circumstances or to certain creditors subject to special treatment under the

9    federal income tax law (for example, life insurance companies, tax-exempt organizations,

10    foreign corporations and individuals who are not citizens or residents of the United

11    States).

12        As stated above, creditors concerned with how the Plan will affect their own tax

13    liability should consult with their own accountants, attorneys, and/or advisors.  The Debtor

14    is still in the process of determining the tax consequences of the Plan.  However, the

15    Debtor does not expect adverse consequences materially affecting the distributions to the

16    Holders of Allowed Claims under the Plan.

17        **G.    Exemption from Transfer Taxes**

18        Pursuant to Bankruptcy Code § 1146(a), any transfers from the Debtor to the

19    Reorganized Debtor or to any other Person pursuant to the Plan in the United States shall

20    not be subject to any stamp, real estate transfer, personal property, recording or other

21    similar tax, and the Confirmation Order shall direct the appropriate state or local

22    governmental official or agents to forgo the collection of any such tax or governmental

23    assessment and to accept for filing and recordation any of the foregoing instruments or

24    other documents without payment of any such tax or governmental assessment.

25    **III.    EFFECT OF CONFIRMATION**

26        **A.    Discharge**

27        The rights under the Plan and the treatment of Claims under the Plan will be in

28    exchange for, and in complete satisfaction, discharge, and release of, all Claims of any

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 nature whatsoever (including, without limitation, any interest accrued on Claims from and

2 after the Petition Date) against the Debtor, the Reorganized Debtor, or their property.

3 Except as otherwise provided in the Plan or the Confirmation Order, and to the extent

4 provided in further Court order pursuant to Bankruptcy Code § 1141(d)(5):

5    1.    To the fullest extent permitted by Bankruptcy Code § 1141, the Debtor, the

6          Debtor's Estate, the Reorganized Debtor, and their property will  be deemed

7          discharged and released from any and all Claims, including, without

8          limitation, all demands, liabilities, Claims, that arose before the Confirmation

9          Date or that are based upon or otherwise relate to acts, events, omissions,

10         transactions or other activities of any kind that occurred before the

11         Confirmation Date, and all debts of the kind specified in Bankruptcy Code

12         §§ 502(g), 502(h), or 502(l) regardless of whether: (1) a Proof of Claim

13         based on such a debt is Filed or deemed Filed; (2) a Claim based on such a

14         debt is allowable under Bankruptcy Code § 502; or (3) the Person Holding

15         the Claim based on such a debt has accepted the Plan;

16    2.    All Persons will be precluded from asserting against the Debtor, the Estate,

17         the Reorganized Debtor, or their property any other or further Claims based

18         on, arising from, or in connection with any act, event, omission, transaction,

19         or other activity of any kind that occurred before the Confirmation Date;

20    3.    Any debt of the Debtor, whether secured or unsecured, which was in default

21         as of or at any time prior to the Confirmation Date, will no longer be deemed

22         in default.  Moreover, to the extent that the Debtor complies with the terms

23         and conditions of the Plan, these obligations will be deemed in good

24         standing; and

25    4.    Subject to the limitations and conditions imposed under Bankruptcy Code

26         § 1125(e), Persons who - in good faith and in compliance with applicable

27         Bankruptcy Code provisions - solicit Plan acceptances or rejections will not

28         be liable on account of their solicitation for violation of any applicable law,

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1120739.1                              23                              CHAPTER 11 PLAN

1   rule, or regulation governing the solicitation of Plan acceptances or

2   rejections.

**B.** **Exculpation and Releases**

4   Effective upon the entry of the Confirmation Order, neither the Debtor, the

5   Reorganized Debtor, the Professionals, nor any of their respective members, officers,

6   directors, shareholders, employees, or agents, shall have or incur any liability to any

7   Persons, including any creditor of the Debtor for any act taken or omission made in

8   connection with or related to the negotiation, formulation, or preparation of the Plan and

9   the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of

10  the Plan, the consummation of the Plan, or the administration of the Plan, the Case, or the

11  property to be distributed under the Plan, to the fullest extent permitted by applicable

12  statutes and case law, except that the Reorganized Debtor will be liable for performance

13  and obligations assumed by him or imposed upon him under or by the Plan.

**C.** **Vesting of Property**

15  On the Effective Date, all property of the Estate will vest in the Reorganized Debtor

16  pursuant to § 1141(b), free and clear of all claims and interests except as provided in the

17  Plan.

**D.** **Plan Creates New Obligations**

19  Except as otherwise stated in the Plan, the payments promised in the Plan

20  constitute new contractual obligations that replace those obligations to creditors that

21  existed prior to the Effective Date.

