1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Attorneys for Debtor and Debtor-in-Possession
   John Jean Bral

8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12  In re                                        Case No. 8:17-bk-10706-SC

13  JOHN JEAN BRAL,                              Chapter 11

14          Debtor.                              **DEBTOR'S OBJECTION TO PROOF OF
                                                 CLAIM FILED BY SAMINI SCHEINBERG,**
15                                               **PC [CLAIM NO. 22-1]; MEMORANDUM OF
                                                 POINTS AND AUTHORITIES; AND**
16                                               **DECLARATION OF JOHN JEAN BRAL IN
                                                 SUPPORT THEREOF**

17
                                                 **DATE:    November 16, 2017**
18                                               **TIME:    11:00 a.m.**
                                                 **Place:   Courtroom 5C**
19                                               **411 West Fourth Street**
                                                 **Santa Ana, California 92701**
20

21

22

23

24

25

26

27

28
   1135371.1                                                              OBJECTION

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000  Fax 714-966-1002*

1  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE, SAMINI SCHEINERG, PC, AND ALL OTHER INTERESTED PARTIES:**

3       **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 502, Federal Rule of

4  Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on November 16, 2017,

5  at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the

6  United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California

7  92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral,

8  the debtor and debtor-in-possession in the above-captioned chapter 11 case (the

9  "Debtor"), to Claim No. 22-1 filed by Samini Scheinberg, PC.

10      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

11  1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen

12  (14) days prior to the hearing on the Objection (as further set forth in the Notice served

13  concurrently herewith).

14      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

15  1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief

16  requested in the Objection without further notice or hearing.

17      **PLEASE TAKE FURTHER NOTICE** that the Objection is based on the Notice of

18  Hearing, the attached Memorandum of Points and Authorities, the Declaration of John

19  Jean Bral appended hereto, the files and records of this Court related to the Debtor's

20  case, and upon such other oral and documentary evidence as may be presented to the

21  Court at or before the time of the hearing on the Objection.

22      **WHEREFORE,** the Debtor requests that the Court enter an Order (i) disallowing in

23  its entirety Claim No. 22-1 filed by Samini Scheinberg, PC on the grounds that such claim

24  shows a record of indebtedness that is not consistent with the Debtor's books and

25  records, fails to attach supporting documentation to substantiate its claim, and was filed

26  ///

27  ///

28  ///

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | after the Bar Date; and (ii) for such other and further relief as may be just and proper

2 | under the circumstances of this case.

3 | Respectfully submitted,

4 | Dated:  October 13, 2017          LOBEL WEILAND GOLDEN FRIEDMAN LLP

5 |

6 | By: */s/ Beth E. Gaschen* _____
7 | WILLIAM N. LOBEL
 | ALAN J. FRIEDMAN
8 | BETH E. GASCHEN
 | Attorneys for Debtor
 | and Debtor-in-Possession
9 | John Jean Bral

10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# I.    **INTRODUCTION**

The Debtor hereby submits this objection (the "Objection") to Claim No. 22-1 filed by Samini Scheinberg, PC ("Samini"). On June 19, 2017, Samini filed a proof of claim ("Claim No. 22-1") in the amount of $467,991.02. A true and complete copy of Claim No. 22-1 is attached to this Objection and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1 and incorporated herein by this reference.

The Debtor believes Claim No. 22-1 should be disallowed in its entirety for several reasons. The Debtor scheduled Samini as a general unsecured claim in the amount of $50,000 and listed the debt as disputed. Claim No. 22-1 asserts an amount that is inconsistent with the Debtor's books and records as it is highly overstated. Claim No. 22-1 also fails to present evidence of the validity of the amount of the claim. Indeed, Claim No. 22-1 consists only of the proof of claim form; no documentary evidence is attached whatsoever. Even if some amount was owed to Samini, the Debtor believes that this amount would be entirely offset by the damages he would be entitled to recover based upon his malpractice claims against Samini. The Debtor has recently been authorized to employ special counsel to evaluate these claims and because that analysis is still ongoing cannot at this time state what the amount of those damages would be. At the very least, Claim No. 22-1 must be subordinated to all other general unsecured claims filed in the case as Claim No. 22-1 was filed after the Bar Date (defined hereafter).

