1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Attorneys for Debtor and Debtor-in-Possession
   John Jean Bral
8

9          **UNITED STATES BANKRUPTCY COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11             **SANTA ANA DIVISION**

12  In re                          Case No. 8:17-bk-10706-SC

13  JOHN JEAN BRAL,                 Chapter 11

14         Debtor.                  **DEBTOR'S OBJECTION TO PROOF OF
                                    CLAIM FILED BY BARRY BEITLER
15                                  [CLAIM NO. 13-1]; MEMORANDUM OF
                                    POINTS AND AUTHORITIES; AND
16                                  DECLARATION OF JOHN JEAN BRAL IN
                                    SUPPORT THEREOF
17
                                    **DATE:    December 14, 2017
18                                  TIME:    11:00 a.m.
                                    Place:   Courtroom 5C
19                                           411 West Fourth Street
                                             Santa Ana, California 92701**
20

21

22

23

24

25

26

27

28

1133997.1                                                    OBJECTION

1  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE, BARRY BEITLER, AND ALL OTHER INTERESTED PARTIES:**

3      **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 502, Federal Rule of

4  Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on December 14, 2017,

5  at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the

6  United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California

7  92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral,

8  the debtor and debtor-in-possession in the above-captioned chapter 11 case (the

9  "Debtor"), to Claim No. 13-1 filed by Barry Beitler ("Beitler").

10     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

11  1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen

12  (14) days prior to the hearing on the Objection (as further set forth in the Notice served

13  concurrently herewith).

14     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

15  1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief

16  requested in the Objection without further notice or hearing.

17     **PLEASE TAKE FURTHER NOTICE** that the Objection is based on the Notice of

18  Hearing, the attached Memorandum of Points and Authorities, the Declaration of John

19  Jean Bral appended hereto, the files and records of this Court related to the Debtor's

20  case, and upon such other oral and documentary evidence as may be presented to the

21  Court at or before the time of the hearing on the Objection.

22  ///

23  ///

24  ///

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1133997.1

OBJECTION

1    **WHEREFORE**, the Debtor requests that the Court enter an order pursuant to

2    section 502(b) and (d) of the Bankruptcy Code and Rule 3007 of the Federal Rules of

3    Bankruptcy Procedure (i) disallowing Claim No. 13-1 until such time as Beitler releases

4    the Liens that account for the avoidable transfers (as described hereafter); (ii)

5    reclassifying Claim No. 13-1 as a general unsecured claim; and (iii) for such other and

6    further relief as may be just and proper under the circumstances of this case.

7                                                    Respectfully submitted,

8    Dated:  October 13, 2017                        LOBEL WEILAND GOLDEN FRIEDMAN LLP

9

10                                          By:   */s/ Beth E. Gaschen*
                                                  WILLIAM N. LOBEL
11                                                ALAN J. FRIEDMAN
                                                  BETH E. GASCHEN
12                                                Attorneys for Debtor
                                                  and Debtor-in-Possession
13                                                John Jean Bral

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1133997.1                         2                            OBJECTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## I.    **INTRODUCTION**

By this Objection, the Debtor seeks to disallow Claim No. 13-1 filed by Barry Beitler ("Beitler"). Claim No. 13-1 is alleged to be secured by Liens (defined below) on the Debtor's membership interests in Westcliff Investors, LLC ("Westcliff") and Mission Medical Investors, LLC ("Mission," and together with Westcliff, the "Companies") perfected pursuant to California Code of Civil Procedure ("CCP") § 708.320(a).  The Liens arose from Beitler's pre-petition filing and service of two notice of motion and motions for charging orders.  As asserted in the currently pending adversary between the Debtor and Beitler, these Liens are avoidable transfers.  As Beitler is an entity from which property is recoverable under 550 and is a transferee of a transfer avoidable under 547, Claim No. 13-1 must be disallowed in its entirety pursuant to 11 U.S.C. § 502(d) until such time as Beitler releases the Liens.

Claim No. 13-1 should be reclassified from a secured claim to a general unsecured claim.  The creation of the Liens by the service of the notices of motion and motions for charging orders constitute preferential transfers under section 547 of the Bankruptcy Code that are recoverable for the benefit of the estate under section 550 of the Bankruptcy Code.  The Liens were also unperfected as of the petition date as no actual order granting the motions for charging orders and continuing the Liens was entered by that date.  The Liens are, therefore, avoidable pursuant to section 544(a) of the Bankruptcy Code and recoverable for the benefit of the estate under section 550 of the Bankruptcy Code.  The avoidance of the Liens as preferential transfers and/or the avoidance of the Liens based upon their unperfected status as of the Petition Date mandates the reclassification of Claim No. 13-1 to a general unsecured claim as there is no other basis for the secured status of the claim under section 506 of the Bankruptcy Code.  Failure to reclassify Claim No. 13-1 would result in Beitler receiving an undue or improper secured status to the detriment of other creditors in this case.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## II.   STATEMENT OF FACTS

### A.   Jurisdiction and Venue

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.   The Debtor and the Chapter 11 Filing

The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date").  The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this case.  No official committee of unsecured creditors has been appointed in this case.

### C.   The Claim

On June 16, 2017, Beitler filed Claim No. 13-1 as a secured claim in the amount of $788,798.91 as of the petition date, not including post-judgment fees, costs, and post-petition interest.  A true and complete copy of Claim No. 13-1 is attached to this Objection and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1 and incorporated herein by this reference.

### D.   The State Court Action (Beitler v. Bral – Case No. BS146302)

On or about December 5, 2013, Beitler commenced an action against the Debtor in the Superior Court of California, County of Los Angeles (the "Superior Court"), for breach of contract, which was assigned Case No. BS146302 (the "State Court Action").  The State Court Action was tried before Private Judge: Hon. Carl J. West (ret.) ("Judge West") on or about June 16, 2016, and subsequently taken under submission.  On or about

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  October 11, 2016, Judge West issued a Statement of Decision finding in favor of Beitler in

2  all material respects.  (*See* Exhibit "A" to Claim No. 13-1 at pages 9-27 of 45).

3       On or about November 17, 2016, the Superior Court entered a Judgment on

4  Statement of Decision (the "Judgment"), which provides that Beitler shall have and

5  recover against the Debtor: (1) damages in the sum of $591,826.61, plus accruing interest

6  at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of the

7  Judgment; (2) Attorneys' fees in the sum of $118,083.50; (3) Costs in the sum of

8  $2,387.37; (4) Fees paid to JAMS in the sum of $39,640.02; and (5) Transcript fees in the

9  sum of $1,672.61.  (*See* Exhibit "A" to Claim No. 13-1 at pages 7-8 of 45).  In addition, the

10  Judgment would accrue post-judgment interest at the statutory rate.

11       On or about January 18, 2017, Beitler filed his Notice of Motion and Motion for

12  Order Charging John Bral's Interest in Mission Medical Investors, LLC and Notice of

13  Motion and Motion for Order Charging John Bral's Interest in Westcliff Investors, LLC (the

14  "Charging Order Motions") based on the Judgment.  (*See* Exhibit "B" to Claim No. 13-1).

15  According to the Charging Order Motions, the outstanding amount of the Judgment as of

16  January 17, 2017, was $780,083.71.

17       The Charging Order Motions seek the issuance of an order charging the

18  membership interests of the Debtor in the Companies with the payment of the unpaid

19  balance of the Judgment and directing to Beitler any money or property due to the Debtor

20  until the Judgments plus all accrued interest and post-judgment costs are paid in full.  The

21  Charging Order Motions were served by Beitler on January 18, 2017.  The proofs of

22  service attached to the Charging Order Motions show service by messenger on the

23  Debtor, Mission, and Westcliff and service by U.S. mail to the other members of the

24  Companies.

25       Pursuant to CCP § 708.320(a), a charging order lien is created at the time of

26  service of the notice of the motion for the charging order.  Thus, as of January 18, 2017,

27  the date of service of the Charging Order Motions, liens (the "Liens") were created on the

28  Debtor's membership interests in the Companies.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   The hearings on the Charging Order Motions were set for February 27, 2017, but
2   stayed by the filing of this bankruptcy case.

3   Demand was made on Beitler to take all steps necessary to remove and/or
4   withdraw the Liens, but Beitler has not agreed to voluntarily take said action.

5   **E.   The Adversary Action**

6   On May 9, 2017, the Debtor filed a complaint for: (1) avoidance of preference
7   pursuant to 11 U.S.C. § 547; (2) recovery of avoided transfers pursuant to 11 U.S.C.
8   § 550; and (3) disallowance of claims pursuant to 11 U.S.C. § 502 (the "Complaint")
9   against Beitler thereby commencing Adversary Proceeding No. 8:17-ap-01071-SC (the
10  "Adversary Proceeding").  Beitler's answer was filed on June 7, 2017.  On October 6,
11  2017, the Debtor amended the Complaint to add a cause of action to avoid the
12  unperfected Liens pursuant to 11 U.S.C. § 544(a) (the "First Amended Complaint").  The
13  answer to the First Amended Complaint is due October 20, 2017.

14

15  **III.   THE OBJECTION**

16  **A.   Standard for Allowance of a Claim**

17  Pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and section 502(a) of
18  the Bankruptcy Code, a timely filed and properly documented proof of claim is deemed
19  prima facie valid.  Section 502(b)(1) of the Bankruptcy Code provides that a claim will not
20  be allowed to the extent that the claim is for "an unenforceable debt against a debtor and
21  property of the debtor, under any agreement or applicable law for a reason other than
22  because such claim is contingent or unmatured. . . ."

