1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone   714-966-1000
6  Facsimile   714-966-1002

7  Attorneys for Debtor and Debtor-in-Possession
   John Jean Bral

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **SANTA ANA DIVISION**

12 | In re                          | Case No. 8:17-bk-10706-SC

13 | JOHN JEAN BRAL,                 | Chapter 11

14 |            Debtor.             | **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BARRY BEITLER**
15 |                                | **[CLAIM NO. 21-1]; MEMORANDUM OF POINTS AND AUTHORITIES; AND**
16 |                                | **DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF**
17
                                    **DATE:    December 14, 2017**
18                                  **TIME:    11:00 a.m.**
                                    **Place:   Courtroom 5C**
19                                  **411 West Fourth Street**
                                    **Santa Ana, California 92701**
20

21

22

23

24

25

26

27

28

   1133960.1                                              OBJECTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000   Fax 714-966-1002

1 | **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2 | **JUDGE, BARRY BEITLER, AND ALL OTHER INTERESTED PARTIES:**

3 |     **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 502, Federal Rule of

4 | Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on December 14, 2017,

5 | at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the

6 | United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California

7 | 92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral,

8 | the debtor and debtor-in-possession in the above-captioned chapter 11 case (the

9 | "Debtor"), to Claim No. 21-1 filed by Barry Beitler ("Beitler").

10 |     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

11 | 1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen

12 | (14) days prior to the hearing on the Objection (as further set forth in the Notice served

13 | concurrently herewith).

14 |     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

15 | 1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief

16 | requested in the Objection without further notice or hearing.

17 |     **PLEASE TAKE FURTHER NOTICE** that the Objection is based on the Notice of

18 | Hearing, the attached Memorandum of Points and Authorities, the Declaration of John

19 | Jean Bral appended hereto, the files and records of this Court related to the Debtor's

20 | case, and upon such other oral and documentary evidence as may be presented to the

21 | Court at or before the time of the hearing on the Objection.

22 | ///

23 | ///

24 | ///

25 |

26 |

27 |

28 |

1    **WHEREFORE**, the Debtor requests that the Court enter an order (i) disallowing in

2  its entirety Claim No. 21-1 filed by Beitler on the grounds that the Debtor is not personally

3  liable for the claim and, as such, the claim is not a valid claim against the Debtor; and (ii)

4  for such other and further relief as may be just and proper under the circumstances of this

5  case.

6                                                    Respectfully submitted,

7  Dated:  October 13, 2017                          LOBEL WEILAND GOLDEN FRIEDMAN LLP

8

9                                      By:  */s/ Beth E. Gaschen*_____
                                            WILLIAM N. LOBEL
10                                          ALAN J. FRIEDMAN
                                            BETH E. GASCHEN
11                                          Attorneys for Debtor
                                            and Debtor-in-Possession
12                                          John Jean Bral

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1133960.1                                3                              OBJECTION

## I.    INTRODUCTION

By this Objection, the Debtor seeks the disallowance, in its entirety, of Claim No. 21-1 filed by Beitler. Claim No. 21-1 is based upon a ruling after trial entered only against Beitler in a state court action in which the Debtor is not a named party. Claim No. 21-1 is not a valid claim against the Debtor's estate and the Debtor is not personally liable for such claim. Accordingly, the Objection should be sustained.

## II.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.    The Debtor and the Chapter 11 Filing

The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

### C.    The Claim

On June 16, 2017, Beitler filed a proof of claim ("Claim No. 21-1") in the amount of $198,065.35. A true and complete copy of Claim No. 21-1 is attached to this Objection and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1 and incorporated herein by this reference. Claim No. 21-1 alleges that Beitler is entitled to indemnification and/or contribution from the Debtor in connection with a Ruling After Court Trial (the "Ruling") issued in the underlying state court litigation entitled DPI Group, LLC

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    vs. Mineral King Investor, LLC, which ruling finds that "Force-Beitler was the alter ego of

2    Beitler and he is individually liable for the CAM charges owed plaintiff in the amount of

3    $198,065.35." (*See* Attachment to Claim No. 21-1).