**E.** **Creditor Action Restrained**

23  Creditors may not take any action to enforce either preconfirmation obligations or

24  obligations due under the Plan, so long as the Debtor is not in material default under the

25  Plan.  If the Debtor is in material default under the Plan, affected creditors may: (i) take

26  any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii)

27  move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### F.    Material Default Defined

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon the Debtor and the Debtor's attorney a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

### G.    Modification of the Plan

The Debtor may modify the Plan at any time before confirmation subject to Bankruptcy Code § 1127(a).  If the Plan is modified, however, the Court may require a new disclosure statement or re-voting on the Plan depending upon the nature of the modifications and their effect on parties in interest.  The Reorganized Debtor may also seek to modify the Plan at any time after confirmation subject to Bankruptcy Code § 1127(b), if: (a) the Plan has not been substantially consummated; and (b) the Court, after notice and a hearing, authorizes the proposed modification.

### H.    Post-Confirmation Status Report

Within 120 days of the entry of the Confirmation Order, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made towards consummation of the confirmed Plan.  The status report shall be served on the OUST and the parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities.

### I.    Quarterly Fees

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to confirmation shall be paid to the OUST on or before the Effective Date.  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the OUST by the Reorganized Debtor until a final decree, or the entry of an order dismissing the case or converting the case to chapter 7, at the rate in effect at the time such fees are due.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1      **J.**    **Post-Confirmation Conversion/Dismissal**

2      After the Plan is confirmed, the Court, upon a motion by a creditor or party in

3 interest and after notice and a hearing, may convert this Case to one under chapter 7 of

4 the Bankruptcy Code or dismiss this Case under Bankruptcy Code § 1112(b) upon a

5 showing of cause therefore, including, without limitation, if there is a material default by

6 the Reorganized Debtor with respect to the confirmed Plan.  If the Court orders the Case

7 converted to chapter 7 after the Plan is confirmed, then all property that had been property

8 of the Estate and that has not been distributed under the Plan will revest in the chapter 7

9 estate.  The automatic stay provisions of § 362(a) of the Bankruptcy Code will be

10 reimposed upon the revested property only to the extent that relief from stay was not

11 previously authorized by the Court during the Case.

12      The Confirmation Order may also be revoked under very limited circumstances.

13 Pursuant to § 1144 of the Bankruptcy Code, the Court may revoke the Confirmation Order

14 if it was procured by fraud and if a party in interest brings an adversary proceeding to

15 revoke the confirmation within 180 days after the entry of the Confirmation Order.

16      **K.**    **Final Decree**

17      Pursuant to Bankruptcy Rule 3022, a Final Decree may be not be entered until a

18 bankruptcy case is fully administered.  The Court may, however, allow a Final Decree to

19 be entered at an earlier date if requested, or for cause shown.

20 **IV.**    **GENERAL PROVISIONS**

21      **A.**    **Definitions and Rules of Construction**

22      The definition and rules of construction set forth in §§ 101 and 102 of the

23 Bankruptcy Code shall apply when terms defined and construed in the Bankruptcy Code

24 are used in the Plan.

25      **B.**    **Cramdown**

26      The Debtor reserves the right to seek confirmation of the Plan notwithstanding the

27 rejection of the Plan by one or more Classes of creditors, pursuant to § 1129(b).

28

**C.    Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**D.    Captions**

The headings contained in this Plan are for convenience or reference only and do not affect the meaning or interpretation of the Plan.

**E.    Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Bankruptcy Rules), the laws of the State of California govern the Plan and any agreement, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

Respectfully submitted,

Dated:  June 23, 2017                    LOBEL WEILAND GOLDEN FRIEDMAN LLP


By:    */s/ Beth E. Gaschen*
        WILLIAM N. LOBEL
        ALAN J. FRIEDMAN
        BETH E. GASCHEN
        Attorneys for Debtor
        and Debtor-in-Possession
        John Jean Bral

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1120739.1                            27                    CHAPTER 11 PLAN

1

## **TABLE OF DEFINITIONS**

2    **"Administrative Claim"** means a Claim against the Debtor for administrative costs

3    or expenses that are allowable under Bankruptcy Code § 503(b).