Failure to disallow the Claim No. 22-1, or alternatively reclassify the same as an untimely filed general unsecured claim with distribution to be allowed only as provided in 11 U.S.C. § 726(a)(3), would result in Samini receiving an unwarranted recovery against the Debtor, to the detriment of other creditors. Accordingly, the Debtor requests entry of an order disallowing Claim No. 22-1 in its entirety, or reclassifying Claim No. 22-1 as an untimely filed general unsecured claim, with distribution to be allowed only as provided in 11 U.S.C. § 726(a)(3).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## II.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.    The Debtor and the Chapter 11 Filing

The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date").  The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this case.  No official committee of unsecured creditors has been appointed in this case.

### C.    The Bar Date

This Court set a deadline of June 16, 2017, as the bar date for filing claims (the "Claims Bar Date").  On April 21, 2017, the Debtor served all known creditors and parties-in-interest with notice of the Claims Bar Date (the "Bar Date Notice") [Docket No. 47].  *See* Exhibit "A."  Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions, holding a claim against the Debtor was required to file a proof of claim on or before the Claims Bar Date.

## III.    LEGAL ANALYSIS

### A.    Standard for Allowance of Claims

Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.  *See* 11 U.S.C. § 502(a).  Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part:

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

> A proof of claim executed and filed in accordance with these
> Rules shall constitute prima facie evidence of the validity of
> the amount of the claim.

Bankruptcy Code § 502(b)(1) provides that a claim will not be allowed to the extent that the claim is for "an unenforceable debt against a debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . . ."  The claimant must establish by a preponderance of the evidence that its claims should be allowed.  The burden of persuasion is on the claimant.  *See In re Gray*, 522 B.R. 619, 625 (Bankr. D. Idaho 2014) ("If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets."); *Spencer v. Pugh (In re Pugh),* 157 B.R. 898, 901 (9th Cir. BAP 1993); *In re Parrott Broadcasting Ltd. P'ship,* 492 B.R. 35, 38 (Bankr. D. Idaho 2013); *In re Blixeth,* 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in overcoming prima facie effect of procedurally proper proof of claim, burden shifts to claimant to prove validity of its claim, and claimant must satisfy that burden by preponderance of evidence).  *See also Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 244 (1939) (stating that the bankruptcy court has the power to shift the circumstances surrounding any claim to see that injustice or unfairness is not done in administering the bankruptcy estate).

## B.    Claim No. 22-1 Should be Disallowed

Pre-petition, Samini was employed as the Debtor's counsel in connection with multiple state court and subsequent appellate actions (the "State Court Matters").  According to the Debtor's schedules, Samini may have been owed approximately $50,000 as of the Petition Date, but the Debtor disputed Samini's right to be paid this amount.  Claim No. 22-1 was filed in the amount of $467,991.02 for these same legal services.  However, Claim No. 22-1 provides no support for the amount stated in the claim.  There are no documents attached to establish or provide evidence of the prima facie validity of the amount of the claim and it is directly contrary to the Debtor's own records.  The Debtor

1   is requesting that Claim No. 22-1 be disallowed in its entirety versus being reduced to the

2   amount set forth in the schedules because the Debtor believes that Samini committed

3   malpractice in its representation of the Debtor in the State Court Matters.  The Debtor has

4   recently been authorized to employ special counsel who is evaluating this potential claim.

5   As such, whether a malpractice action will be pursued and the amount of the damages

6   suffered by the Debtor is currently unknown, but the Debtor believes that if such a claim is

7   pursued the damages would far exceed the $50,000 the Debtor scheduled for Samini (or,

8   in fact, even the face amount of Claim No. 22-1).

9        **C.**   **The Claim is Untimely**

10        Section 502(b)(9) of the Bankruptcy Code states that claims that are not timely filed

11   should not be allowed unless certain exceptions enumerated in section 726(a)(1)-(3) of

12   the Bankruptcy Code or under the Bankruptcy Rules are applicable.  As noted in *Charter*

13   *Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla.

14   1991), "[b]ankruptcy courts are required to enforce the [claims] bar date strictly so that the

15   objective of finality in bankruptcy proceedings may be furthered."  *See also State of Cal.*

16   *Bd. of Equalization v. Ulrich (In re Solari)*, 63 B.R. 115 (9th Cir. BAP 1986)(affirming the

17   bankruptcy court's disallowance of a late-filed claim).

18        In a chapter 11 case, creditors are required to file proofs of claim by the deadline

19   fixed by the court.  Rule 3003(c)(2) provides that in a chapter 11 case:

20          Any creditor or equity security holder whose claim or interest is
       not scheduled or scheduled as disputed, contingent, or

21          unliquidated shall file a proof of claim or interest within the time
       prescribed by subdivision (c)(3) of this rule; *any creditor who*

22          *fails to do so shall not be treated as a creditor with respect to*
       *such claim for the purposes of voting and distribution*.