23  "[T]he burden of initially going forward with the evidence as to the validity and the
24  amount of the claim is that of the objector to that claim.  3 L. King, COLLIER ON
25  BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991).  Once "the objector produces sufficient
26  evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts
27  to the claimant to prove the validity of the claim by a preponderance of the evidence."  In
28  re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  74 (3d Cir. 1992)).  The ultimate burden of persuasion remains at all times upon the

2  claimant.  Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000);

3  In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Gray, 522 B.R. 619, 625 (Bankr. D.

4  Idaho 2014) ("If the objector produces evidence sufficient to negate the validity of the

5  claim, the ultimate burden of persuasion remains on the claimant to demonstrate by

6  preponderance of the evidence that the claim deserves to share in the distribution of the

7  debtor's assets."); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (9th Cir. BAP 1993);

8  In re Parrott Broadcasting Ltd. P'ship, 492 B.R. 35, 38 (Bankr. D. Idaho 2013); In re

9  Blixeth, 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in overcoming

10 prima facie effect of procedurally proper proof of claim, burden shifts to claimant to prove

11 validity of its claim, and claimant must satisfy that burden by preponderance of evidence).

12 See also Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 244 (1939) (stating that the

13 bankruptcy court has the power to shift the circumstances surrounding any claim to see

14 that injustice or unfairness is not done in administering the bankruptcy estate).

15       **B.    Claim No. 13-1 Should be Disallowed Until Such Time as Beitler**

16             **Releases the Liens**

17       Section 502 provides, ". . . the court shall disallow any claim of any entity from

18 which property is recoverable under section . . . 550 . . . or that is a transferee of a transfer

19 avoidable under section . . . 547 . . ., unless such entity or transferee has paid the amount,

20 or turned over such property, for which such entity or transferee is liable under section . . .

21 550 . . . of this title." 11 U.S.C. § 502(d). "Section 502(d) of the Bankruptcy Code requires

22 disallowance of a claim of a transferee of a voidable transfer in toto if the transferee has

23 not paid the amount or turned over the property received as required under the sections

24 under which the transferee's liability arises."  4 COLLIER ON BANKRUPTCY ¶ 502.05[1],

25 supra.  "Once the liability of the transferee has been determined, the claim interposed by

26 the transferee will be disallowed unless such transferee gives effect to the judgment. . . ."

27 Id.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    The Debtor believes that he will be successful in proving through the Adversary

2  Action that Beitler is an entity from which property is recoverable under section 550 of the

3  Bankruptcy Code.  Either because the Liens are avoidable under section 544(a) of the

4  Bankruptcy Code based upon their unperfected status as of the Petition date or because

5  Beitler is a transferee of preferential transfers (the Liens) avoidable under section 547(b)

6  of the Bankruptcy Code (as discussed in more detail below).  Beitler has not released the

7  Liens for which Beitler will be liable under section 550 of the Bankruptcy Code.  Pursuant

8  to section 502(d) of the Bankruptcy Code must be disallowed until such time as Beitler

9  releases the Liens.

10    **C.    Claim No. 13-1 Should be Reclassified as a General Unsecured Claim**

11        **as There is No Basis for the Secured Status**

12    The Debtor further believes that he will be successful in avoiding the Liens and, as

13  such, there is no basis for the secured status of Claim No. 13-1.  First, the Liens constitute

14  preferential transfers.  As stated above, pursuant to CCP § 708.320(a), a charging order

15  lien is created at the time of service of the notice of the motion for the charging order.

16  Thus, as of January 18, 2017, the date of service of the Charging Order Motions, the

17  Liens were created on the Debtor's membership interests in the Companies.  This

18  constitutes a transfer of an interest of the Debtor in property.  The creation of a lien is a

19  transfer and the Debtor's interest in a limited liability company, including his economic

20  interest, is property of the estate.  Second, the preferential transfers are to or for the

21  benefit of a creditor as the Liens are in favor of Beitler and Beitler was a creditor at the

22  time of the transfers.

23    Third, the basis for the Charging Order Motions was the Judgment, which was

24  outstanding at the time the motions were filed.  Thus, the Liens are on account of an

25  antecedent debt owed at the time the transfers occurred.  Fourth, the Liens arose on

26  January 18, 2017, and ninety days prior to the Petition Date (February 24, 2017) is

27  November 26, 2016.  Accordingly, the Liens were created during the preference period.

28  Fifth, the Preferential Transfers occurred while the Debtor was insolvent as the Debtor is

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  presumed to be insolvent during the 90 days prior to the Petition Date.  Sixth and finally,

2  by way of the Liens, Beitler is receiving more than he otherwise would in this case as he

3  has transmuted his general unsecured claim into a secured claim and forcing any

4  payments that the Debtor could receive on account of the sale of his membership

5  interests or the dissolution of the Companies to be paid first to Beitler until he is paid in

6  full.

7  The Liens are also avoidable as the Liens were not perfected as of the Petition

8  Date.  "[T]he charging order lien is created at time of service *of the notice of the motion* for

9  the charging order."  *In re Hilde*, 189 B.R. 776, 784 (BAP 9th Cir. 1995), reversed on other

10  grounds (emphasis in original) (citing CCP § 708.320(a)).  "The charging order provisions

11  further state that if a charging order is issued, the lien created pursuant to subdivision (a)

12  continues under the terms of the order.  If issuance of the charging order is denied, the

13  lien is extinguished.  In this way, the charging order lien may be considered to be

14  perfected at time of the issuance of the charging order, and it would relate back to the

15  time of the service of the motion."  *Hilde*, 189 B.R. at 784 (internal quotations and

16  quotation marks omitted).  Here, as of the Petition Date, the charging order had not been

17  issued, thus the Liens created by service of the Charging Order Motions are unperfected

18  and avoidable by use of the "strong-arm" powers provided for under section 544 of the

19  Bankruptcy Code.

20  **D.    Reservation of Rights**

21  This Objection is limited to the grounds stated herein.  Accordingly, it is without

22  prejudice to the right of the Debtor to object to Claim No. 13-1 on any other ground

23  whatsoever, and the Debtor expressly reserves all further substantive and/or procedural

24  objections he may have.

25  **IV.    CONCLUSION**

26  The Debtor objects to Claim No. 13-1 for the reasons stated herein, and the Debtor

27  moves this Court for an order (i) disallowing Claim No. 13-1 until such time as Beitler

28  releases the Liens that account for the avoidable transfers; (ii) reclassifying Claim No.

Lobel Welland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  13-1 as a general unsecured claim; and (iii) for such other and further relief as may be just

2  and proper under the circumstances of this case.

3                                          Respectfully submitted,

4  Dated: October13, 2017                  LOBEL WEILAND GOLDEN FRIEDMAN LLP

5

6                                          By:  /s/ Beth E. Gaschen
                                                WILLIAM N. LOBEL
7                                               ALAN J. FRIEDMAN
                                                BETH E. GASCHEN
8                                               Attorneys for Debtor and
                                                Debtor-in-Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned case. The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto. I make this declaration in support of the Objection to Proof of Claim Filed by Barry Beitler [Claim No. 13-1] (the "Objection"). Any term not specifically defined herein shall have the meaning provided in the Objection.

2.      This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

3.      I have commenced reviewing and reconciling the proofs of claims filed against my estate. These efforts have resulted in the identification of the disputed claim filed by Beitler (Claim No. 13-1), a true and complete copy of which is attached hereto and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1 and incorporated herein by this reference.

4.      On or about December 5, 2013, Beitler commenced the State Court Action against me in Superior Court asserting a claim for breach of contract.

5.      The State Court Action was tried before Judge West on or about June 16, 2016, and taken under submission. On or about October 11, 2016, Judge West issues a Statement of Decision, which found in favor of Beitler.

6.      On or about November 17, 2016, the Superior Court entered the Judgment, which provides that Beitler should recover against me: (1) damages in the sum of $591,826.61, plus accruing interest at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of the Judgment; (2) Attorneys' fees in the sum of

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  $118,083.50; (3) Costs in the sum of $2,387.37; (4) Fees paid to JAMS in the sum of

2  $39,640.02; and (5) Transcript fees in the sum of $1,672.61. In addition, the Judgment

3  would accrue post-judgment interest at the statutory rate.

4      7.    On or about January 18, 2017, Beitler filed the Charging Order Motions

5  based on the Judgment. According to the Charging Order Motions, the outstanding

6  amount of the Judgment as of January 17, 2017, was $780,083.71. The Charging Order

7  Motions seek the issuance of an order charging my membership interests in the

8  Companies with the payment of the unpaid balance of the Judgment and directing to

9  Beitler any money or property due to me until the Judgment plus all accrued interest and

10  post-judgment costs is paid in full.

11      8.    The Charging Order Motions were served by Beitler on January 18, 2017.

12  The proofs of service attached to the Charging Order Motions show service by messenger

13  on me, Mission, and Westcliff and service by U.S. mail to the other members of the

14  Companies.

15      9.    The hearings on the Charging Order Motions were set for February 27,

16  2017, but stayed by the filing of my bankruptcy case.

17      10.    My counsel made demands on Beitler to take all steps necessary to remove

18  and/or withdraw the Liens, but Beitler has not agreed to voluntarily take said action.

19      11.    On May 9, 2017, I filed the Complaint against Beitler thereby commencing

20  the Adversary Proceeding. Beitler's answer was filed on June 7, 2017. On October 6,

21  2017, the First Amended Complaint was filed. The answer to the First Amended

22  Complaint is due October 20, 2017.

23      12.    I believe I will be successful in the Adversary Proceeding.