4    **III.    CLAIM NO. 21-1 SHOULD BE DISALLOWED IN ITS ENTIRETY AS IT IS NOT A**

5    **LIABILITY OF THE ESTATE**

6    Pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and section 502(a) of

7    the Bankruptcy Code, a timely filed and properly documented proof of claim is deemed

8    prima facie valid.  Section 502(b)(1) of the Bankruptcy Code provides that a claim will not

9    be allowed to the extent that the claim is for "an unenforceable debt against a debtor and

10   property of the debtor, under any agreement or applicable law for a reason other than

11   because such claim is contingent or unmatured. . . ."

12   "[T]he burden of initially going forward with the evidence as to the validity and the

13   amount of the claim is that of the objector to that claim.  3 L. King, COLLIER ON

14   BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991).  Once "the objector produces sufficient

15   evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts

16   to the claimant to prove the validity of the claim by a preponderance of the evidence."  In

17   re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-

18   74 (3d Cir. 1992)).  The ultimate burden of persuasion remains at all times upon the

19   claimant.  Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000);

20   In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Gray, 522 B.R. 619, 625 (Bankr. D.

21   Idaho 2014) ("If the objector produces evidence sufficient to negate the validity of the

22   claim, the ultimate burden of persuasion remains on the claimant to demonstrate by

23   preponderance of the evidence that the claim deserves to share in the distribution of the

24   debtor's assets."); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (9th Cir. BAP 1993);

25   In re Parrott Broadcasting Ltd. P'ship, 492 B.R. 35, 38 (Bankr. D. Idaho 2013); In re

26   Blixeth, 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in overcoming

27   prima facie effect of procedurally proper proof of claim, burden shifts to claimant to prove

28   validity of its claim, and claimant must satisfy that burden by preponderance of evidence).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  *See also* Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 244 (1939) (stating that the

2  bankruptcy court has the power to shift the circumstances surrounding any claim to see

3  that injustice or unfairness is not done in administering the bankruptcy estate).

4        Claim No. 21-1 should be disallowed in its entirety as it is not enforceable against

5  the Debtor and is not a valid claim against his estate.  The only evidence filed in support

6  of Claim No. 21-1 is the Ruling.  The Ruling was issued in a state court action entitled DPI

7  Group, LLC v. Mineral King Investor, LLC and the Ruling makes clear that the trial that led

8  to the Ruling involved DPI Group LLC as plaintiff and Force-Beitler 3916, LLC ("Force-

9  Beitler"), Cannae Financial, LLC ("Cannae"), and Beitler as defendants.  (*See* Claim No.

10  21-1 at page 14.)  The Debtor was not a party to the action.  In addition to the fact that the

11  Debtor was not a party to the action, the Ruling makes clear that the case was "presented

12  solely on the theory of alter ego liability" as it related to Beitler and Force-Beitler and the

13  Court found that "Force-Beitler was the alter ego of Beitler and [Beitler] is individually

14  liable for the CAM charges owed plaintiff in the amount of $198,065.35." (*See* Claim No.

15  21-1 at pages 17 & 21.)  Beitler has provided no legal or factual basis for his claim of

16  indemnification or contribution or any evidence or authority for a finding that Claim No. 21-

17  1 is in any way a liability of the Debtor and this estate and the claim should be disallowed.[1]

18  Failure to disallow Claim No. 21-1 would result in Beitler receiving an unwarranted

19  recovery against the Debtor, to the detriment of other creditors.

20  **IV.**  **RESERVATION OF RIGHTS**

21        This Objection is limited to the grounds stated herein.  Accordingly, it is without

22  prejudice to the right of the Debtor to object to Claim No. 21-1 on any other ground

23  whatsoever, and the Debtor expressly reserves all further substantive and/or procedural

24  objections he may have.

25  

---

26    [1] The Ruling correctly states that the Debtor was a co-owner of Mineral King Investors, LLC ("Mineral King"); however, while Mineral King was sued as a defendant, the Debtor himself was not.  The Debtor only

27  became aware of the litigation when he reviewed Claim No. 21-1.  Mineral King had also ceased operating prior to the Ruling being entered.

28

1 | **V.    CONCLUSION**

2 |      The Debtor objects to the allowance of Claim No. 21-1 for the reasons stated

3 | herein, and the Debtor moves this Court for an order (i) disallowing in its entirety Claim

4 | No. 21-1; and (ii) for such other and further relief as may be just and proper under the

5 | circumstances of this case.