4    **"Administrative Tax Claim"** means an Administrative Claim or other Claim that is

5    not an Allowed Secured Claim that a government unit asserts against the Debtor for taxes

6    (or for related interest or penalties) for any tax period that, either in whole or in part, falls

7    within the period beginning on the Petition Date and ending on the Effective Date.

8    **"Allowed Claim"** means a Claim against the Debtor, other than an Administrative

9    Claim, to the extent that:

10    a.    Either: (i) a Proof of Claim was Filed by the Bar Date; or (ii) a Proof of Claim

11          is deemed timely Filed either under Bankruptcy Rule 3003(b)(1) or by a Final

12          order; and

13    b.    Either: (i) the Claim is not a Disputed Claim; (ii) the Claim is allowed by a

14          Final Order; or (iii) the Claim is allowed under the Plan.

15    **"Allowed [Class Designation and/or Secured, Priority, or General Unsecured]**

16    **Claim"** means an Allowed Claim in the specified Class and/or of the specified type.

17    **"Assets"** means all tangible and intangible assets and property of every kind and

18    nature of the Debtor and/or his Estate, and all proceeds thereof, existing as of the

19    Effective Date.

20    **"Avoidance Action"** means Causes of Action arising under 11 U.S.C. §§ 510,

21    541, 542, 544, 547, 548, 549, 550, 551, and/or 553, or under related state or federal

22    statutes and common law, including, without limitation, fraudulent transfer laws, whether

23    or not litigation is commenced to prosecute such Causes of Action.

24    **"Bankruptcy Code" or "Code"** means Title 11 of the United States Code, as

25    amended.

26    **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

27    **"Bar Date"** means the last date for filing Proofs of Claim in the Debtor's Case.  The

28    Bar Date was June 16, 2017.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    **"Bayview"** means The Bank of New York Mellon f/k/a The Bank of New York as

2    Trustee for the Certificate Holders of the CWMBS, Inc., CHL Mortgage Pass-Through

3    Trust 2007-HY6, Mortgage Pass-Through Certificates, Series 2007-HY6.

4    **"Beitler"** means Barry Beitler.

5    **"Beitler Preference Action"** means Adversary Proceeding No. 8:17-ap-01071-SC

6    commenced by the filing of the Preference Complaint.

7    **"BMW"** means BMW Financial Services, NA LLC Dept.

8    **"Business Day"** means any day, other than a Saturday, a Sunday or a "legal

9    holiday" as defined in Rule 9006(a) of the Bankruptcy Rules.

10   **"Cannae"** means Cannae Financial, LLC.

11   **"Case"** means the Debtor's case under chapter 11 of the Bankruptcy Code that is

12   pending before the United States Bankruptcy Court for the Central District of California,

13   Santa Ana Division, as Case No. 8:17-bk-10706-SC.

14   **"Cash"** means legal tender of the United States of America.

15   **"Cause of Action"** means, without limitation, any and all actions, causes of action,

16   controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined

17   in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to

18   judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed

19   or undisputed, secured or unsecured, assertable directly or derivatively, existing or

20   hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold

21   against any Person as of the Effective Date.

22   **"CFTB"** means California Franchise Tax Board.

23   **"Citibank"** means Citibank, N.A.

24   **"Claim"** means a claim, as the term "claim" is defined in Bankruptcy Code §

25   101(5), against the Debtor.

26   **"Class"** or **"Class of Claims"** means a group of Claims as classified in the Plan.

27   **"Companies"** refers to Mission and Westcliff, collectively.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1120739.1

CHAPTER 11 PLAN

1    **"Confirmation Date"** means the date on which the Court enters the Confirmation

2  Order on its docket.

3    **"Confirmation Hearing"** means the hearing held by the Court on the confirmation

4  of the Plan.

5    **"Confirmation Order"** means the Court order confirming the Plan under

6  Bankruptcy Code § 1129.

7    **"Court"** means the United States Bankruptcy Court for the Central District of

8  California, Santa Ana Division.

9    **"Debtor"** refers to John Jean Bral.

10    **"Default Judgment"** means the default judgment entered against the Debtor on

11  November 7, 2016 in Case No. BC532523.

12    **"Disclosure Statement"** means the Debtor's Disclosure Statement Describing

13  Chapter 11 Plan, including any modifications or amendments to the Disclosure Statement.

14    **"Disputed Claim"** means a Claim that has not been allowed or disallowed and to

15  which either: (i) a Proof of Claim has been Filed or deemed Filed and the Debtor or

16  another party in interest has Filed an objection; (ii) no Proof of Claim has been Filed and

17  the Claim was not scheduled or the Debtor has scheduled such claim as disputed,

18  contingent, unliquidated or unknown.