23

24   Thus, Rule 3003(c)(2) makes clear that the Debtor's creditors were required to file claims

25   by the deadline set by the Court.  Because Claim No. 22-1 was filed after the Bar Date

26   despite Samini being properly served with the Bar Date Notice, Claim No. 22-1 should be

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  subordinated to all timely filed claims with distribution to be allowed only as provided in 11

2  U.S.C. § 726(a)(3).[1]

3      **D.**    **Reservation of Rights**

4      This Objection is without prejudice to the right of the Debtor to object to the

5  surviving claim, if any, provided herein on any other ground whatsoever and the Debtor

6  expressly reserves all further substantive and/or procedural objections he may have with

7  respect thereto.

8

9  **IV.**    **CONCLUSION**

10     For the reasons set forth herein, Claim No. 22-1 filed by Samini should be

11 disallowed in its entirety in that (1) the claim shows a record of indebtedness that is not

12 consistent with the Debtor's books and records, (2) the claim fails to present evidence of

13 the validity of the amount of the claim; or, (3) in the alternative, Claim No. 22-1 should be

14 deemed an untimely filed general unsecured claim, with distribution to be allowed only as

15 provided in 11 U.S.C. § 726(a)(3) as such claim was filed after the Bar Date.

16                 Respectfully submitted,

17 Dated: October 13, 2017       LOBEL WEILAND GOLDEN FRIEDMAN LLP

18

19               By:  */s/ Beth E. Gaschen*

20                 WILLIAM N. LOBEL
                ALAN J. FRIEDMAN

21                 BETH E. GASCHEN
                Attorneys for Debtor and

22                 Debtor-in-Possession

23

24

25

26 _____

27   [1] Section 726(a)(3) provides that tardily filed claims are paid only after timely filed claims are paid in full.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned case. The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto. I make this declaration in support of the Objection to Proof of Claim Filed by Samini Scheinberg, PC [Claim No. 22-1] (the "Objection"). Any term not specifically defined herein shall have the meaning provided in the Objection.

2.      This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

3.      This Court set a deadline of June 16, 2017 as the bar date for filing claims (the "Claims Bar Date"). On April 21, 2017, my counsel served all known creditors and parties-in-interest with the Bar Date Notice [Docket No. 47]. Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions, holding a claim against me was required to file a proof of claim on or before the Claims Bar Date.

4.      A true and correct copy of the Bar Date Notice with proof of service is attached to this Objection as Exhibit "A."

5.      I have commenced reviewing and reconciling the proofs of claims filed against my estate. These efforts have resulted in the identification of the disputed claim filed by Samini, a true and complete copy of which is attached hereto, identified by the Court's docket number 22-1 pursuant to Local Bankruptcy Rules 3007-1, and incorporated herein by this reference.

6.      Pre-petition, I employed Samini as my counsel in connection with multiple state court and subsequent appellate actions (the "State Court Matters"). According to my

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  schedules, Samini may have been owed approximately $50,000 as of the Petition Date,

2  but I disputed Samini's right to be paid this amount.  Claim No. 22-1 was filed in the

3  amount of $467,991.02 for these same legal services.  However, Claim No. 22-1 provides

4  no support for the amount stated in the claim.  There are no documents attached to

5  establish or provide evidence of the prima facie validity of the amount of the claim and it is

6  directly contrary to my records.

7       7.    I believe that Claim No. 22-1 should be disallowed in its entirety versus

8  being reduced to the amount set forth in the schedules because I believe that Samini

9  committed malpractice in representing me in the State Court Matters.  I have recently

10  been authorized to employ special counsel who is evaluating this potential claim.  As

11  such, whether a malpractice action will be pursued and the amount of the damages

12  suffered by me is currently unknown, but I believe that if such a claim is pursued the

13  damages would far exceed the $50,000 I scheduled for Samini, and would in fact, exceed

14  the face amount of Claim No. 22-1.