24      I declare under penalty of perjury that the foregoing is true and correct.

25      Executed this 13th day of October 2017, at Irvine, California.

26

27  _____

28      John Jean Bral

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# POC NO. 13

Fill in this information to identify the case:

Debtor 1        JOHN JEAN BRAL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   8:17-BK-10706-SC

---

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Barry Beitler
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Gary E. Klausner, Esq.
Name

10250 Constellation Blvd., Suite 1700
Number        Street

Los Angeles          CA          90067
City                 State        ZIP Code

Contact phone (310) 229-1234

Contact email  GEK@LNBYB.COM

Where should payments to the creditor be sent? (if different)

Barry Beitler
Name

825 Barrington Avenue
Number        Street

Los Angeles          CA          90048
City                 State        ZIP Code

Contact phone _____

Contact email  bbeitler@beitler.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
          MM   / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 788,798.91 as of the petition date, not including post-judgment fees, costs, and post-petition interest.

Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment in Case No. BS 146302 in Los Angeles County Superior Court

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: _Debtor's membership interests in Mission Medical Investors, LLC and Westcliff Investors, LLC_

**Basis for perfection:** California Code of Civil Procedure § 708.320(a)

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____ TBD

**Amount of the claim that is secured:** $_____ TBD

**Amount of the claim that is unsecured:** $_____ TBD (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ At least $788,798.91

**Annual Interest Rate (when case was filed)** 10.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/15/2017
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Barry Beitler | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 825 Barrington Avenue | | |
| | Number   Street | | |
| | Los Angeles | CA | 90049 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email bbeitler@beitler.com | |

## ATTACHMENT TO PROOF OF CLAIM OF BARRY BEITLER BASED ON JUDGMENT IN LOS ANGELES COUNTY SUPERIOR COURT CASE NO. BS 146302

On November 17, 2016, judgment was entered in favor of Barry Beitler ("Claimant") and against John Bral ("Debtor") in Los Angeles County Superior Court in Case No. BS 146302. A copy of the judgment, which in turn attaches a copy of the statement of decision on which the judgment is based, is attached hereto as Exhibit "A".

Attached hereto as Exhibit "B" are documents evidencing Claimant's lien against Debtor's membership interests in Mission Medical Investors, LLC and Westcliff Investors, LLC.

As of November 17, 2016, the date on which the judgment issued, the judgment was in the sum of $767,969.31, including (a) damages in the sum of $591,826.61, (b) prejudgment interest in the sum of $14,359.20, at the rate of $92.64 per day from and after June 15, 2016 for 155 days through November 17, 2016, (c) attorneys' fees in the sum of $118,083.50, (d) costs in the sum of $2,387.37, (e) fees paid to JAMS in the sum of $39,640.02, and (f) transcript fees in the sum of $1,672.61.

Post-judgment interest through the February 24, 2017 petition date herein accrued on the foregoing total at the statutory rate of 10% per annum, or $210.40 per day, in the sum of $20,829.60 for 99 days from and after November 17, 2016.

Accordingly, the total claim as of February 24, 2017 amounted to $788,798.91, plus recoverable post-judgment fees and costs.

### Reservation of Rights

Claimant reserves the right to (i) amend, update and/or supplement this Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents or other liability or indebtedness of the Debtor to Claimant (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507.

In addition to the foregoing, Claimant reserves all rights with respect to (a) any indebtedness owed to Claimant by any non-debtor affiliate or other entity related to the Debtor, and (b) any other amounts that may be owing to Claimant in respect of interest, fees, indemnities, costs and expenses to the extent permitted by applicable law.

Nothing contained in this Proof of Claim shall be construed as limiting Claimants rights, remedies and interests.

The filing of this proof of claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other

proceeding commenced in this case against or otherwise involving this Proof of Claim, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim; (iii) an election of remedy; or (iv) a waiver of any past, present or future defaults or events of default.  Claimant specifically preserves all of Claimant's procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor or any of its debtor or non-debtor affiliates, or by any trustee for this estate.

# EXHIBIT A

1    LEVY, SMALL & LALLAS
     A Partnership Including Professional Corporations
2    TOM LALLAS (SBN 66512)
     815 Moraga Drive
3    Los Angeles, California 90049-1633
     Telephone:   (310) 471-3000
4    Facsimile:    (310) 471-7990

5    Attorneys for Petitioner
     BARRY A. BEITLER

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 17 2016

Sherri R. Carter, Executive Officer/Clerk
By E. Garcia, Deputy

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF LOS ANGELES

14    BARRY A. BEITLER, an individual,           Case No. BS146302

15                 Petitioner,

16       vs.                         [PROPOSED] JUDGMENT ON
                                     STATEMENT OF DECISION
17    JOHN BRAL, an individual,

                   [CCP § 644(a)]
18               Respondent.

1     The Court has received the Statement of Decision by the Honorable Carl J. West, Los

2    Angeles County Superior Court Judge (Ret.) (the "Private Judge"), who was duly appointed by

3    the above-entitled Court to hear and finally determine this matter pursuant to Code of Civil

4    Procedure section 638(a). A copy of the Statement of Decision, which the Private Judge filed in

5    the above-captioned matter on October 11, 2016, is attached hereto as Exhibit A.

6    Pursuant to Code of Civil Procedure section 644(a), the Private Judge's Statement of

7    Decision "must stand as the decision of the court" and, accordingly,

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barry A. Beitler shall

9    have and recover against John Bral the following, as set forth at page 14 of the Statement of

10    Decision:

12    1. Damages in the sum of $591,826.61, plus accruing interest at the rate of $92.64 per

13       day from and after June 15, 2016 through the date of entry of this Judgment;

14    2. Attorney fees in the sum of $118,083.50;

15    3. Costs in the sum of $2,387.37;

16    4. Fees paid to JAMS in the sum of $39,640.02;

17    5. Transcript fees in the sum of $1,672.61.

19    Post-judgment interest shall accrue at the statutory rate.

23    DATED: November _17_, 2016

25    JUDGE OF THE SUPERIOR COURT

27    32853-1

**Exhibit "1"**
1

**[PROPOSED] JUDGMENT**

1
2
. 3
4
5
6
7
8
9

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 1 2016

Sherri R. Carter, Executive Officer/Clerk
By: Graciela M. Gomez, Deputy

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             FOR THE COUNTY OF LOS ANGELES

12
13
14   BARRY A. BEITLER, an individual,

15                    Petitioner,

     vs.
16
     JOHN BRAL, an individual,
17
                     Respondent.
18
19
20
21
22

Case No.  BS146302
(Pending in Department 15-Judge Richard Fruin)

**STATEMENT OF DECISION**

Trial Date: **June 16, 2016**
Private Judge: **Hon. Carl J. West (Ret.)**

(All-Purpose Appointment-CCP 638(a))

23
24
25
26
27
28

EXHIBIT "1"

1    This matter came on for trial on June 16, 2016 before the Honorable Carl J. West, Los

2    Angeles County Superior Court Judge (Ret.) (the "Private Judge"), who was duly appointed by

3    the above-entitled Court to hear and finally determine all issues in this matter under Code of

4    Civil Procedure section 638(a). The Private Judge hereby issues the following STATEMENT

5    OF DECISION:

6

7    ## I.    INTRODUCTION

8

9    This is a breach of contract case between Petitioner Barry A. Beitler and Respondent

10   John Bral. Petitioner seeks judgment against Respondent in the sum of $591,826.61, plus interest

11   at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of judgment,

12   together with attorney fees, costs and expenses. (Beitler Post-Trial Brief at 6)

13

14   Trial in the matter took place at the JAMS Resolution Center in Los Angeles, California

15   on June 16, 2016. At trial, Petitioner was represented by Tom Lallas of Levy, Small & Lallas.

16   Respondent was represented by Gary K. Salomons of GabrielSalomons, LLP.

17

18   Various documents were introduced into evidence by the parties. These exhibits included

19   the subject Agreement and communications between the parties and others, as well as other

20   relevant documents concerning issues relating to this trial. Oral testimony was taken under oath

21   from Barry A. Beitler and John Bral.

22

23   At the conclusion of the presentation of the evidence, the Private Judge ordered the

24   parties to file Post-Trial Briefs and Proposed Statements of Decision. The Private Judge

25   indicated that upon receipt of all of the briefs, the matter would be submitted for a Tentative

26   Statement of Decision.

27

28   Statement of Decision

1

**Exhibit "1"**

On June 30, 2016, Petitioner filed a Post-Trial Brief and Proposed Statement of Decision. On July 14, 2016, Respondent filed his Post-Trial Brief and Proposed Statement of Decision, and on July 21, 2016, Petitioner filed a Post-Trial Reply Brief. On August 8, the Private Judge issued a Tentative Statement of Decision, finding for Petitioner in all material respects and ordering further briefing on issues related to attorney fees and costs. Petitioner filed a Motion for an Award of Attorney's Fees on August 24, 2016, which Respondent opposed on September 14, 2016. Petitioner filed a Reply Brief on September 21, 2016. The matter of attorney fees and costs is addressed below.

## II.  FINDINGS OF FACT

The following is a summary of certain facts found by the Private Judge to be true and relevant to the Statement of Decision. Any differences between this summary and either of the parties' positions or contentions are the result of the Private Judge's determinations as to witness credibility, relevance, burden of proof considerations, and the weighing of the evidence, both oral and written. Based on the documentary evidence, witness testimony, and arguments of counsel, the Private Judge hereby provides the following findings of fact:

1. The Petitioner herein is Barry A. Beitler, an individual ("Beitler").

2. The Respondent herein is John Bral, an individual ("Bral").

3. Bral and Beitler entered into a written agreement dated July 29, 2011 (the "July 2011 Agreement") [Ex. 20][1]

4. Pursuant to paragraph 14 of the July 2011 Agreement, the Private Judge was duly appointed by the Court to hear and issue a final determination of this matter. [Ex. 20]

---

[1] Unless otherwise indicated, all references herein to exhibits are to the exhibits presented at the June 16, 2016 trial before the Private Judge in this matter.