6 |                  Respectfully submitted,

7 | Dated: October 13, 2017          LOBEL WEILAND GOLDEN FRIEDMAN LLP

8 |

9 |                 By:  */s/ Beth E. Gaschen*_____

10 |                     WILLIAM N. LOBEL

                    ALAN J. FRIEDMAN

11 |                     BETH E. GASCHEN

                    Attorneys for Debtor and

12 |                     Debtor-in-Possession

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000  Fax 714-966-1002*

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.    I am the debtor and debtor-in-possession in the above-captioned case.  The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto.  I make this declaration in support of the Objection to Proof of Claim Filed by Barry Beitler [Claim No. 21-1] (the "Objection").  Any term not specifically defined herein shall have the meaning provided in the Objection.

2.    This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date").  I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this case.  No official committee of unsecured creditors has been appointed in this case.

3.    I have commenced reviewing and reconciling the proofs of claims filed against my estate.  These efforts have resulted in the identification of the disputed claim, Claim No. 21-1, filed by Beitler on June 16, 2016, a true and complete copy of which is attached hereto and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1 and incorporated herein by this reference.

4.    I was not named as a party to the underlying state court action entitled DPI Group, LLC v. Mineral King Investor, LLC.  I was unaware of the litigation until I reviewed Claim No. 21-1.  Mineral King ceased operating prior to the Ruling being entered.

///

///

///

5.      I believe that granting the relief requested in the Objection is in the best interests of my estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October 2017, at Irvine, California.

John Jean Bral

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JOHN JEAN BRAL |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the:  Central District of California

Case number  8:17-BK-10706-SC

---

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Barry Beitler**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Gary E. Klausner, Esq.<br>Name<br><br>10250 Constellation Blvd., Suite 1700<br>Number      Street<br><br>Los Angeles      CA      90067<br>City      State      ZIP Code<br><br>Contact phone (310) 229-1234<br><br>Contact email GEK@LNBYB.COM | Where should payments to the creditor be sent? (if different)<br><br>Barry Beitler<br>Name<br><br>825 Barrington Avenue<br>Number      Street<br><br>Los Angeles      CA      90048<br>City      State      ZIP Code<br><br>Contact phone _____<br><br>Contact email bbeitler@beitler.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

---

Official Form 410                                   Proof of Claim                                   POC NO. 21

Page 1

**Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

---

7. **How much is the claim?**   $ 198,065.35 _____.  **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Claimant is entitled to indemnification and/or contribution from the Debtor in connection with the attached Ruling After Court Trial.

---

9. **Is all or part of the claim secured?**

   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:   $_____
   Amount of the claim that is secured:   $_____
   Amount of the claim that is unsecured:   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:   $_____

   Annual Interest Rate (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

---

10. **Is this claim based on a lease?**

    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

---

11. **Is this claim subject to a right of setoff?**

    ☑ No
    ☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? |  |  |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | |
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | **Check the appropriate box:** |
|---|---|
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date   06/16/2017
                  MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Barry Beitler | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 825 Barrington Avenue | | |
| | Number      Street | | |
| | Los Angeles | CA | 90049 |
| | City | State | ZIP Code |
| Contact phone | (310) 820-2955 | Email  bbeitler@beitler.com | |

## ATTACHMENT TO PROOF OF CLAIM OF BARRY BEITLER

### Reservation of Rights

Claimant reserves the right to (i) amend, update and/or supplement this Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents or other liability or indebtedness of the Debtor to Claimant (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507.

In addition to the foregoing, Claimant reserves all rights with respect to (a) any indebtedness owed to Claimant by any non-debtor affiliate or other entity related to the Debtor, and (b) any other amounts that may be owing to Claimant in respect of interest, fees, indemnities, costs and expenses to the extent permitted by applicable law.

Nothing contained in this Proof of Claim shall be construed as limiting Claimants rights, remedies and interests.

The filing of this proof of claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim; (iii) an election of remedy; or (iv) a waiver of any past, present or future defaults or events of default. Claimant specifically preserves all of Claimant's procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor or any of its debtor or non-debtor affiliates, or by any trustee for this estate.