19    **"Distribution"** means any distribution pursuant to the Plan to the Holders of an

20  Allowed Claim.

21    **"Distribution Date"** means the date upon which the Distribution was made.

22    **"Distribution Fund"** means the monies derived from the following: (1) the

23  dissolution of the Companies, that will be generated either by the other members of the

24  Companies purchasing the Debtor's interests or through the sale of the real property

25  assets held by each of the Companies; (2) the liquidation of the Debtor's other real and

26  personal property, to the extent equity exists and the assets are not exempt; and (3)

27  potential recoveries from malpractice claims the Debtor holds against state court counsel.

28  The Distribution Fund will be used to fund Plan payments.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **"Effective Date"** means the later of: (1) 30 days after the conclusion of the

2  dissolution of the Companies and, to the extent necessary, the liquidation of any other real

3  or personal property of the Debtor, or (2) the first Business Day that is at least 15 days

4  after the entry of the Confirmation Order, provided there has been no order staying the

5  effectiveness of the Confirmation Order.

6  **"Effective Date Payments"** means Distributions or payments required by the Plan

7  to be made by the Debtor on the Effective Date.

8  **"Estate"** means the bankruptcy estate created in the Debtor's Case under

9  Bankruptcy Code § 541.

10  **"File," "Filed," or "Filing"** means duly and properly filed with the Court and

11  reflected on the Court's official docket.

12  **"Final Order"** means an order or judgment of the Court entered on the Court's

13  docket.

14      a.    That has not been reversed, rescinded, stayed, modified, or amended;

15      b.    That is in full force and effect; and

16      c.    With respect to which (i) the time for appeal or to seek review, remand,

17      rehearing, or a writ of certiorari has expired and as to which no timely Filed

18      appeal or petition for review, rehearing, remand, or writ of certiorari is

19      pending, or (ii) any such appeal or petition has been dismissed or resolved

20      by the highest court to which the order or judgment was appealed or from

21      which review, rehearing, remand, or a writ of certiorari was sought.

22  **"General Unsecured Claim"** means an unsecured Claim against the Debtor,

23  however arising, not entitled to priority under Section 507 of the Bankruptcy Code.

24  **"Holder"** means an entity holding a Claim.

25  **"IRS"** means the Internal Revenue Service.

26  **"Land"** refers to the excess land located next to the Mission Medical Building.

27  **"Los Angeles Condo"** refers to the real property located at 1271 Federal Avenue,

28  Unit 302, Los Angeles, California 90025.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1     **"LWGF"** means Lobel Weiland Golden Friedman LLP.

2     **"Mission"** means Mission Medical Investors, LLC.

3     **"Mission Medical Building"** refers to the medical office building consisting of a

4 29,744 square foot office building located at 27822 Forbes Road, Laguna Niguel,

5 California 92677.

6     **"Motion"** means a request asking a judge to issue a ruling or order on a legal

7 matter.

8     **"Non-Ordinary Course Administrative Claims"** means Administrative Claims

9 that are not Ordinary Course Administrative Claims, Administrative Tax Claims, or

10 Professional-Fee Claims, including Claims that may arise from agreements entered into

11 with the Estate after the Petition Date other than trade agreements.

12     **"OCTTC"** means the Orange County Treasurer-Tax Collector.

13     **"Ordinary Course Administrative Claims"** means Administrative Claims other

14 than Administrative Tax Claims, Professional-Fee Claims, and Non-Ordinary Course

15 Administrative Claims, based upon liabilities that the Debtor incurs in the ordinary course.

16     **"OUST"** means the Office of the United States Trustee, Santa Ana Division.

17     **"Person"** means any individual, corporation, general partnership, limited

18 partnership, limited liability company, association, joint-stock company, joint venture,

19 estate, trust, government, political subdivision, governmental unit (as defined in the

20 Bankruptcy Code), official committee appointed by the OUST, unofficial committee of

21 creditors, or entity.

22     **"Petition Date"** refers to the petition date of the Debtor, February 24, 2017.

23     **"Plan"** means the Chapter 11 Plan, including any modifications or amendments to

24 the Plan.