15       8.    Moreover, this Court set a deadline of June 16, 2017, as the bar date for

16  filing claims (the "Claims Bar Date").  Claim No. 22-1 was filed after the Claims Bar Date

17  despite Samini being properly served with the Bar Date Notice and Claim No. 21-1 should

18  therefore, if not disallowed in its entirety, be subordinated to all timely filed claims with

19  distribution to be allowed only as provided in 11 U.S.C. § 726(a)(3).[2]

20  ///

21  ///

22

23

24

25

26

27     [2] Section 726(a)(3) provides that tardily filed claims are paid only after timely filed claims are paid in full.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

9.    I believe that granting the relief requested in the Objection is in the best interests of my estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October 2017, at Irvine, California.

John Jean Bral

# [POC NO. 22-1]

.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor 1        John Bral

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number    8:17-bk-10706-SC

---

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Samini Scheinberg, PC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Samini Scheinberg, PC
Name

840 Newport Center Drive, Suite 700
Number        Street

Newport Beach        CA        92660
City        State        ZIP Code

Contact phone  (949) 724-0900

Contact email  bsamini@saminilaw.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
         MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____467,991.02___. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Legal services

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:  _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                  $_____

Amount of the claim that is secured:        $_____

Amount of the claim that is unsecured:     $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:    Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
|---|---|
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date   <u>06/16/2017</u>
                    MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Bobby Samini | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President | | |
| Company | Samini Scheinberg, PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 840 Newport Center Drive, Suite 700 | | |
| | Number    Street | | |
| | Newport Beach | CA | 92660 |
| | City | State | ZIP Code |
| Contact phone | (949) 724-0900 | Email | bsamini@saminilaw.com |

---

Official Form 410                     Proof of Claim                     page 3

# EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LOBEL WEILAND GOLDEN FRIEDMAN LLP<br>William N. Lobel, State Bar No. 93202<br>wlobel@lwgfllp.com<br>Alan J. Friedman, State Bar No. 132580<br>afriedman@lwgfllp.com<br>Beth E. Gaschen, State Bar No. 245894<br>bgaschen@lwgfllp.com<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Telephone 714-966-1000/Facsimile 714-966-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor, John Jean Bral | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JOHN JEAN BRAL, | CASE NO.: 8:17-bk-10706-SC<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]** |
| | ☒ No hearing: LBR 9013-1(q)<br>☐ Hearing information<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| Debtor(s). | |

1. <u>Bar Date</u>. The court has set a deadline of *(date)* June 16_____, 20 17 (Bar Date), for creditors in the above-referenced case to file proofs of claim against the Debtor's estate. ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM MUST BE FILED WITH THE COURT CLERK AT:

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. <u>Form</u>. You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's web site at http://www.cacb.uscourts.gov, or visit the Intake area at any division of the Court.
   Proof of Claim Form (Official Form 410) is also attached for your convenience.

3. <u>Exceptions to the Bar Date</u>. Exceptions to the Bar Date include, but are not limited to, the following:

   (a) <u>Executory contracts/unexpired leases</u>. For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease. *See* 11 U.S.C. §§ 365(d)(4) and 502(g).

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(b) <u>Governmental units</u>. For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in this case (the person signing this form has determined that the Order for Relief was entered on (*date*) _02/24/2017_____, and therefore calculates that this deadline is (*date*) _08/23/2017____). *See* 11 U.S.C. §§ 101(27) and 502(b)(9).

(c) <u>Avoidance</u>. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

(d) <u>Agreed claims</u>. If your claim is listed on the Debtor's official bankruptcy schedules of assets and liabilities (Schedules) <u>and</u> it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules. 11 U.S.C. § 1111(a). But, if your claim is not listed on the Schedules, <u>or</u> is listed as disputed, contingent, unliquidated or unknown, <u>or</u> if you disagree with the amount or description of your claim (*e.g.*, its description as unsecured or non-priority), then you <u>must</u> timely filed a Proof of Claim as set forth in this Notice.

4. <u>11 U.S.C. § 503(b)(9) Claims</u>. Claims arising from unpaid goods received by the Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9). Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows: (a) *Section 2 of Proof of Claim*. **Identify:** (i) the goods for which the Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); and (iv) the place of delivery -- *e.g.*, "computers shipped via U.S. mail, received by the Debtor at the Debtor's warehouse on [insert estimated date]" (use a continuation sheet if necessary); (b) *Section 5 of Proof of Claim*. Check the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2) <u>and</u> 503(b)(9)**.

5. <u>Interest Holders</u>. If the Debtor or the chapter 11 trustee believes it necessary to set a bar date for interest holders (*e.g.*, holders of common or preferred stock), then, before this Notice is served, the chambers of the presiding judge in this case must be contacted for further instructions.