Statement of Decision

2

1      5.      The July 2011 Agreement stated that Beitler and Bral each held a 47.5%

2  membership interest in Westcliff Investors, LLC ("Westcliff"). [Ex. 20]

3      6.      Westcliff's sole substantial asset is the real property located at 1901 Westcliff

4  Drive, Newport Beach, California, (the "Westcliff Property").

5      7.      In addition to the July 2011 Agreement, Beitler made previous loans and

6  advances to or for the benefit of Bral. [See February 2011 Agreement at Ex. 17 (errantly dated

7  February 2010, but corrected to February 2011 by the July 2011 Agreement); and April 2011

8  Amendment at Ex. 18]

9      8.      Pursuant to paragraph 1 of the July 2011 Agreement, "Beitler and Bral desire[d] to

10  consolidate all of the terms and conditions of the February Advance, April Advance and the July

11  Advance (collectively, the "Advances") under a single integrated agreement and to provide terms

12  and conditions for any additional money that Beitler may subsequently loan to Bral regarding

13  Ocean, Westcliff, Mineral and Harbor or otherwise ("Additional Loan" or "Additional Loans"),

14  which shall be subject to the terms and conditions of this Agreement." [Ex. 20]

15     9.      Additionally, Paragraph 2 of the July 2011 Agreement stated that: "[t]he Parties,

16  and each of them, agree that upon execution of this Agreement both the February Agreement and

17  the April Amendment shall be cancelled and rendered irretrievably and absolutely void ab initio,

18  and all obligations and liabilities related to, arising under or connected to both the February

19  Agreement and April Amendment shall be exclusively controlled, determined and totally

20  subsumed under and by this Agreement." [Ex. 20]

21     10.     Exhibit 41 details the principal amounts owed on the various loans that are

22  contained within the July 2011 Agreement. The total principal sum due and owing is

23  $422,686.07. [Ex 41]

24     11.     Pursuant to paragraph 4 of the July 2011 Agreement, Bral is obligated to repay to

25  Beitler those loans and advances with interest at the rate of 8% per annum. [Ex. 20]

26     12.     Exhibit 41 calculates the 8% interest rate as $92.64 per day. The total amount of

27  interest owed on the loans as of June 14, 2016 is $169,140.54. [Ex 41]

28  Statement of Decision

3

**Exhibit "1"**

POC NO. 13
Page 24

13. Pursuant to paragraph 3 of the July 2011 Agreement, Bral was to repay to Beitler all of the loans and advances, with interest, on or before October 31, 2012 (the "Maturity Date").

14. The Maturity Date was extended to June 30, 2013 [Ex. 28].

15. Bral testified that he negotiated the terms of the July 2011 Agreement. (RT 6/16/16 at 100:4-8) Bral testified that he approved all of the terms and conditions in Exhibit 20. (RT 6/16/16 at 100:17-20)

16. Paragraph 19 of the July 2011 Agreement states as follows: "Entire Agreement; Integration. This Agreement constitutes an integration of the entire understanding and agreement of the Parties with respect to the matters referred to in this Agreement. Any representation, promise or condition, whether written or oral, between the Parties with respect to the matters referred to in this Agreement which is not specifically incorporated into this Agreement, shall not be binding upon any of the Parties hereto and the Parties acknowledge that they have not relied, in entering in the Agreement, upon any representations, promises or conditions not specifically set forth in this Agreement. No prior oral or written understanding, or agreement between the Parties, with respect to the matters referred to in this Agreement, shall survive the execution of this Agreement. *This Agreement represents the entire agreement and understanding of the Parties and no separate written or oral agreements exist.* Finally, this Agreement is the product of negotiation among the Parties and shall not be construed adversely against any one Party, notwithstanding that any one Party shall be predominantly responsible for the drafting of this Agreement." [Ex. 20] (emphasis added)

17. Bral testified that he never asked Beitler's representative, Mr. Rezak, to modify or delete the language in Paragraph 19. (RT 6/16/16 at 101:6-8)

18. Pursuant to paragraphs 9 and 20 of the July 2011 Agreement, Beitler had the right to elect, but was not required, to accept in satisfaction of Bral's obligations thereunder an assignment of a portion of Bral's membership interest in Westcliff ("Assignment"). [Ex. 20]

19. Paragraph 20 of the July 2011 Agreement states as follows: "Rights Cumulative. Except as set forth herein, all rights, powers and remedies herein are cumulative and not

Statement of Decision

4

alternative, and are in addition to all statutes, rules of law; any forbearance or delay by any Party in exercising the same shall not be deemed to be a waiver thereof, and the same shall continue in full force and effect until specifically waived by an instrument in writing executed by such Party or Parties. ***Further, if there is a breach of this Agreement the delivery of Bral's Westcliff Membership Interest shall not be the exclusive remedy.*** For example only, since Beitler as the prevailing party may be entitled to a monetary award, the assignment and transfer to Beitler of Bral's Westcliff Membership Interest for any of the Advances, Additional Loans, and Interest shall not foreclose, waive or preempt Beitler from securing a monetary award for any attorneys' fees, costs and expenses in securing Bral's performance of this Agreement." [Ex. 20] (emphasis added)

20.     Bral testified that he never asked Mr. Rezak to delete the following language: "Further, if there is a breach of this Agreement the delivery of Bral's Westcliff Membership Interest shall not be the exclusive remedy." (RT 6/16/16 at 101:9-21)

21.     Bral testified that he never proposed to Mr. Rezak to have a paragraph in the Agreement stating that the exclusive remedy in the event of default would be the assignment of Bral's interest. (RT 6/16/16 at 101:22-102:2)

22.     Bral caused the Westcliff Property to be encumbered with loans, including a $250,000 loan from Premier Business Bank ("Premier") and a $400,000 loan from George Gelsebach ("Gelsebach") [Ex. 32].

23.     As a result of the Premier and Gelsebach loans encumbering the Westcliff Property, the equity in the Westcliff Property was reduced, and in turn, the value of the membership interests in Westcliff declined. Accordingly, Beitler is seeking repayment of the loans instead of an assignment of Bral's shares as remedy for nonpayment.

24.     Despite demands by Beitler, Bral has not made any payment toward his obligations due and owing to Beitler under the July 2011 Agreement. (RT 6/16/16 at 34:1-8)

25.     Bral stated that he believed a tender of his shares in Westcliff would satisfy his obligations under the Agreement. In a September 12, 2013 email, Bral wrote: "That said,

Statement of Decision

5

according to our Agreements, Barry will receive 14.511% of my membership interest in Westcliff in exchange for full satisfaction of the outstanding loans." [Ex. 11] Bral testified that Beitler did not respond in any manner in writing to this email. (RT 6/16/16 at 92:6-8)

26.     In the last two to three years, Bral engaged accountants to prepare tax returns on behalf of Westcliff. (RT 44:13-24) Beitler testified that he receives K-1s from Westcliff which reflect an ownership interest of 47.5%. Beitler stated that at no time after July 2011 has there ever been a K-1 that reflected that he had any ownership interest in Westcliff other than 47.5%. (RT 6/16/16 at 44:1-12)

27.     Bral admitted that as of June 30, 2013 he owed Beitler $733,626.19. [Ex. 11]

28.     Pursuant to paragraph 14 of the July 2011 Agreement, the prevailing party in a legal proceeding to enforce the terms thereof shall be awarded reasonable attorney's fees, costs and expenses. [Ex 20]

29.     Bral has not alleged any affirmative defenses in this matter. (RT 6/16/16 at 14:9-20)

## III.    CONCLUSIONS OF LAW

30.     The Private Judge finds that the July 2011 Agreement is the controlling agreement between the parties pursuant to the express language of Paragraph I, which states that the parties intended to consolidate the terms of any previous or future agreements into a "single integrated agreement." [Ex. 20] Paragraph 2 of the July 2011 also makes clear that the July 2011 Agreement controls and subsumes the February Agreement and April Amendment. [Ex. 20]

31.     Beitler is therefore entitled to enforce the terms of the July 2011 Agreement against Bral.

32.     "Under California law, a contract must be interpreted so as 'to give effect to the mutual intention of the parties as it existed at the time of contracting.' In doing so, '[a] court must first look to the plain meaning of the agreement's language.'" *Orozco v. Clark* (2010) 705

Statement of Decision

6

F.Supp.2d 1158, 1168 (internal citations omitted). "'The 'clear and explicit' meaning of [a contract's words construed] in their 'ordinary and popular sense' ... [generally] controls 'judicial interpretation' unless the parties used the words in a technical sense or special meaning was given to the words by usage." *People ex rel. Lockyer v. R.J. Reynolds Tobacco Company* (2004) 116 Cal.App.4th 1253, 1263 (internal citations omitted). ". . . [I]f the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.

33.     In this case, the clear and unambiguous language of the Agreement states that Beitler is not required to accept an assignment of a portion of Bral's membership interest in Westcliff in lieu of payment of Bral's outstanding obligations under the July 2011 Agreement. [Ex. 20, Paragraph 20]

34.     Bral testified that he was involved in the negotiation of the Agreement, and that he had the opportunity to amend or change the language in Paragraph 20 of the Agreement, but chose not to. Therefore, there is no question that the express language evidences the parties' intent, and that Bral cannot now challenge that language.

35.     As is his right under paragraph 20, Beitler opted to demand monetary repayment of the loans rather than accept an assignment of Bral's shares. Bral has not made any payment on the loans, which became due on June 30, 2013. Therefore, Bral breached the terms of the Agreement.