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

APR 28 2017

LARAYNE CLEEK, CLERK
BY: _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF TULARE

|  |  |
|---|---|
| DPI GROUP, LLC,<br><br>                         Plaintiff, | Case No.: VCU251177 |
| vs. | RULING AFTER COURT TRIAL |
| MINERAL KING INVESTOR, LLC; et al.<br>                         Defendant. | Hearing Date:  March 28, 2017<br>Time:                  10:00 a.m.<br>Department:     7 |

This matter came on for trial in Department 7 of the Tulare County Superior Court on March 28, 2017. Plaintiff DPI Group, LLC was represented by Russell Burke of Williams, Brodersen & Pritchett. Defendants Force-Beitler 3916, LLC, Cannae Financial, LLC and Barry Beitler were represented by Leonard Herr and Alex Thompson of Herr, Pederson & Berglund LLP.

Facts:

The facts of the case are essentially undisputed. DPI Group, LLC ("DPI") owns a shopping center in Visalia, California commonly referred to as the Vons Shopping Center, even though Vons has not done business there for several years. Plaintiff owns the center and oversees maintenance of

- 1 -

the common areas for the center. DPI charges maintenance fees to the tenants and owners of the center pursuant to the Covenants, Conditions and Restrictions (CC&Rs) for the center originally recorded in 1982. Until recently, Force-Beitler 3916, LLC (Force-Beitler) owned the building in which the Vons store formerly operated. Force-Beitler owned 50% of this building as tenant in common with Mineral King Investor, LLC (Mineral King).

Between 2010 and 2015 Force-Beitler and Mineral King did not pay the vast majority of the Common Area Maintenance ("CAM") charge associated with the building they owned. They made exactly two payments on the CAM charges, $20,000 on 1/17/11 and $20,000 on 8/18/11 leaving an eventual delinquency of $198,065.35. These unpaid CAM charges are the subject of this suit.

David Siegel "("Siegel") acted as property manager for DPI. He testified that he collected rents and billed the owners for the CAM charges. His firm billed the owners of the parcels monthly based on the percentage of the total square footage of the center. He provided an annual reconciliation for all of the tenants and owners at the center. He said that the owners of the Vons parcel consistently failed to pay their share of the CAM charges and that only two $20,000 payments were received after countless dunning letters, emails and calls from his office, DPI's owner and their attorney.

He said that his firm got notice in early 2015 that the Von's building had been sold to Cannae Financial, LLC ("Cannae"). Siegel started billing Cannae after January 2015, but that company didn't pay the CAM charges either. Both Force-Beitler and Cannae shared the same office address as defendant Barry Beitler ("Beitler") and Siegel continued to contact Beitler and a consultant who worked for him, Ron Rezak ("Rezak"). Mineral King was owned by John Bral ("Bral") again as a one-member limited liability company. Eventually DPI's attorney sued for the unpaid charges and Cannae paid its share, but the share owned by Mineral King and Force-Beitler was not paid. On

- 2 -

cross-examination Siegel admitted he did not know at the time what relationship Beitler had with Force-Beitler and that Beitler never personally volunteered to pay the CAM charges.

DPI's owner, Pat DeSantis ("DeSantis"), testified that he also tried to contact Beitler to get the CAM charges paid. He testified that Beitler spoke for Force-Beitler and that Beitler always told him the CAM charges would be paid. DeSantis said he did not have a lien placed on the Von's building as he knew these liens were junior to any financing on the property and he did not want to pay off that financing to protect the liens.

Beitler testified that he owned a commercial real estate company, Beitler and Associates. He testified that he was the sole owner and manager of Force-Beitler. That LLC owned one asset, the Vons building and he said he put $460,000 into the reverse 1031 exchange to purchase the property. Force-Beitler and Mineral King secured a loan from Commercial Bank of California ("Commercial Bank") to purchase the building. That loan was extended a number of times, until the bank gave notice that they would not provide a further extension. Beitler signed a personal guaranty for this loan.

Beitler is also the sole owner and manager of Cannae. He borrowed money from a private party and put those funds into Cannae. Cannae purchased the loan from the bank and then foreclosed on the Von's property. He said he put the borrowed money into Cannae on advice of counsel. Cannae purchased the Von's building for $650,000 at the foreclosure sale, and Cannae later sold the property for $1,425,000. He testified that Cannae purchased the loan, not the obligation for the CAM charges. He testified that he did not comingle personal funds with funds in Cannae or Force-Beitler. He did not know if Force-Beitler was a suspended LLC at the time of trial. He said he was currently in litigation with the owners of Mineral King in relation to Mineral King's unpaid obligations on the Von's property.