25     **"Preference Complaint"** means the complaint filed by the Debtor against Beitler

26 for (1) Avoidance of Preference Pursuant to 11 U.S.C. § 547; (2) Recovery of Avoided

27 Transfers Pursuant to 11 U.S.C. § 550; and (3) Disallowance of Claims Pursuant to 11

28 U.S.C. § 502.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   **"Priority Claim"** means an Allowed Claim entitled to priority against the Estate

2   under Bankruptcy Code §§ 507(a)(3)-(7).

3   **"Priority Tax Claim"** means an Allowed Claim entitled to priority against the

4   Estate under Bankruptcy Code § 507(a)(8).

5   **"Professionals"** collectively means the persons and entities employed by the

6   Debtor pursuant to order of the Court in accordance with Bankruptcy Code §§ 327 or

7   1103.

8   **"Professional-Fee Claim"** means:

9   a.    A Claim under Bankruptcy Code §§ 327, 328, 330, 331, 503, or 1103 for

10        compensation for professional services rendered or expenses incurred on

11        the Estate's behalf, or

12  b.    A Claim either under Bankruptcy Code § 503(b)(4) for compensation for

13        professional services rendered or under Bankruptcy Code § 503(b)(3)(D) for

14        expenses incurred in making a substantial contribution to the Estate.

15  **"Proof of Claim"** means a written statement filed in a Case by a creditor in which

16  the creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the

17  Bankruptcy Rules.

18  **"Reorganized Debtor"** means the Debtor post-confirmation.

19  **"Request for Payment"** means a request for the payment of an Ordinary Course

20  Administrative Claim or a Non-Ordinary Course Administrative Claim as described in

21  Section II.B.1 of the Plan.

22  **"Sandpiper Property"** refers to the real property located at 64 Sandpiper, Irvine,

23  California 92604, which is the Debtor's primary residence.

24  **"Schedules"** means the Schedules of Assets and Liabilities filed by the Debtor in

25  the Case, as required by § 521(1) of the Code, Bankruptcy Rules 1007(a)(3) and (b)(l),

26  and Official Bankruptcy Form No. 6, as the Schedules may be amended from time to time.

27  **"Secured Claim"** means a Claim that is secured by a valid and unavoidable lien

28  against property in which the Estate has an interest or that is subject to setoff under

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Bankruptcy Code § 553.  A Claim is a Secured Claim only to the extent of the value of the

2  Claim Holder's interest in that property or to the extent of the amount subject to setoff, as

3  applicable, as determined under Bankruptcy Code § 506(a).

4      **"Tax Code"** means the Internal Revenue Code.

5      **"Undeliverable Distribution"** means a Distribution to any Holder of an Allowed

6  Claim that is returned to the Debtor and/or Disbursing Agent as undeliverable or otherwise

7  unclaimed.

8      **"Westcliff"** means Westcliff Investors, LLC.

9      **"Westcliff Medical Building"** refers to the medical office building consisting of a

10  19,476 square foot building on a 1.65 acre site located at 1901 Westcliff Drive, Newport

11  Beach, California 92660 owed by Westcliff.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1120739.1

34

CHAPTER 11 PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 23, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) June 23, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 23, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/23/2017 | Lori Gauthier | /s/ Lori Gauthier |
|-----------|----------------|--------------------|
| *Date* | *Printed Name* | *Signature* |

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Thomas H Casey**   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**   afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Daniel K Fujimoto**   wdk@wolffirm.com
- **Beth Gaschen**   bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Mark D Hurwitz**   mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**   gek@lnbyb.com
- **Kathleen J McCarthy**   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**   Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Edward G Schloss**   egs2@ix.netcom.com
- **Valerie Smith**   claims@recoverycorp.com
- **Daniel B Spitzer**   dspitzer@spitzeresq.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**   ecfnotices@ascensioncapitalgroup.com

**SERVED VIA FIRST-CLASS MAIL**

John J. Bral
64 Sandpiper
Irvine, CA 92604

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 927601-4593

U.S. Securities & Exchange Commission
Attn: BK Counsel
444 South Flower St., Ste. 900
Los Angeles, CA 90071-9591

**REQUEST FOR NOTICE PARTIES**

| | | |
|---|---|---|
| BMW Financial Services NA<br>Ascension Capital Group<br>Acct: XXXXX4504<br>PO Box 165028<br>Irving, TX 75016 | CitiMortgage, Inc.<br>Attn: Authorized Agent<br>PO Box 6030<br>Sioux Falls, SD 57117-6030 | CitiMortgage, Inc. – c/o Tiffany &<br>Bosco, P.A.<br>1230 Columbia St., Suite 680<br>San Diego, CA 92101 |