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWANCE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF REORGANIZATION WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502(b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date: _4|18|17_

By: _Beth Gaschen_
Signature of Debtor, chapter 11 trustee, or their attorney

Name: _Beth E. Gaschen for Lobel Weiland Golden Friedman LLP_
Printed name of Debtor, chapter 11 trustee, or their attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    F 3003-1.NOTICE.BARDATE
EXHIBIT "A"
Page 18

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JOHN JEAN BRAL |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:17-bk-10706-SC |

## Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$_____. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

Official Form 410           Proof of Claim           page 2

EXHIBIT "A"
Page 20

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | | Amount entitled to priority |
|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check all that apply:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name          Middle name          Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number      Street
         _____
         City                        State      ZIP Code

Contact phone  _____    Email  _____

---

EXHIBIT "A"
Page 21

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/21/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 04/21/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Suite 5130/Courtesy Bin, Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/21/2017 | Lori Gauthier | /s/ Lori Gauthier |
|------------|---------------|-------------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 3                    F 3003-1.NOTICE.BARDATE
                                                                    EXHIBIT "A"
                                                                    Page 22

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Alan J Friedman**   afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Beth Gaschen**   bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com;tziemann@wgllp.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Mark D Hurwitz**   mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**   gek@lnbyb.com
- **William F McDonald**   Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Edward G Schloss**   egs2@ix.netcom.com
- **Valerie Smith**   claims@recoverycorp.com
- **Daniel B Spitzer**   dspitzer@spitzeresq.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**   ecfnotices@ascensioncapitalgroup.com

**SERVED VIA U.S. MAIL:**

REFER TO ATTACHED LIST

John J. Bral
64 Sandpiper
Irvine, CA 92604

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 927601-4593

Suntrust Mortgage
Attn Authorized Agent
PO Box 79041
Baltimore, MD 21279-0041

Citibank
Attn Authorized Agent
PO Box 78005
Phoenix, AZ 85062-8005

Bank of America/Bayview
Attn Authorized Agent
PO Box 650225
Dallas, TX 75265-0225

Cannae Financial LLC
Attn Authorized Agent
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403

Cannae Financial LLC
Attn Authorized Agent
825 Barrington Avenue
Los Angeles, CA 90049

Barry Beitler
825 S Barrington Avenue
Los Angeles, CA 90049

County of Orange
Treasurer - Tax Collector
PO Box 1438
Santa Ana, CA 92702-1438

Jonathan Ahdoot
4 Blanchard
Irvine, CA 92603

Citi Bank
Attn Authorized Agent
PO Box 78045
Phoenix, AZ 85062-8045

Bank of America
Attn Authorized Agent
PO Box 15019
Wilmington, DE 19886-5019

Bank of America
Attn Authorized Agent
PO Box 15291
Wilmington, DE 19850

Les Jakosky
c/o Daniel Germain
16311 Ventura Blvd Suite 1200
Encino, CA 91436-2152

Barry Beitler c/o Tom Lallas Esq
Levy Small & Lallas
815 Moraga Drive
Los Angeles, CA 90049-1633

Michelle Easton
1900 E Warner Ave Ste M
Santa Ana, CA 92705

Avalon Associates Ltd
Attn Authorized Agent
PO Box 207
Bonsall, CA 92003

Gary Salomons Esq
Gary Salomons LLP
16311 Ventura Blvd Ste 970
Encino, CA 91436

AFG Investment Fund 7 LLC
Attn: Authorized Agent Barry Bietler
825 S. Barrington Avenue
Los Angeles, CA  90049

BAB 8 LLC
Attn Authorized Agent
825 S Barrington Ave
Los Angeles, CA 90049

Bayview Loan Servicing LLC
Attn Authorized Agent
PO Box 650225
Dallas, TX 75265-0225

Beitler & Associates
Attn Authorized Agent
825 S Barrington Ave
Los Angeles, CA 90049

Beitler Commercial Realty Services
Attn: Barry Beitler
825 S Barrington Ave
Los Angeles, CA 90049

Betsy Boyd
2 Park Plaza Suite 100
Irvine, CA 92614

BMW Financial Services NA
LLC Dept-Ascension Capital Group
PO Box 165028
Irving, TX 75016

CitiMortgage c/o Tiffany & Bosco
Attn William McDonald Esq
1230 Columbia Street Suite 680
San Diego, CA 92101