36.     Bral does not deny that he has not made payment. Instead, Bral relies on extrinsic evidence to show that he tendered his shares to Beitler and that the parties had an understanding that this would satisfy his outstanding loan obligations under the Agreement.

37.     The California Supreme Court has held: "The parol evidence rule . . . establishes that the terms contained in an integrated written agreement may not be contradicted by prior or contemporaneous agreements. In doing so, the rule necessarily bars consideration of extrinsic evidence of prior or contemporaneous negotiations or agreements at variance with the written agreement. '[A]s a matter of substantive law such evidence cannot serve to create or alter the

Statement of Decision

7

**Exhibit "1"**

1   obligations under the instrument.' In other words, the evidentiary consequences of the rule

2   follow from its substantive component—which establishes, as a matter of law, the enforceable

3   and incontrovertible terms of an integrated written agreement." (*Casa Herrera, Inc. v. Beydoun*

4   (2004) 32 Cal.4th 336, 344) (internal citations omitted)

5       38.    The terms of the parties' Agreement are explicit with respect to Beitler's choice

6   of remedies. In addition, the Agreement contains an express integration clause, which states:

7   "[t]his Agreement represents the entire agreement and understanding of the Parties and no

8   separate written or oral agreements exist." [Ex. 20, Paragraph 19] Bral testified that he had the

9   opportunity to delete this language from the Agreement, but chose not to, demonstrating an

10  intent to preclude the use of extrinsic evidence. Consequently, the Private Judge finds that the

11  parole evidence regarding Bral's alleged tender of his shares to Beitler in satisfaction of his loan

12  obligations is inadmissible. The Private Judge also finds Bral's testimony regarding the parties'

13  "understanding" that his tender of the shares in Westcliff would satisfy his obligation us

14  inconsistent with the express terms of the Agreement, is not credible, and that such testimony

15  should be disregarded and given no weight.

16      39.    In any event, there is no evidence supporting the fact that Bral actually tendered

17  his shares or that Beitler accepted the tender. Exhibit 11 represents an initial offer by Bral, but as

18  Bral testified, Beitler never responded to it. In addition, Bral, as the person responsible for filing

19  Westcliff tax returns, never reported Beitler's shares to be anything more than what Beitler

20  originally owned. Beitler's K-1s have always reflected that his share in Westcliff is 47.5%,

21  showing that no transfer of shares was ever made by Bral.

22      40.    Based upon the foregoing, the Private Judge finds that the sum of $591,826.61,

23  including principal and interest remains due, owing and unpaid by Bral to Beitler under the July

24  2011 Agreement as of June 14, 2016.

25      41.    The Private Judge further finds that Bral has breached the parties' Agreement and

26  Beitler is entitled to judgment against Bral in the sum of $591,826.61, plus interest at the rate of

27  $92.64 per day from and after June 15, 2016 through the date of entry of judgment, together with

28  Statement of Decision

8

**Exhibit "1"**

attorneys' fees, costs and expenses.

## IV.   ATTORNEY FEES AND COSTS

42.    Paragraph 14 of the July 2011 Agreement states that any dispute between the parties "regarding any matter or thing related to, arising out of or connected to this Agreement . . . shall be fully and finally adjudicated and determined by a private judge trial . . . Beitler and Bral agree that the prevailing party in any legal proceeding to enforce the terms and conditions of this Agreement, including from a private trial, shall be awarded reasonable attorney's fees, costs, and other expenses related to the legal proceeding." [Ex. 20]

43.    The Private Judge has found in favor of Petitioner in all material respects, making him the prevailing party in this action. As such, Petitioner has requested an award of attorney fees and costs in the sum of $169,965.75, consisting of (i) attorney fees in the amount of $118,083.50, (ii) costs incurred in the amount of $5,146.77, (iii) JAMS fees in the amount of $39,640.02 and (iv) reporter's transcript fees in the amount of $7,095.46.

*Attorney Fees*

44.    "The most widely accepted approach for determining a 'reasonable' fee award is the 'lodestar' method—i.e., multiplying the *number of hours reasonably expended* on the litigation by a *reasonable hourly rate*." (*Chin, Wiseman, et al.,* Cal. Prac. Guide Employment Litigation Ch. 17-H at 17:685 (The Rutter Group 2015), *citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* (1986) 478 US 546, 564) (emphasis in original) "The lodestar figure is calculated using the *reasonable rate* for comparable legal services in the local community for noncontingent litigation of the same type, multiplied by the *reasonable number of hours spent* on the case. (*Id.* at 17:686, *citing Ketchum v. Moses* (2001) 24 C4th 1122, 1131-1132) (emphasis in original)

45.    With respect to the reasonable rate, services compensable are "computed from their reasonable market value. The trial court [is] entitled to use the prevailing billing rates of

Statement of Decision

9

**Exhibit "1"**

comparable private attorneys as the 'touchstone' for determination of that value." (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 643) "The number of hours reasonably worked is determined by looking at the time reasonably spent on a matter, including time spent drafting and revising pleadings, meeting with clients, preparing the case for trial, and handling an appeal." (*Ibid.* at 17:687, *citing Hensley v. Eckerhart* (1983) 461 US 424, 430) "Reasonable hours may include time spent by *more than one attorney* on a particular issue or task, provided there is no duplication of effort." (*Id.* at 17:689, *citing Davis v. City & County of San Francisco* (9th Cir. 1992) 976 F.2d 1536, 1544) (emphasis in original)

46.     Petitioner is seeking a fee award of $118,083.50 for work incurred from January 1, 2015 through the present by attorneys Tom Lallas, Mark Hurwitz, John Mittelbach, Christian Jordan, and paralegal David Small. The total amount sought by Claimant is broken down as follows: 1) Mr. Lallas worked 112.70 hours at a rate of $675 per hour for the sum of $77,767.50; 2) Mr. Hurwitz worked 21.40 hours at a rate of $495 in 2015 and $520 per hour in 2016 for the sum of $10,941.00; 3) Mr. Mittlebach worked 71.10 hours at a rate of $375 per hour for the sum of $26,677.00; 4) Christian Jordan worked 0.2 hours at a rate of $375 per hour for the sum of $74.00; and 5) David Small worked 12.80 at a rate of $195 per hour for the sum of $2,624.00. (*See* Decl. Lallas at ¶¶ 7-14)

47.     "The determination of the applicable, reasonable hourly rate 'is not made by reference to rates actually charged the prevailing party.' Rather, '[t]he burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' 'Affidavits of the [attorney seeking fees] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [attorney seeking fees], are satisfactory evidence of the prevailing market rate.'" (*Fitzgerald v. Law Office of Curtis O. Barnes* 2013 WL 1627740 at *2 (E.D. Cal. April 15, 2013)) (internal citations omitted) "In addition, the Court may rely on its own familiarity with the local legal market and knowledge of customary local rates in setting an appropriate hourly rate." (*Id.*)

Statement of Decision

10

**Exhibit "1"**

48.     Mr. Lallas submitted a declaration describing the skill, education and experience of the various employees involved with the case, and their rates are commensurate with other attorneys with similar experience. The Private Judge is also familiar with the practice of complex business litigation, and the rates charged by attorneys in that field. Based upon the Private Judge's knowledge of customary local rates, the Private Judge finds that the rates charged by Petitioner's attorneys are commensurate with the local legal market and are therefore reasonable.

49.     Respondent objects to the claimed amount, arguing that the hours worked were unreasonable. The Private Judge does not agree. A review of the invoices submitted by Petitioner demonstrate that Petitioner's counsel engaged in the type of practice one would expect in business litigation, including making appearances, drafting documents and correspondence, and engaging in discovery. Further, as Petitioner points out in his Motion, Respondent and his counsel were disruptive to the proceedings and violated multiple orders by the Private Judge. For instance, Respondent refused to appear for deposition; Respondents' counsel failed to appear at the Early Trial Readiness Conference and then again failed to appear at the rescheduled Early Trial Readiness Conference; Respondent did not submit witness lists, exhibit lists or other documentation ordered by the Private Judge; and Respondent Bral has failed to pay sanctions ordered by the Private Judge for engaging in the misuse of the discovery process, all of which resulted in evidentiary sanctions against Respondent. Given the Respondent's failure to cooperate with the proceedings, the Private Judge finds that the time spent by Petitioner making appearances and bringing motions was reasonable and to be expected. Finally, the Private Judge notes that although Petitioner's counsel incurred fees in the amount of $32,080 from the time of filing this Petition in December 2013 until December 31, 2014, Petitioner has opted only to collect fees incurred after January 1, 2015. This concession lends to the reasonableness of Petitioner's request.

50.     Based upon the above, the Private Judge finds that Petitioner is entitled to an award of attorney fees in the amount of $118,083.50.

Statement of Decision

11

**Exhibit "1"**

1    *Costs*

2    51.    Petitioner seeks a total cost award of $51,882.25, including (i) $5,146.77 in

3 itemized costs; (ii) $39,640.02 in JAMS fees; and (iii) $7,095.46 in transcript fees. "Code of

4 Civil Procedure section 1033 enumerates allowable costs and costs which are not allowable, and

5 restricts allowable costs to those reasonably necessary to the conduct of the litigation." (*Nelson v.*

6 *Anderson* (1999) 72 Cal.App.4th 111, 129) "The plain language of section 1033.5, subdivision

7 (c)(2) reflects a clear intent to limit the recovery of costs to those which are 'reasonably

8 necessary.'" (*Perko's Enterprises, Inc. v. RRNS Enterprises* (1992) 4 Cal.App.4th 238, 245)

9    52.    With respect to the itemized costs, Petitioner seeks $5,146.77 for various items.

10 After a review of Petitioner's invoices, the Private Judge finds the following costs are not

11 allowed pursuant to CCP Section 1033:

12      a.    In-house photocopying of unspecified documents for a total amount of

13 $829.25 and external photocopying of unspecified documents from a company named iDiscover

14 for a total amount of $1,155.44. California Code of Civil Procedure section 1033.5(a)(13)

15 provides that "photocopies of exhibits may be allowed if they were reasonably helpful to aid the

16 trier of fact." Any other photocopying charges are not allowed pursuant to CCP § 1033.5(b)(3).

17 Petitioner's invoices do not indicate whether the photocopies were of exhibits or other types of

18 documents. Accordingly, the Private Judge denies this request for lack of specificity.

19      b.    Postage for a total amount of $17.40 and UPS charges for a total amount

20 of $50.04. Postage is not an allowable cost pursuant to CCP § 1033.5(b)(3). The Private Judge

21 therefore denies this request.

22      c.    Online research for a total amount of $509.37. "Section 1033.5,

23 subdivision (b)(2) precludes recovery of investigation expenses and attorney fees are not

24 compensable as costs in the absence of an agreement of the parties or statutory authority. (Code

25 Civ. Proc., § 1021.) Fees for legal research, computer or otherwise, may not be recovered under

26 section 1033.5." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 776)

27 Accordingly, the Private Judge denies this request.

28 Statement of Decision

12

**Exhibit "1"**

1    d. Mileage to unspecified places for a total of $49.50, parking at hearings for

2 a total of $132.20 and travel for Steve Burgio for a total of $16.20. "The only travel expenses

3 authorized by section 1033.5 are those to attend depositions. (§ 1033.5, subd. (a)(3).) Routine

4 expenses for local travel by attorneys or other firm employees are not reasonably necessary to

5 the conduct of litigation." (*Ladas v. California State Auto. Assn., supra,* 19 Cal.App.4th at 775-

6 76) Petitioner has not provided any detail associated with this cost item, other than a reference to

7 parking at JAMS for hearings, and therefore, the Private Judge cannot determine whether these

8 costs were permissible pursuant to CCP § 1033.5. Accordingly, the Private Judge denies this

9 request for lack of specificity.

10    e. Based on the foregoing, the Private Judge finds that Petitioner is entitled

11 to an award of itemized costs in the amount of $2,387.37 ($5,146.77 - $829.25 - $1,155.44 -

12 $17.40 - $50.04 - $509.37 - $49.50 - $132.20 - $16.20 = $2,387.37).

13  53. Petitioner seeks $39,640.02 in JAMS fees. The Private Judge finds that these fees

14 were reasonably necessary to the conduct of the private trial provided for in the parties' July

15 2011 Agreement. Therefore, the Private Judge finds that Petitioner is entitled to an award of

16 JAMS fees in the amount of $39,640.02.

17  54. Petitioner seeks $7,095.46 in transcript fees, including (i) $3,962.95 in charges

18 already paid by Petitioner from CCROLA court reporting for hearing transcripts and deposition

19 transcripts; and (ii) $1,672.61 in charges not yet paid by Petitioner from DTI court reporting for

20 the deposition of Respondent and $1,459.50 in charges not yet paid by Petitioner from CCROLA

21 court reporting for the private trial transcript.

22    a. With respect to the CCROLA charges already paid by Petitioner in the

23 amount of $3,962.95, Petitioner has not attached invoices for these charges as exhibits to its

24 Motion. While CCP § 1033.5(a)(3)(A) allows recovery of costs for deposition transcripts, CCP §

25 1033.5(b)(5) does not permit recovery of costs for transcripts of court proceedings not ordered

26 by the court. In this case, the Private Judge did not order that any of the court proceedings be

27 transcribed. Because Petitioner has stated that these costs are for hearing transcripts *and*

28 Statement of Decision

13

**Exhibit "1"**

1    deposition transcripts, and has not provided any way for the Private Judge to differentiate

2    between the two, the Private Judge cannot parse out how much of the total aggregate costs

3    claimed are for deposition transcripts (allowable pursuant to CCP § 1033.5) and how much are

4    for transcripts of court proceedings (not allowable pursuant to CCP § 1033.5). Accordingly, the

5    Private Judge denies this request for lack of specificity.

6           b.      With respect to the DTI charge for $1,672.61, the Private Judge finds that

7    Petitioner is entitled to this amount pursuant to CCP § 1033.5(a)(3)(A).

8           c.      With respect to the CCROLA charge for $1,459.50, the Private Judge

9    finds that Petitioner is not entitled to this amount pursuant to CCP § 1033.5(b)(5).

10          d.      Based upon the foregoing, the Private Judge finds that Petitioner is entitled

11    to an award of $1,672.61 in transcript fees.

12        55.      Finally, pursuant to Petitioner's request, the Private Judge confirms that counsel

13    for Respondent owes unpaid sanctions in the amount of $10,000, which were issued by the

14    Private Judge on May 18, 2016 and ordered to be paid by May 25, 2016.

15    **V.     STATEMENT OF DECISION**

16

17        Petitioner Barry A. Beitler is hereby awarded the following sums to be paid by

18    Respondent John Bral:

19

20      **Base Award:**       **$591,826.61**

21

22      **Interest:**           **$92.64 per day from and after June 15, 2016 through the date of entry of judgment**

23      **Attorney Fees:**     **$118,083.50**

24      **Itemized Costs:**     **$   2,387.37**

25      **JAMS Fees:**        **$ 39,640.02**

26      **Transcript Fees:**    **$   1,672.61**

27

28    Statement of Decision

**Exhibit "1"**

1      This STATEMENT OF DECISION is filed pursuant to Code of Civil Procedure §644,

2     and it is the intent of the Private Judge that judgment be entered on this STATEMENT OF

3     DECISION.

4     Dated: October 3, 2016

5

6

7                             THE HONORABLE CARL J. WEST (RET.)

8                             PRIVATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Statement of Decision

15

**Exhibit "1"**

## PROOF OF SERVICE BY U.S. MAIL

Re: Beitler, Barry A. vs. Bral, John
Reference No. 1220051902

I, Kathryn Cisneros, not a party to the within action, hereby declare that on October 04, 2016, I served the attached STATEMENT OF DECISION on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, Los Angeles, CALIFORNIA, addressed as follows:

Tom Lallas Esq.
Mark D. Hurwitz Esq.
Mr. John P Mittelbach
Levy, Small & Lallas
815 Moraga Drive
Los Angeles, CA  90049-1633
   Parties Represented:
   Barry A. Beitler

Babak Samini Esq.
Nicole C. Prado Esq.
Matthew M. Hoesly Esq.
Samini Scheinberg PC
840 Newport Center Dr.
Suite 700
Newport Beach, CA  92660
   Parties Represented:
   John Bral

Hon. Richard L. Fruin
Los Angeles County Superior Court
111 N. Hill Street
Dept. 15
Los Angeles, CA  90012

Gary K. Salomons Esq.
GabrielSalomons, LLP
16311 Ventura Blvd.
Suite 970
Encino, CA  91436
   Parties Represented:
   John Bral

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA, on October 04, 2016.

_Kathryn Cisneros_
Kathryn Cisneros

**Exhibit "1"**

1

## PROOF OF SERVICE

2

*Barry A. Beitler v. John Bral*
Los Angeles Superior Court Case No. BS 146302

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

5

6

7

On November 10, 2016, I served the foregoing document(s) described as: **[PROPOSED] JUDGMENT ON STATEMENT OF DECISION** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached service/mailing list in the manner indicated below:

8

9

10

☒    **(BY U.S. MAIL):** I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this proof of service.

11

12

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

13

Executed on November 10, 2016, at Los Angeles, California.

14

15

/Heidi Petrilli

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "1"**

POC NO. 13
Page 38

PROOF OF SERVICE

1
## SERVICE/MAILING LIST

2
*Barry A. Beitler v. John Bral*
Los Angeles Superior Court, Case No. BS 146302

3

4
Babak (Bobby) Samini, Esq.                  Attorneys for Respondent
5
Matthew Hoesly, Esq.                        **JOHN BRAL**
SAMINI SCHEINBERG, PC
6
840 Newport Center Drive, Suite 700
Newport Beach, CA 92660
7
Tel:   (949) 724-0900
8
Fax:   (949) 724-0901
Email: bsamini@saminilaw.com

9
Gary K. Salomons, Esq.                      Co-Counsel for Respondent
10
GABRIELSALOMONS, LLP                        **JOHN BRAL**
16311 Ventura Blvd., Ste. 970
11
Encino, CA 91436
12
Tel:   (818) 906-3700
Fax:   (818) 906-2142
13
Email: gary@gabrielsalomons.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "1"**

# EXHIBIT B

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS (SBN: 66512)
MARK D. HURWITZ (SBN: 151159)
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone:    (310) 471-3000
Facsimile:    (310) 471-7990

Attorneys for Judgment Creditor
BARRY A. BEITLER

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 1 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

FILED BY FAX

| | |
|---|---|
| BARRY A. BEITLER, an individual,<br><br>Petitioner,<br><br>v.<br><br>JOHN BRAL, an individual,<br><br>Respondent. | **CASE NO.   BS 146302**<br>*[Hon. Richard L. Fruin; Dept. "15"]*<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN MISSION MEDICAL INVESTORS, LLC; DECLARATION OF BARRY BEITLER**<br><br>Date:  February 27, 2017<br>Time:  8:30 a.m.<br>Dept.:  15<br><br>[Reservation No. 170118188665]<br><br>Judgment Entered:    November 17, 2016 |

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
MISSION MEDICAL INVESTORS, LLC

EOC NO. 13
Page 41

# NOTICE OF MOTION

TO JUDGMENT DEBTOR JOHN BRAL AND TO MISSION MEDICAL INVESTORS, LLC:

PLEASE TAKE NOTICE that on February 27, 2017 at 8:30 a.m., in Department 15 of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Judgment Creditor Barry A. Beitler ("Beitler') will move this Court for issuance of an order (1) charging the membership interest of Judgment Debtor John Bral ("Bral"), in the limited liability company known as Mission Medical Investors, LLC ("Mission"), with payment of the unpaid balance of the Judgment entered in this action, which currently totals $780,803.71 (plus recoverable post-judgment costs and attorney's fees), and (2) directing Mission and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

This Motion is made pursuant to Code of Civil Procedure sections 708.310 and 708.320, and Corporations Code section 17705.03, on the grounds that the Judgment entered against Bral in this action remains unsatisfied in the amount indicated above, and Bral has a membership interest in Mission.

This Motion based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Barry Beitler, the pleadings and papers on file herein, and such other evidence and argument as the Court may consider.

DATED:  January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ


By: _____
        Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33089

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

# MEMORANDUM OF POINTS AND AUTHORITIES

Code of Civil Procedure ("CCP") section 708.310 provides that, if a money judgment is rendered against a member of a limited liability company ("LLC"), but not against the LLC itself, the judgment debtor's interest in the LLC may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Corporations Code section 17705.03.  Corporations Code section 17705.03 provides that the Court that entered the judgment may charge the assignable membership interest of the debtor-member with payment of the unsatisfied amount of the judgment and interest and costs thereon and may make all other orders which the circumstances of the case require.

Since (a) judgment debtor John Bral ("Bral") is a member of the LLC known as Mission Medical Investors, LLC ("Mission"), and (b) judgment creditor Barry A. Beitler ("Beitler") has a judgment against Bral that was entered on November 17, 2016 in this action ("Judgment"), the Court should enter an order on this motion applying Bral's interest in Mission toward satisfaction of the Judgment and directing Mission and all of the members thereof to pay directly to Beitler any sums or property now or hereafter due to Bral, until the total amount of the Judgment, with interest and costs thereon, is paid in full.

For the foregoing reasons, Beitler respectfully requests that the Court issue an order (1) charging Bral's membership interest in Mission with payment of the unpaid balance of the Judgment entered in favor of Beitler in this action, which currently totals $780,803.71 (plus recoverable post-judgment costs and attorney's fees), and (2) directing Mission and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: _____
        Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33089

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CAL 90049

2

## DECLARATION OF BARRY A. BEITLER

I, BARRY A. BEITLER, declare as follows:

1.      I am the Plaintiff and Judgment Creditor in this action.  I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I am also a manager and member of Mission Medical Investors, LLC ("Mission"), which is a California limited liability company.

3.      The other members of Mission are (a) John Bral ("Bral"), who is the Defendant and Judgment Debtor in this action, (b) Jeffrey D. Gross, M.D. and Melissa C. Gross (collectively, "Gross"), (c) Shans Investment Group LLC ("Shans"), (d) Joseph C. Bral, and (e) Juliet Bral and Mehrdad Tabar (collectively, "Tabar").

4.      The Judgment in my favor in this action was entered by the Court in favor of me and against Bral on November 17, 2016.  Enforcement of the Judgment has not been stayed by stipulation, order of the Court, or any applicable law.

5.      The amount due and owing on the Judgment as of January 17, 2017 is the sum of $780,803.71, which includes:

(a)      The sum of $767,969.31 as of November 17, 2016 as stated in the Judgment, including (i) damages as of June 15, 2016 in the sum of $591,826.61, (ii) pre-judgment interest in the sum of $14,359.20, at the rate of $92.64 per day from and after June 15, 2016 for 155 days through the November 17, 2016 date of entry of the Judgment, (iii) attorney fees in the sum of $118,083.50, (iv) costs in the sum of $2,387.37, (v) fees paid to JAMS in the sum of $39,640.02, and (vi) transcript fees in the sum of $1,672.61, and

(b)      Post-judgment interest in the sum of $12,834.40, calculated on the $767,969.31 Judgment for 61 days from and after November 17, 2016

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA  90049

3

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
MISSION MEDICAL INVESTORS, LLC

through January 17, 2017, at the statutory rate of 10% per annum, or $210.40 per day.

6.    The foregoing sum does not include post-judgment costs and attorney's fees, which I may also be entitled to recover.

7.    No amount has been paid on the Judgment.

8.    My address is 825 S. Barrington Avenue, Los Angeles, California 90049.

9.    Bral's residential address is 64 Sandpiper, Irvine, California 92604. Bral's business address is 2610 Main Street, Suite 960, Irvine, California 92614, which is also the address Bral caused to be listed with the California Secretary of State as Mission's address.

10.    Gross' last known address of which I am aware is 10 Orion Way, Coto de Casa, California 92679. Shans' last known address of which I am aware is 16300 Sand Canyon Avenue, Suite 903, Irvine, California 92618. Joseph C. Bral's last known address of which I am aware is 1 Half Moon, Irvine, California 92614. Tabar's last known address of which I am aware is also 1 Half Moon, Irvine, California 92614.

11.    Although I am a member and manager of Mission, in an abundance of caution, I will cause service of this Motion on Mission to be made by delivering a copy thereof to Bral at his business address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of January, 2017 at Los Angeles, California.

BARRY A. BEITLER

33089

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
Los Angeles, CA 90049

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN MISSION MEDICAL INVESTORS, LLC

**PROOF OF SERVICE**

*Barry A. Beitler v. John Bral*

Los Angeles Superior Court Case No. BS 146302

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

On January 18, 2017, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN MISSION MEDICAL INVESTORS, LLC; DECLARATION OF BARRY BEITLER** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached service/mailing list in the manner indicated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY U.S. MAIL):** I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this proof of service.

☒ **(BY MESSENGER SERVICE)***: I served said document(s) by placing them in a sealed envelope or package addressed to the person(s) listed on the attached service/mailing list and provided them to a professional messenger service.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 18, 2017, at Los Angeles, California.

HEIDI PETRILLI

1

## SERVICE LIST

2

3

*Barry A. Beitler, etc. v. John Bral, etc., et al.*
Los Angeles Superior Court Case No. BS 146302

4

**VIA U.S. MAIL**                          Attorneys for Defendant
Babak (Bobby) Samini, Esq.                 **JOHN BRAL**

5

SAMINI SCHEINBERG, PC

6

840 Newport Center Drive, Suite 700
Newport Beach, CA 92660

7

**VIA U.S. MAIL**                          Co-Counsel for Defendant

8

Lloyd K. Chapman, Esq.                     **JOHN BRAL**
LAW OFFICE OF LLOYD K. CHAPMAN

9

4558 Sherman Oaks Avenue, Second Floor

10

Sherman Oaks, CA 91403

11

**VIA U.S. MAIL**                          Co-Counsel for Respondent

12

Gary K. Salomons, Esq.                     **JOHN BRAL**
GABRIELSALOMONS, LLP

13

16311 Ventura Blvd., Ste. 970

14

Encino, CA 91436

15

**VIA MESSENGER***                         **VIA MESSENGER***

16

John Bral                                  Mission Medical Investors, LLC
64 Sandpiper                               2610 Main Street, Suite 960

17

Irvine, CA 92604                           Irvine, CA 92614

18

**VIA MESSENGER***                         **VIA U.S. MAIL**

19

John Bral                                  Jeffrey D. Gross, M.D.
2610 Main Street, Suite 960                10 Orion Way

20

Irvine, CA 92614                           Coto de Casa, CA 92679

21

**VIA U.S. MAIL**                          **VIA U.S. MAIL**

22

Melissa C. Gross                           Shans Investment Group LLC
10 Orion Way                               16300 Sand Canyon Avenue, Suite 903

23

Coto de Casa, CA 92679                     Irvine, CA 92618

24

25

26

27

28

**PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VIA U.S. MAIL**
Joseph C. Bral
1 Half Moon
Irvine, CA  92614

**VIA U.S. MAIL**
Mehrdad Tabar
1 Half Moon
Irvine, CA  92614

**VIA U.S. MAIL**
Juliet Bral
1 Half Moon
Irvine, CA  92614

**PROOF OF SERVICE**

**THIS IS YOUR CRS RECEIPT**

| INSTRUCTIONS |
| --- |
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



**RESERVATION INFORMATION**

| | |
| --- | --- |
| Reservation ID: | **170118188665** |
| Transaction Date: | January 18, 2017 |
| Case Number: | BS146302 |
| Case Title: | BARRY A BEITLER VS JOHN BRAL |
| Party: | BEITLER BARRY A. (Plaintiff/Petitioner) |
| Courthouse: | Stanley Mosk Courthouse |
| Department: | 15 |
| Reservation Type: | **Other motion (not otherwise listed)** |
| Reservation Type Description: | Motion for charging order |
| Date: | 2/27/2017 |
| Time: | 08:30 am |

**FEE INFORMATION (Fees are non-refundable)**

First Paper Fee: Party asserts first paper was previously paid.

| Description | Fee |
| --- | --- |
| Other motion (not otherwise listed) | $60.00 |
| **Total Fees:** Receipt Number: 1170118K1519 | **$60.00** |

**PAYMENT INFORMATION**

| | |
| --- | --- |
| Name on Credit Card: | Francis Che |
| Credit Card Number: | XXXX-XXXX-XXXX-9088 |

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**

1   LEVY, SMALL & LALLAS
    A Partnership Including Professional Corporations
2   TOM LALLAS (SBN: 66512)
    MARK D. HURWITZ (SBN: 151159)
3   815 Moraga Drive
    Los Angeles, California 90049-1633
4   Telephone:    (310) 471-3000
    Facsimile:    (310) 471-7990
5
    Attorneys for Judgment Creditor
6   BARRY A. BEITLER

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  BARRY A. BEITLER, an individual,       CASE NO.   BS 146302
                                           [Hon. Richard L. Fruin; Dept. "15"]
12          Petitioner,

13      v.                                 NOTICE OF MOTION AND MOTION
                                           FOR ORDER CHARGING JOHN
14  JOHN BRAL, an individual,              BRAL'S INTEREST IN WESTCLIFF
                                           INVESTORS, LLC; DECLARATION
15          Respondent.                    OF BARRY BEITLER

16                                         Date:   February 27, 2017
                                           Time:   8:30 a.m.
17                                         Dept.:  15

18                                         [Reservation No. 170118188670]

19                                         Judgment Entered:    November 17, 2016

20

21

22

23

24

25

26

27

28

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

                                    1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 1 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

FILED BY FAX

**NOTICE OF MOTION**

TO JUDGMENT DEBTOR JOHN BRAL AND TO WESTCLIFF INVESTORS, LLC:

PLEASE TAKE NOTICE that on February 27, 2017 at 8:30 a.m., in Department 15 of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Judgment Creditor Barry A. Beitler ("Beitler") will move this Court for issuance of an order (1) charging the membership interest of Judgment Debtor John Bral ("Bral"), in the limited liability company known as Westcliff Investors, LLC ("Westcliff"), with payment of the unpaid balance of the Judgment entered in this action, which currently totals $780,803.71 (plus recoverable post-judgment costs and attorney's fees), and (2) directing Westcliff and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

This Motion is made pursuant to Code of Civil Procedure sections 708.310 and 708.320, and Corporations Code section 17705.03, on the grounds that the Judgment entered against Bral in this action remains unsatisfied in the amount indicated above, and Bral has a membership interest in Westcliff.

This Motion based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Barry Beitler, the pleadings and papers on file herein, and such other evidence and argument as the Court may consider.

DATED:  January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ


By: _____
        Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33090

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

1

**NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN WESTCLIFF INVESTORS, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

Code of Civil Procedure ("CCP") section 708.310 provides that, if a money judgment is rendered against a member of a limited liability company ("LLC"), but not against the LLC itself, the judgment debtor's interest in the LLC may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Corporations Code section 17705.03. Corporations Code section 17705.03 provides that the Court that entered the judgment may charge the assignable membership interest of the debtor-member with payment of the unsatisfied amount of the judgment and interest and costs thereon and may make all other orders which the circumstances of the case require.

Since (a) judgment debtor John Bral ("Bral") is a member of the LLC known as Westcliff Investors, LLC ("Westcliff"), and (b) judgment creditor Barry A. Beitler ("Beitler") has a judgment against Bral that was entered on November 17, 2016 in this action ("Judgment"), the Court should enter an order on this motion applying Bral's interest in Westcliff toward satisfaction of the Judgment and directing Westcliff and all of the members thereof to pay directly to Beitler any sums or property now or hereafter due to Bral, until the total amount of the Judgment, with interest and costs thereon, is paid in full.

For the foregoing reasons, Beitler respectfully requests that the Court issue an order (1) charging Bral's membership interest in Westcliff with payment of the unpaid balance of the Judgment entered in favor of Beitler in this action, which currently totals $780,803.71 (plus recoverable post-judgment costs and attorney's fees), and (2) directing Westcliff and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: _____
Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33090

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

2

# DECLARATION OF BARRY A. BEITLER

I, BARRY A. BEITLER, declare as follows:

1.      I am the Plaintiff and Judgment Creditor in this action.  I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I am also a manager and member of Westcliff Investors, LLC ("Westcliff"), which is a California limited liability company.

3.      The other members of Westcliff are (a) John Bral ("Bral"), who is the Defendant and Judgment Debtor in this action, and (b) Betsy Boyd.

4.      The Judgment in my favor in this action was entered by the Court in favor of me and against Bral on November 17, 2016.  Enforcement of the Judgment has not been stayed by stipulation, order of the Court, or any applicable law.

5.      The amount due and owing on the Judgment as of January 17, 2017 is the sum of $780,803.71, which includes:

> (a)      The sum of $767,969.31 as of November 17, 2016 as stated in the Judgment, including (i) damages as of June 15, 2016 in the sum of $591,826.61, (ii) pre-judgment interest in the sum of $14,359.20, at the rate of $92.64 per day from and after June 15, 2016 for 155 days through the November 17, 2016 date of entry of the Judgment, (iii) attorney fees in the sum of $118,083.50, (iv) costs in the sum of $2,387.37, (v) fees paid to JAMS in the sum of $39,640.02, and (vi) transcript fees in the sum of $1,672.61, and

> (b)      Post-judgment interest in the sum of $12,834.40, calculated on the $767,969.31 Judgment for 61 days from and after November 17, 2016 through January 17, 2017, at the statutory rate of 10% per annum, or $210.40 per day.

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

3

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
WESTCLIFF INVESTORS, LLC
Page 53

6.    The foregoing sum does not include post-judgment costs and attorney's fees, which I may also be entitled to recover.

7.    No amount has been paid on the Judgment.

8.    My address is 825 S. Barrington Avenue, Los Angeles, California 90049. Betsy Boyd's address is 3453 Sommerset Circle, Costa Mesa, California 92626.

9.    Bral's residential address is 64 Sandpiper, Irvine, California 92604.  Bral's business address is 2610 Main Street, Suite 960, Irvine, California 92614, which is also the address Bral caused to be listed with the California Secretary of State as Westcliff's address.

10.    Although I am a member and manager of Westcliff, in an abundance of caution, I will cause service of this Motion on Westcliff to be made by delivering a copy thereof to Bral at his business address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _18_ th day of January, 2017 at Los Angeles, California.


BARRY A. BEITLER

33090

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
WESTCLIFF INVESTORS, LLC

1

## PROOF OF SERVICE
*Barry A. Beitler v. John Bral*
Los Angeles Superior Court Case No. BS 146302

2

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

4

5

     On January 18, 2017, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN WESTCLIFF INVESTORS, LLC; DECLARATION OF BARRY BEITLER** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached service/mailing list in the manner indicated below:

6

7

8

9

### SEE ATTACHED SERVICE LIST

10

11

☒    **(BY U.S. MAIL):** I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this proof of service.

12

13

14

15

☒    **(BY MESSENGER SERVICE)\*:** I served said document(s) by placing them in a sealed envelope or package addressed to the person(s) listed on the attached service/mailing list and provided them to a professional messenger service.

16

17

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

     Executed on January 18, 2017, at Los Angeles, California.

19

20

HEIDI PETRILLI

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

# SERVICE LIST

2

*Barry A. Beitler, etc. v. John Bral, etc., et al.*
Los Angeles Superior Court
Case No. BS 146302

3

4

5

**VIA U.S. MAIL**                                    Attorneys for Defendant
Babak (Bobby) Samini, Esq.                      **JOHN BRAL**

6

SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700

7

Newport Beach, CA 92660
Tel:    (949) 724-0900

8

Fax:    (949) 724-0901

9

10

**VIA U.S. MAIL**                                    Co-Counsel for Defendant
Lloyd K. Chapman, Esq.                           **JOHN BRAL**

11

LAW OFFICE OF LLOYD K. CHAPMAN
4558 Sherman Oaks Avenue, Second Floor

12

Sherman Oaks, CA 91403
Tel:    (818) 304-8412

13

Fax:    (818) 990-1477

14

15

**VIA U.S. MAIL**                                    Co-Counsel for Respondent
Gary K. Salomons, Esq.                           **JOHN BRAL**

16

GABRIELSALOMONS, LLP
16311 Ventura Blvd., Ste. 970

17

Encino, CA 91436

18

19

**VIA MESSENGER***                              **VIA MESSENGER***
John Bral                                                 Westcliff Investors, LLC

20

64 Sandpiper                                            2610 Main Street, Suite 960
Irvine, CA  92604                                     Irvine, CA  92614

21

22

**VIA MESSENGER***                              **VIA U.S. MAIL**
John Bral                                                 Betsy Boyd

23

2610 Main Street, Suite 960                     3453 Sommerset Circle
Irvine, CA  92614                                     Costa Mesa, CA  92626

24

25

26

27

28

POC NO. 13
Page 56

**PROOF OF SERVICE**

THIS IS YOUR CRS RECEIPT

| INSTRUCTIONS |
|---|
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID.<br><br> |

**RESERVATION INFORMATION**

Reservation ID:      **170118188670**

Transaction Date:      January 18, 2017

Case Number:      BS146302
Case Title:      **BARRY A BEITLER VS JOHN BRAL**
Party:      **BEITLER BARRY A. (Plaintiff/Petitioner)**

Courthouse:      Stanley Mosk Courthouse
Department:      **15**
Reservation Type:      **Other motion (not otherwise listed)**
Reservation Type Description:      Motion for charging order
Date:      2/27/2017
Time:      08:30 am

**FEE INFORMATION (Fees are non-refundable)**

First Paper Fee:      Party asserts first paper was previously paid.

| Description | Fee |
|---|---|
| Other motion (not otherwise listed) | $60.00 |
| **Total Fees:**     Receipt Number: 1170118K1546 | **$60.00** |

**PAYMENT INFORMATION**

Name on Credit Card:      Francis Che
Credit Card Number:      XXXX-XXXX-XXXX-9088

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BARRY BEITLER [CLAIM NO. 13]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) October 13, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 13, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.c
  om
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com

**SERVED VIA FIRST-CLASS MAIL:**

Barry Beitler
c/o Gary E. Klausner, Esq.
Levene Neale Bender, et al
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**