- 3 -

Discussion:

This case was presented solely on the theory of alter ego liability.  In evaluating a claim like this, the case law states two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone. *Sonora Diamond Corp. v. Superior Court (Sonora Union High School Dist.)* (2000) 83 Cal. App. 4th 529.

The Court finds that the required unity of interest and ownership between the LLC and its owner exists.  It is undisputed that Beitler set up Force-Beitler as a single purpose entity to hold the Vons property. He was the sole owner of the entity and it did no business, other than to hold this vacant building, and to try, somewhat unsuccessfully, to lease or sell it.  The LLC itself had no ability to generate income to pay the loans that were used to purchase the Vons building or the CAM charges which accrued monthly. Beitler was individually liable for the loan to Commercial Bank, and kept those payments current, but Force-Beitler made little effort to pay the CAM charges.  Beitler and Force-Beitler shared Beitler's office address and Beitler spoke for the LLC, except when he refused to return calls or delegated this responsibility to Rezak, who testified he acted as a consultant for Beitler and not as an employee of Force-Beitler.

The Vons building was held as tenants in common with Mineral King, and the two parties had an agreement that each LLC would provide additional capital contributions as needed for the "operation and maintenance of the property." The agreement acknowledged that, though both businesses were liable for a pro rata share of the fees, neither LLC had any independent means of generating income. The agreement contemplates potential funds from "operations, sale or refinancing

-4-

of the Property." In practice neither Mineral King nor Force-Beitler paid their share of the property maintenance expenses. (Ex 19)

The Court also finds that the second prong of the test to establish alter ego liability is met. There would be an inequitable result if the acts in question are treated as those of the LLC alone. Through this transaction, Beitler "on advice of counsel" was able to structure, through a series of entities, a result in which he absolved himself of personal liability in relation to the loans to Commercial Bank,  preserved his rights to seek reimbursement from Mineral King for its failure to pay its share of the expenses for the Vons property, another LLC solely owned  by Beitler ended as the sole owner of the Vons buildings, and he avoided personal liability for the CAM charges owed plaintiff.

The Court is aware that a finding of alter ego liability is often discussed as a disfavored remedy and that, " The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." *Sonora Diamond Corp.*, (supra), 83 Cal.App.4th 529.

The Court finds that the scenario cited above rises to the level of bad faith contemplated by the relevant case law. This is not a case where a going concern slipped into insolvency through no fault of its owners. It's a case where an LLC with a single property and no income was able to accrue a significant obligation, and then through a series of legal maneuvers, was able to divest itself of its sole asset in favor of its owners leaving the LLC containing only debts.

In establishing alter ego liability the court is directed to consider a variety of diverse factors: " among them are: "'[c]ommingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses . . .;

- 5 -

. . the treatment by an individual of the assets of the corporation as his own . . .; . . . the failure to

obtain authority to issue stock or to subscribe to or issue the same . . .; . . . the holding out by an

individual that he is personally liable for the debts of the corporation . . .; the failure to maintain

minutes or adequate corporate records . . .; . . . sole ownership of all of the stock in a corporation by

one individual or the members of a family . . .; . . . the failure to adequately capitalize a corporation;

the total absence of corporate assets, and undercapitalization. . .; . . . the use of a corporation as a

mere shell, instrumentality or conduit for a single venture or the business of an individual or another.

corporation . . .; . . . the concealment and misrepresentation of the identity of the responsible

ownership, management and financial interest, or concealment of personal business activities . . .; . . .

the disregard of legal formalities and the failure to maintain arm's length relationships among related

entities . . .; . . . the use of the corporate entity to procure labor, services or merchandise for another

person or entity . . .; . . . the diversion of assets from a corporation by or to a stockholder or other

person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between

entities so as to concentrate the assets in one and the liabilities in another . . .; . . . the contracting with

another with intent to avoid performance by use of a corporate entity as a shield against personal

liability, or the use of a corporation as a subterfuge of illegal transactions . . .; " *Leek v Cooper* (2011)

194 Cal.App.4th 399.

Siegel testified that it was a constant struggle to seek payments from Force-Beitler for the

CAM charges, and one he waged with little success. He testified to ignored billings, dunning emails,

promised payments by·Beitler and even representations that the check was in the mail. All of this

resulted in exactly two payments in 2011, totaling $40,000. Beitler testified that he put over $400,000

into Force-Beitler, though since this was a reverse 1031 exchange, where the replacement property is

identified before the sale of the relinquished property is complete; the funds were used to purchase

the Vons building, leaving little capital in Force-Beitler.

- 6 -

Certainly the LLC was undercapitalized throughout its existence. Trial testimony indicated that Force-Beitler was delinquent in paying the CAM charges when DPI purchased the shopping center and continued to be delinquent in paying those charges throughout its ownership of the Von's property. Force-Beitler also used DPI for "labor, services and merchandise." DPI continued to maintain the whole of the shopping center, provided landscaping services, security and cleaning that benefited Force-Beitler even while it neglected to pay for these services.

Force-Beitler had insufficient funds present in the entity to pay its ongoing obligations, and no way of generating new income. It was not a going concern. It had no independent office, no employees, no officers, no mangers, and all of its communications were through employees or agents of Bral or Beitler. The operating agreement essentially vests all control of the entity in Barry Beitler. It acted as a shell entity with no apparent purpose other than to hold a single asset and shield its owner from liability related to that asset. When questioned at trial, Beitler couldn't even remember if Force-Beitler it was still an active LLC.

Counsel for Force-Beitler argues that the LLC was adequately capitalized in that it was able to put sufficient capital into the purchase of the property and qualify for funding through a commercial loan, but that argument ignores the obvious points that there still has been no showing that Force-Beitler had adequate capital resources to meet its ongoing obligations and no way to generate income. It also ignores the fact that the loan from Commercial Bank was made with a personal guaranty by Beitler as an individual, and the demand letter from Commercial Bank's lawyers to the LLC when the loan matured made it clear they intended to purse the guarantors. (Ex 21) Likewise counsel for defendant argues that all of the transactions by Cannae were made at arm's length, again ignoring that Cannae was solely owned by Beitler and that all such transactions benefited him.

-7-

Several of the factors required to find alter ego liability are present here, not only undercapitalization, but unity of ownership and interest, the diversion of assets from one entity into another solely owned by the same party, the concentration of assets in one entity and debts in another, the treatment of the assets of the LLC as the assets of the owner, the procurement of labor or services which were not paid, and the use of the LLC as a shell to avoid liability.

Accordingly, the court finds that Force-Beitler was the alter ego of Beitler and he is individually liable for the CAM charges owed plaintiff in the amount of $198,065.35. The court declines the request to amend the complaint after trail to name Cannae as a party under the second, third and fourth causes of action. Counsel for plaintiff had adequate opportunity to discover and pursue the theory of liability of Cannae prior to the close of proof by all parties. Counsel for plaintiff is directed to prepare a judgment consistent with this ruling.

Dated  1 / 28 /

Honorable Bret D. Hillman

Judge of the Superior Court County of Tulare

- 8 -

SUPERIOR COURT OF CALIFORNIA
COUNTY OF TULARE
Visalia Division
221 S Mooney Blvd
Room 303
Visalia, CA  93291
(559) 730-5000

DPI Group, LLC
    Plaintiff/Petitioner,

vs.

Mineral King Investor, LLC
    Defendant/Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. VCU251177

## CLERK'S CERTIFICATE OF SERVICE BY MAIL

I certify that I am not a party to this cause.

I certify that I placed the Ruling After Court Trial for collection and mailing on the date shown, so as to cause
it to be mailed in a sealed envelope with postage fully prepaid on that date following standard court practices
to the persons and addresses shown. The mailing and this certification occurred at 221 S. Mooney Blvd
Visalia, California 93291 on April 28, 2017.

LARAYNE CLEEK,
CLERK OF THE SUPERIOR COURT
COUNTY OF TULARE

By _____
    Patricia Finney Deputy Clerk

Names and Mailing Address of Person(s) Served:

Russell Burke
Williams, Brodersen & Pritchett, LLP
2222 West Main Street
Visalia, CA 93291

Leonard Herr
Herr, Pederen, Berglund LLP
100 Willow Plaza  Suite 300
Visalia, CA 93291

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BARRY BEITLER [CLAIM NO. 21]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 13, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 13, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.c
  om
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com

**SERVED VIA FIRST-CLASS MAIL:**

Barry Beitler
c/o Gary E. Klausner, Esq.
Levene Neale Bender, et al
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**