CitiMortgage Inc/Citibank,N.A.
Attn Authorized Agent
PO Box 6030
Sioux Falls, SD 57117-6030

Cornerstone Law Corporation
Attn Authorized Agent
300 Bristol Street N Suite 100
Newport Beach, CA 92660

First Citizens Bank & Trust Company
c/o CT Corporation System
818 W 7th Street Suite 930
Los Angeles, CA 90017

Honda Financial Services
Attn Authorized Agent or Tellisa
Norment, Bankr. Collector
PO Box 168088
Irving, TX 75016

Jeffrey L Hayden
9625 Oak Pass Road
Beverly Hills, CA 90210

Michael S Kogan
Kogan Law Firm APC
1849 Sawtelle Blvd Suite 700
Los Angeles, CA 90025

Samini Scheinberg PC
840 Newport Center Drive
Suite 700
Newport Beach, CA 92660

David Seror
Brutzkus Gubner Rozansky et al
21650 Oxnard Street Suite 500
Woodland Hills, CA 91367

Steward Financial LLC
Attn Barry Beitler
825 S Barrington Ave
Los Angeles, CA 90049

~~James D Hornbuckle~~
~~Cornerstone Law Corporation~~
~~2102 Business Center Drive~~
~~Irvine, CA 92612~~
[RET. MAIL-UNABLE TO FWD]

Levinson Arshonsky & Kurtz LLP
Attn Authorized Agent
15303 Ventura Blvd Suite 1650
Sherman Oaks, CA 91403

MTC Financial Inc dba Trustee Corps
Attn Authorized Agent/Marisol Nagata
17100 Gillette Ave
Irvine, CA 92614

First Citizens Bank & Trust Company
Attn; Authorized Agent
4300 Soix Forks Road
Raleigh, NC 27609

Frandzel Robins Bloom & Castro LC
Attn Authorized Agent
1000 Wilshire Blvd 19th Floor
Los Angeles, CA 90017

James D Hornbuckle
Cornerstone Law Corporation
34145 Pacific Coast Hwy Suite 221
Dana Point, CA 92629

Lloyd K Chapman
Law Offices of Lloyd K Chapman
4558 Sherman Oaks Ave
Sherman Oaks, CA 91403

OC Treasurer/Tax Collector
PO Box 4515
Santa Ana, CA 92702-4515

## REQUEST FOR NOTICE PARTIES:

CitiMortgage, Inc.
Attn: Authorized Agent
PO Box 6030
Sioux Falls, SD 57117-6030

CitiMortgage – c/o Tiffany & Bosco P.A.
Attn: William F. McDonald, Esq.
1230 Columbia Street, Suite 680
San Diego, CA 92101

BMW Financial Services NA, LLC Dept.
Ascension Capital Group/Acct.#4504
PO Box 165028
Irving, TX 75016

Tom Lallas, Esq/Mark D. Hurwitz, Esq.
Levy, Small & Lallas
815 Moraga Drive
Los Angeles, CA 90049

Synchrony Bank
c/o PRA Receivables Management LLC
PO Box 41021
Norfolk, VA 23541

Les Jakofsky
c/o Daniel B. Spitzer, Esq.
Law Offices of Daniel B. Spitzer
16311 Ventura Blvd., Suite 1200
Encino, CA 91436-2152

Edward G. Schloss
3637 Motor Avenue Suite 220
Los Angeles, CA 90034

County of Orange
Attn: Ratna D. Butani, Bankr. Collection
Officer
PO Box 4515
Santa Ana, CA 92702

Counsel for Beitler, et al
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER
10250 Constellation Boulevard,
Suite 1700
Los Angeles, California 90067

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (specify): **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY SAMINI SCHEINBERG, PC [CLAIM NO. 22-1]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) October 13, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) October 13, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
<u>SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE</u>
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Thomas H Casey**   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**   afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Daniel K Fujimoto**   wdk@wolffirm.com
- **Beth Gaschen**   bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Mark D Hurwitz**   mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**   gek@lnbyb.com
- **William N Lobel**   wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**   Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Edward G Schloss**   egs2@ix.netcom.com
- **Valerie Smith**   claims@recoverycorp.com
- **Daniel B Spitzer**   dspitzer@spitzeresq.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**   ecfnotices@ascensioncapitalgroup.com

## SERVED VIA FIRST-CLASS MAIL:

Samini Scheinberg, PC
Attn: Bobby Samini, President
840 Newport Center Drive, Suite 700
Newport Beach, CA 92660


Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE