1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone   714-966-1000
6  Facsimile   714-966-1002

7  Attorneys for Debtor and Debtor-in-Possession
   John Jean Bral
8

9                **UNITED STATES BANKRUPTCY COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11                    **SANTA ANA DIVISION**

12  In re                          Case No. 8:17-bk-10706-SC

13  JOHN JEAN BRAL,                 Chapter 11

14        Debtor.                   **DEBTOR'S OBJECTION TO PROOF OF
                                    CLAIM FILED BY BARRY BEITLER
15                                  [CLAIM NO. 10]; MEMORANDUM OF
                                    POINTS AND AUTHORITIES;
16                                  DECLARATION OF JOHN JEAN BRAL IN
                                    SUPPORT THEREOF
17
                                    **DATE:**   **December 14, 2017**
18                                  **TIME:**   **11:00 a.m.**
                                    **Place:**  **Courtroom 5C**
19                                              **411 West Fourth Street**
                                                **Santa Ana, California 92701**
20

21

22

23

24

25

26

27

28

   1136068.1                                              OBJECTION

1

## TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION ................................................................. 3

4    II.   STATEMENT OF FACTS .................................................... 5

5        A.    Jurisdiction and Venue.................................................. 5

6        B.    The Debtor and the Chapter 11 Filing.......................... 5

7        C.    The Bar Date and the Claim......................................... 5

8        D.    The State Court Action, Default Judgment and Appeal.............. 6

9        E.    The Charging Order Motions.......................................... 6

10       F.    The Adversary Action.................................................... 7

11   III.   ANALYSIS .............................................................. 7

12       A.    Standard for Allowance of Claims ................................. 7

13       B.    Claim No. 10 Should be Disallowed Until Such Time as Beitler
Releases the Liens ........................................................ 8

14

15       C.    Claim No. 10 Should be Reclassified as a General Unsecured
Claim as There is No Basis for the Secured Status ................... 9

16       D.    Claim No. 10 Should Be Disallowed as it is Vague and
Unsupported by Sufficient Evidentiary Support......................... 11

17

18       E.    Claim No. 10 Should Be Determined on its Merits Upon
Consideration of the Debtor's Defenses .................................. 11

19   IV.   RESERVATION OF RIGHTS .............................................. 11

20   V.    CONCLUSION................................................................. 12

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

In re Allegheny Int'l, Inc.,
    954 F.2d 167 (3d Cir.1992)..................................................................... 8
5

In re Blixeth,
6    489 B.R. 154 (Bankr. D. Mo. 2013)......................................................... 8

7

In re Campbell,
    336 B.R. 430 (B.A.P. 9th Cir. 2005)....................................................... 11
8

In re Consol. Pioneer,
9    178 B.R. 222 (9th Cir. BAP 1995).......................................................... 8

10

In re Gray,
    522 B.R. 619 (Bankr. D. Idaho 2014)...................................................... 8
11

In re Hilde,
12    189 B.R. 776 (BAP 9th Cir. 1995).......................................................... 10

13

*In re Parrott Broadcasting Ltd. P'ship,*
    492 B.R. 35 (Bankr. D. Idaho 2013)........................................................ 8
14

Lundell v. Anchor Const. Specialists, Inc.,
15    223 F.3d 1035 (9th Cir. 2000)................................................................ 8

16

Pepper v. Litton,
    308 U.S. 295, 60 S.Ct. 244 (1939) ......................................................... 8
17

*Spencer v. Pugh (In re Pugh),*
18    157 B.R. 898 (9th Cir. BAP 1993).......................................................... 8

19

**Statutes**

20

11 U.S.C. § 502(a) ...................................................................................... 7

21

11 U.S.C. § 502(b)(1) .................................................................................. 7

22

11 U.S.C. § 502(d) ................................................................................... 8, 9

23

11 U.S.C. § 550.......................................................................................... 9

24

Cal. Civ. P. § 708.320(a) .......................................................................... 9, 10

25

**Other Authorities**

26

3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991).......................... 8

27

4 COLLIER ON BANKRUPTCY ¶ 502.05[1] ......................................................... 9

28

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Rules**

Fed. R. Bankr. P. 3001(f)............................................................................................... 7

1  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE, BARRY BEITLER, AND ALL OTHER INTERESTED PARTIES:**

3      **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 502, Federal Rule of

4  Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on December 14, 2017,

5  at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the

6  United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California

7  92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral,

8  the debtor and debtor-in-possession in the above-captioned chapter 11 case (the

9  "Debtor"), to Claim No. 10 filed by Barry Beitler ("Beitler").

10      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

11  1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen

12  (14) days prior to the hearing on the Objection (as further set forth in the Notice served

13  concurrently herewith).

14      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

15  1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief

16  requested in the Objection without further notice or hearing.

17      **PLEASE TAKE FURTHER NOTICE** that the Objection is based on the Notice of

18  Hearing, the attached Memorandum of Points and Authorities, the Declaration of John

19  Jean Bral appended hereto, the files and records of this Court related to the Debtor's

20  case, and upon such other oral and documentary evidence as may be presented to the

21  Court at or before the time of the hearing on the Objection.

22      **WHEREFORE**, the Debtor requests that the Court enter an Order (i) disallowing

23  Claim No. 10 until such time as Beitler releases the Liens that account for the avoidable

24  transfers (as described hereafter); (ii) reclassifying Claim No. 10 as a general unsecured

25  claim; (iii) disallowing such Claim as vague and unsupported by evidence sufficient to

26  establish its prima facie validity; or alternatively, (iv) determining the amount of such

27  unsecured claim (which is based on a default judgment which the Debtor believes will be

28  vacated on appeal) on the merits subject to proof in these proceedings and any defenses

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    thereto; and (v) for such other and further relief as may be just and proper under the

2    circumstances of this case.

3                                            Respectfully submitted,

4    Dated:  October 13, 2017           LOBEL WEILAND GOLDEN FRIEDMAN LLP

5

6                                   By:   */s/ Beth E. Gaschen*

7                                       WILLIAM N. LOBEL
                                      ALAN J. FRIEDMAN

8                                       BETH E. GASCHEN
                                      Attorneys for Debtor
                                      and Debtor-in-Possession

9                                       John Jean Bral

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

I.  **INTRODUCTION**

John Jean Bral, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this objection (the "Objection") to Claim No. 10 filed by Barry Beitler ("Beitler").  In support of the Objection, the Debtor relies on the following Memorandum of Points and Authorities and the Declaration of John Jean Bral appended hereto (the "Bral Declaration").

On June 16, 2017, Beitler filed a proof of claim ("Claim No. 10") as a secured claim in the amount of $2,589,725.46 as of the petition date, not including post-judgment fees, costs, and post-petition interest.  A true and complete copy of Claim No. 10 is attached hereto as Exhibit "1" and incorporated herein by this reference.

Claim No. 10 is alleged to be secured by Liens (defined below) on the Debtor's membership interests in Westcliff Investors, LLC ("Westcliff") and Mission Medical Investors, LLC ("Mission," and together with Westcliff, the "Companies") perfected pursuant to California Code of Civil Procedure ("CCP") § 708.320(a).  The Liens arose from Beitler's pre-petition filing and service of two notice of motion and motions for charging orders.  As asserted in the currently pending adversary between the Debtor and Beitler, these Liens are avoidable transfers.  As Beitler is an entity from which property is recoverable under 550 and is a transferee of a transfer avoidable under 547, Claim No. 10 must be disallowed in its entirety pursuant to 11 U.S.C. § 502(d) until such time as Beitler releases the Liens.

Claim No. 10 should be reclassified from a secured claim to a general unsecured claim.  The creation of the Liens by the service of the notices of motion and motions for charging orders constitute preferential transfers under section 547 of the Bankruptcy Code that are recoverable for the benefit of the estate under section 550 of the Bankruptcy Code.  The Liens were also unperfected as of the petition date as no actual order granting the motions for charging orders and continuing the Liens was entered by that date.  The Liens are, therefore, avoidable pursuant to section 544(a) of the Bankruptcy Code and recoverable for the benefit of the estate under section 550 of the Bankruptcy Code.  The

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  avoidance of the Liens as preferential transfers and/or the avoidance of the Liens based

2  upon their unperfected status as of the Petition Date mandates the reclassification of

3  Claim No. 10 to a general unsecured claim as there is no other basis for the secured

4  status of the claim under section 506 of the Bankruptcy Code.  Failure to reclassify Claim

5  No. 10 would result in Beitler receiving an undue or improper secured status to the

6  detriment of other creditors in this case.

7        Moreover, the Debtor objects to Claim No. 10 in that it is not supported by sufficient

8  evidence to establish its prima facie validity, as it attaches in support only a copy of the

9  Default Judgment and Charging Order Motions (as such terms are defined herein), and is

10  subject to disallowance based thereon.

11        Alternatively, the Debtor believes that such Claim and any defenses thereto should

12  be considered by this Court.  Claim No. 10 is based on a Default Judgment that was

13  entered in a State Court Action (as defined herein) as a discovery sanction.  The Debtor

14  believes that the superior court abused its discretion under the circumstances in striking

15  the Debtor's answer and entering a default judgment as a terminating sanction and the

16  Debtor has filed an appeal of the default judgment (defined herein as the "Appeal").  The

17  Appeal is currently stayed by virtue of the bankruptcy filing, but the Debtor is willing to

18  stipulate to relief from the automatic stay in order to allow a determination to be made in

19  connection with the Appeal.  The Debtor believes that he will be successful on the Appeal,

20  which will result in the vacation of the default judgment and the ability to try the issues of

21  liability on the merits, and subject to any defenses thereto, by way of the proceeding on

22  this Objection.[1]  The Debtor believes that a determination on the merits of Claim No. 10

23  would result in a significant reduction in the allowed amount such Claim as the amount of

24  such Claim is currently based solely on Beitler's assertions, and did not take into

25  consideration any of the Debtor's defenses to the asserted liability, including, without

26

27        [1] By filing Claim No. 10, Beitler has subjected itself to this Court's jurisdiction to determine the
amount and allowability of his asserted claim against the Debtor.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 | limitation, as to the calculation of liability and any other defenses or other rights in

2 | connection therewith.

3 | II.    **STATEMENT OF FACTS**

4 |        A.    **Jurisdiction and Venue**

5 |        This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and

6 | 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the

7 | entry of a final order by the Court in connection with this Objection to the extent it is later

8 | determined that the Court, absent consent of the parties, cannot enter final orders or

9 | judgments consistent with Article III of the United States Constitution.  Venue of this case

10 | and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

11 |        B.    **The Debtor and the Chapter 11 Filing**

12 |        The Debtor commenced this case by filing a voluntary petition under chapter 11 of

13 | title 11 of the United States Code on February 24, 2017 (the "Petition Date").  The Debtor

14 | continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-

15 | possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for

16 | the appointment of a trustee or examiner has been made in this case.  No official

17 | committee of unsecured creditors has been appointed in this case.

18 |        C.    **The Bar Date and the Claim**

19 |        This Court set a deadline of June 16, 2017 as the bar date for filing claims (the

20 | "Claims Bar Date").  On April 21, 2017, the Debtor served all known creditors and parties-

21 | in-interest with notice of the Claims Bar Date (the "Bar Date Notice") [Docket No. 47].

22 | Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions,

23 | holding a claim against the Debtor was required to file a proof of claim on or before the

24 | Claims Bar Date.  On June 16, 2017, Beitler filed Claim No. 10 as a secured claim in the

25 | amount of $2,589,725.46 as of the Petition Date, not including post-judgment fees, costs,

26 | and post-petition interest.

27 |

28 |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

### D.    The State Court Action, Default Judgment and Appeal

Claim No. 10 is based on a default judgment obtained in connection with Los Angeles Superior Court, Case No. BC 532523 (the "State Court Action").  The State Court Action was commenced by Beitler against the Debtor by the filing of a complaint on or about January 8, 2014.  On or about July 8, 2014, the Debtor filed his answer to the complaint (the "Answer").  On or about November 7, 2016, as a discovery sanction, the superior court in the State Court Action entered an order striking the Answer and entered a default judgment against the Debtor in the amount of $2,514,631 (the "Default Judgment").  On January 4, 2017, the Debtor filed his appeal of the Default Judgment (the "Appeal").

The Debtor believes that the striking of the Answer and entry of the Default Judgment, which was entered as a "terminating sanction," was an abuse of the superior court's discretion and will be overturned on Appeal to allow the merits of the dispute to be heard.  The Appeal is currently subject to the automatic stay; however, the Debtor is willing to stipulate to relief from stay to allow the Appeal to proceed.

### E.    The Charging Order Motions

On or about January 18, 2017, Beitler filed his Notice of Motion and Motion for Order Charging John Bral's Interest in Mission Medical Investors, LLC and Notice of Motion and Motion for Order Charging John Bral's Interest in Westcliff Investors, LLC (the "Charging Order Motions") based on the Default Judgment.  (*See* Exhibit "B" to Claim No. 10).  According to the Charging Order Motions, the outstanding amount of the Default Judgment as of January 17, 2017, was $2,563,545.74.

The Charging Order Motions seek the issuance of an order charging the membership interests of the Debtor in the Companies with the payment of the unpaid balance of the Default Judgment and directing to Beitler any money or property due to the Debtor until the Default Judgment plus all accrued interest and post-judgment costs are paid in full.  The Charging Order Motions were served by Beitler on January 18, 2017.  The proofs of service attached to the Charging Order Motions show service by messenger

1  on the Debtor, Mission, and Westcliff and service by U.S. mail to the other members of the
2  Companies.

3       Pursuant to CCP § 708.320(a), a charging order lien is created at the time of
4  service of the notice of the motion for the charging order.  Thus, as of January 18, 2017,
5  the date of service of the Charging Order Motions, liens (the "<u>Liens</u>") were created on the
6  Debtor's membership interests in the Companies.

7       The hearings on the Charging Order Motions were set for February 27, 2017, but
8  stayed by the filing of this bankruptcy case.

9       Demand was made on Beitler to take all steps necessary to remove and/or
10  withdraw the Liens, but Beitler has not agreed to voluntarily take said action.

11      **F.**    <u>**The Adversary Action**</u>

12       On May 9, 2017, the Debtor filed a complaint for: (1) avoidance of preference
13  pursuant to 11 U.S.C. § 547; (2) recovery of avoided transfers pursuant to 11 U.S.C.
14  § 550; and (3) disallowance of claims pursuant to 11 U.S.C. § 502 (the "<u>Complaint</u>")
15  against Beitler thereby commencing Adversary Proceeding No. 8:17-ap-01071-SC (the
16  "<u>Adversary Proceeding</u>").  Beitler's answer was filed on June 7, 2017.  On October 6,
17  2017, the Debtor amended the Complaint to add a cause of action to avoid the
18  unperfected Liens pursuant to 11 U.S.C. § 544(a) (the "<u>First Amended Complaint</u>").  The
19  answer to the First Amended Complaint is due October 20, 2017.

20  **III.**  <u>**ANALYSIS**</u>

21      **A.**    <u>**Standard for Allowance of Claims**</u>

22       Pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and section 502(a), a
23  timely filed and properly documented proof of claim is deemed prima facie valid.
24  Bankruptcy Code § 502(b)(1) provides that a claim will not be allowed to the extent that
25  the claim is for "an unenforceable debt against a debtor and property of the debtor, under
26  any agreement or applicable law for a reason other than because such claim is contingent
27  or unmatured . . ."

28

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000 · Fax 714-966-1002*

1    "[T]he burden of initially going forward with the evidence as to the validity and the

2    amount of the claim is that of the objector to that claim. 3 L. King, COLLIER ON

3    BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991). Once "the objector produces sufficient

4    evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts

5    to the claimant to prove the validity of the claim by a preponderance of the evidence." In

6    re Consol. Pioneer, 178 B.R. 222, 226 (9th Cir. BAP 1995) (quoting In re Allegheny Int'l,

7    Inc., 954 F.2d 167, 173-74 (3d Cir.1992)).  The ultimate burden of persuasion remains at

8    all times upon the claimant.  Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035,

9    1039 (9th Cir. 2000); In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Gray, 522 B.R.

10   619, 625 (Bankr. D. Idaho 2014) ("If the objector produces evidence sufficient to negate

11   the validity of the claim, the ultimate burden of persuasion remains on the claimant to

12   demonstrate by preponderance of the evidence that the claim deserves to share in the

13   distribution of the debtor's assets."); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (9th

14   Cir. BAP 1993); In re Parrott Broadcasting Ltd. P'ship, 492 B.R. 35, 38 (Bankr. D. Idaho

15   2013); In re Blixeth, 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in

16   overcoming prima facie effect of procedurally proper proof of claim, burden shifts to

17   claimant to prove validity of its claim, and claimant must satisfy that burden by

18   preponderance of evidence).  See also Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 244

19   (1939) (stating that the bankruptcy court has the power to shift the circumstances

20   surrounding any claim to see that injustice or unfairness is not done in administering the

21   bankruptcy estate).

22   **B.    Claim No. 10 Should be Disallowed Until Such Time as Beitler Releases**

23   **the Liens**

24        Section 502 provides, ". . . the court shall disallow any claim of any entity from

25   which property is recoverable under section . . . 550 . . . or that is a transferee of a transfer

26   avoidable under section . . . 547 . . ., unless such entity or transferee has paid the amount,

27   or turned over such property, for which such entity or transferee is liable under section . . .

28   550 . . . of this title." 11 U.S.C. § 502(d). "Section 502(d) of the Bankruptcy Code requires

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  disallowance of a claim of a transferee of a voidable transfer *in toto* if the transferee has

2  not paid the amount or turned over the property received as required under the sections

3  under which the transferee's liability arises." 4 COLLIER ON BANKRUPTCY ¶ 502.05[1],

4  *supra*. "Once the liability of the transferee has been determined, the claim interposed by

5  the transferee will be disallowed unless such transferee gives effect to the judgment. . . ."

6  *Id.*

7        The Debtor believes that he will be successful in proving through the Adversary

8  Action that Beitler is an entity from which property is recoverable under section 550 of the

9  Bankruptcy Code. Either because the Liens are avoidable under section 544(a) of the

10 Bankruptcy Code based upon their unperfected status as of the Petition Date or because

11 Beitler is a transferee of preferential transfers (the Liens) avoidable under section 547(b)

12 of the Bankruptcy Code (as discussed in more detail below). Beitler has not released the

13 Liens for which Beitler will be liable under section 550 of the Bankruptcy Code. Pursuant

14 to section 502(d) of the Bankruptcy Code must be disallowed until such time as Beitler

15 releases the Liens.

16     **C.**     **Claim No. 10 Should be Reclassified as a General Unsecured Claim as**

17         **There is No Basis for the Secured Status**

18       The Debtor further believes that he will be successful in avoiding the Liens and, as

19 such, there is no basis for the secured status of Claim No. 10. First, the Liens constitute

20 preferential transfers. As stated above, pursuant to CCP § 708.320(a), a charging order

21 lien is created at the time of service of the notice of the motion for the charging order.

22 Thus, as of January 18, 2017, the date of service of the Charging Order Motions, the

23 Liens were created on the Debtor's membership interests in the Companies. This

24 constitutes a transfer of an interest of the Debtor in property. The creation of a lien is a

25 transfer and the Debtor's interest in a limited liability company, including his economic

26 interest, is property of the estate. Second, the preferential transfers are to or for the

27 benefit of a creditor as the Liens are in favor of Beitler and Beitler was a creditor at the

28 time of the transfers.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1136068.1            9                OBJECTION

1    Third, the basis for the Charging Order Motions was the Default Judgment, which

2 was outstanding at the time the motions were filed (albeit subject to the Appeal). Thus,

3 the Liens are on account of an antecedent debt owed at the time the transfers occurred.

4 Fourth, the Liens arose on January 18, 2017, and ninety days prior to the Petition Date

5 (February 24, 2017) is November 26, 2016. Accordingly, the Liens were created during

6 the preference period. Fifth, the preferential transfers occurred while the Debtor was

7 insolvent as the Debtor is presumed to be insolvent during the 90 days prior to the Petition

8 Date. Sixth and finally, by way of the Liens, Beitler is receiving more than he otherwise

9 would in this case as he has transmuted his general unsecured claim into a secured claim

10 and forcing any payments that the Debtor could receive on account of the sale of his

11 membership interests or the dissolution of the Companies to be paid first to Beitler until he

12 is paid in full.

13    The Liens are also avoidable as the Liens were not perfected as of the Petition

14 Date. "[T]he charging order lien is created at time of service *of the notice of the motion* for

15 the charging order." In re Hilde, 189 B.R. 776, 784 (BAP 9th Cir. 1995), reversed on other

16 grounds (emphasis in original) (citing CCP § 708.320(a)). "The charging order provisions

17 further state that if a charging order is issued, the lien created pursuant to subdivision (a)

18 continues under the terms of the order. If issuance of the charging order is denied, the

19 lien is extinguished. In this way, the charging order lien may be considered to be

20 perfected at time of the issuance of the charging order, and it would relate back to the

21 time of the service of the motion." Hilde, 189 B.R. at 784 (internal quotations and

22 quotation marks omitted). Here, as of the Petition Date, the charging order had not been

23 issued, thus the Liens created by service of the Charging Order Motions are unperfected

24 and avoidable by use of the "strong-arm" powers provided for under section 544 of the

25 Bankruptcy Code.

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**D.    Claim No. 10 Should Be Disallowed as it is Vague and Unsupported by**
**Sufficient Evidentiary Support**

In this case, the Claim at issue is so vague it is not entitled to the presumption of validity. *See* In re Campbell, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005). The Claim attaches only the Default Judgment and the Charging Order Motions. There is insufficient evidentiary support in these supporting documents to support allowance of the Claim, and such claim is subject to disallowance on these grounds.

**E.    Claim No. 10 Should Be Determined on its Merits Upon Consideration**
**of the Debtor's Defenses**

Alternatively, as discussed above, Claim No. 10 is based upon the Default Judgment, which was entered by the superior court as a discovery sanction. The Debtor believes that the superior court abused its discretion in striking his Answer and entering the Default Judgment, which prevented the issues raised by the Claim from being determined on their merits. The Debtor, therefore, commenced the Appeal seeking review of the superior court's determination.

The Debtor will stipulate to relief from stay to allow the Appeal to proceed. The Debtor believes that he will be successful on Appeal and that the Default Judgment will be vacated and that this Court will be in a position to address the merits of Claim No. 10. The Default Judgment was based solely on Beitler's assertions of damages, without any consideration of the Debtor's defenses and calculations and rights with respect thereto. Claim No. 10, therefore, is subject to substantial reduction in amounts to be determined by this Court in accordance with proof.

**IV.    RESERVATION OF RIGHTS**

This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the right of the Debtor to object to Claim No. 10 on any other ground whatsoever, and the Debtor expressly reserves all further substantive and/or procedural objections he may have.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1136068.1                                        11                                        OBJECTION

## V.  **CONCLUSION**

The Debtor objects to Claim No. 10 for the reasons stated herein, and the Debtor moves this Court for an order (i) disallowing Claim No. 10 until such time as Beitler releases the Liens that account for the avoidable transfers; (ii) reclassifying Claim No. 10 as a general unsecured claim; (iii) disallowing such Claim as vague and unsupported by evidence sufficient to establish its prima facie validity; or alternatively, (iv) determining the amount of such unsecured claim on the merits subject to proof in these proceedings and any defenses thereto; and (v) for such other and further relief as may be just and proper under the circumstances of this case.

Respectfully submitted,

Dated: October 13, 2017          LOBEL WEILAND GOLDEN FRIEDMAN LLP

By:  */s/ Beth E. Gaschen*_____
           WILLIAM N. LOBEL
           ALAN J. FRIEDMAN
           BETH E. GASCHEN
           Attorneys for Debtor and
           Debtor-in-Possession

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1136068.1                          12                          OBJECTION

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.    I am the debtor and debtor-in-possession in the above-captioned case. The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto. I make this declaration in support of the Objection to Proof of Claim Filed by Barry Beitler [Claim No. 10] (the "Objection"). Any term not specifically defined herein shall have the meaning provided in the Objection.

2.    This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

3.    This Court set a deadline of June 16, 2017 as the bar date for filing claims (the "Claims Bar Date"). On April 21, 2017, the Debtor served all known creditors and parties-in-interest with notice of the Claims Bar Date (the "Bar Date Notice") [Docket No. 47]. Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions, holding a claim against the Debtor was required to file a proof of claim on or before the Claims Bar Date.

4.    I have commenced reviewing and reconciling the proofs of claims filed against my estate. These efforts have resulted in the identification of the disputed claim filed by Barry Beitler ("Beitler") on June 16, 2017 as a secured claim in the amount of $2,589,725.46 as of the petition date, not including post-judgment fees, costs, and post-petition interest ("Claim No. 10"). A true and complete copy of Claim No. 10 is attached hereto as Exhibit "1" and incorporated herein by this reference.

5.    Claim No. 10 is based on a default judgment obtained in connection with Los Angeles Superior Court, Case No. BC 532523 (the "State Court Action"). The State Court

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 │ Action was commenced by Beitler against me by the filing of a complaint on or about

2 │ January 8, 2014.  On or about July 8, 2014, an answer to the complaint was filed (the

3 │ "Answer").  On or about November 7, 2016, as a discovery sanction, the superior court in

4 │ the State Court Action entered an order striking the Answer and entered a default

5 │ judgment against me in the amount of $2,514,631 (the "Default Judgment").

6 │       6.     On or about January 18, 2017, Beitler filed the Charging Order Motions

7 │ based on the Default Judgment.  (*See* Exhibit "B" to Claim No. 10).  According to the

8 │ Charging Order Motions, the outstanding amount of the Default Judgment as of January

9 │ 17, 2017, was $2,563,545.74.  The Charging Order Motions seek the issuance of an

10 │ order charging my membership interests in the Companies with the payment of the unpaid

11 │ balance of the Default Judgment and directing to Beitler any money or property due to me

12 │ until the Default Judgment plus all accrued interest and post-judgment costs is paid in full.

13 │       7.     The Charging Order Motions were served by Beitler on January 18, 2017.

14 │ The proofs of service attached to the Charging Order Motions show service by messenger

15 │ on me, Mission, and Westcliff and service by U.S. mail to the other members of the

16 │ Companies.

17 │       8.     The hearings on the Charging Order Motions were set for February 27,

18 │ 2017, but were stayed by the filing of my bankruptcy case.

19 │       9.     My counsel made demands on Beitler to take all steps necessary to remove

20 │ and/or withdraw the Liens, but Beitler has not agreed to voluntarily take said action.

21 │      10.    On May 9, 2017, I filed the Complaint against Beitler thereby commencing

22 │ the Adversary Proceeding.  Beitler's answer was filed on June 7, 2017.  On October 6,

23 │ 2017, the First Amended Complaint was filed.  The answer to the First Amended

24 │ Complaint is due October 20, 2017.

25 │      11.    I believe I will be successful in the Adversary Proceeding.

26 │      12.    On January 4, 2017, an appeal of the Default Judgment was filed (the

27 │ "Appeal").

28 │

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

13.     I believe that the striking of the Answer and entry of the Default Judgment, which was entered as a "terminating sanction," was an abuse of the superior court's discretion and will be overturned on Appeal to allow the merits of the dispute to be heard.

14.     I believe that I will be successful on the Appeal, which will result in the vacation of the Default Judgment and the ability to try the issues of liability on the merits, and subject to any defenses thereto, by way of the proceeding on this Objection.

15.     The Appeal is currently subject to the automatic stay; however, I am willing to stipulate to relief from stay to allow the Appeal to proceed.

16.     I believe that a determination on the merits of Claim No. 10 would result in a significant reduction in the allowed amount such Claim as such Claim is currently based solely on Beitler's assertions, and does not take into consideration any defenses to the asserted liability.  The amount of the Claim should be determined by this Court, subject to proof and any defenses thereto.

17.     I believe that granting the relief requested in the Objection is in the best interests of my estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October 2017, in Irvine, California.

John Jean Bral

# EXHIBIT "1"

| Fill in this information to identify the case: |
|---|

| Debtor 1 | JOHN JEAN BRAL |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:17-BK-10706-SC |

## Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Barry Beitler
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Gary E. Klausner, Esq.
Name

10250 Constellation Blvd., Suite 1700
Number      Street

Los Angeles          CA          90067
City                 State       ZIP Code

Contact phone (310) 229-1234

Contact email GEK@LNBYB.COM

Where should payments to the creditor be sent? (if different)

Barry Beitler
Name

825 Barrington Avenue
Number      Street

Los Angeles          CA          90048
City                 State       ZIP Code

Contact phone _____

Contact email bbeitler@beitler.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___ |

**7. How much is the claim?**   $ 2,589,725.46 as of the petition date, not including post-judgment fees, costs, and post-petition interest.

. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment in Case No. BC 532523 in Los Angeles County Superior Court

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:    Debtor's membership interests in Mission Medical Investors, LLC and Westcliff Investors, LLC

Basis for perfection:   California Code of Civil Procedure § 708.320(a)

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____ TBD
Amount of the claim that is secured:   $ _____ TBD
Amount of the claim that is unsecured:  $ _____ TBD (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ At least $2,589,725.46

Annual Interest Rate (when case was filed) 10.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    06/15/2017
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name        Barry Beitler
            First name          Middle name              Last name

Title

Company
            Identify the corporate servicer as the company if the authorized agent is a servicer

Address     825 Barrington Avenue
            Number      Street

            Los Angeles                          CA        90049
            City                                 State     ZIP Code

Contact phone _____        Email bbeitler@beitler.com

---

## ATTACHMENT TO PROOF OF CLAIM OF BARRY BEITLER BASED ON JUDGMENT IN LOS ANGELES COUNTY SUPERIOR COURT CASE NO. BC 532523

On November 7, 2016, judgment was entered in favor of Barry Beitler ("Claimant") and against John Bral ("Debtor") in Los Angeles County Superior Court in Case No. BC 532523. A copy of the judgment is attached hereto as Exhibit "A".

Attached hereto as Exhibit "B" are documents evidencing Claimant's lien against Debtor's membership interests in Mission Medical Investors, LLC and Westcliff Investors, LLC.

As of November 7, 2016, the date on which the judgment issued, the judgment was in the sum of $2,514,631.00, including damages in the sum of $1,765,202.00 and prejudgment interest in the sum of $749,429.00.

Post-judgment interest through the February 24, 2017 petition date herein accrued on the foregoing total at the statutory rate of 10% per annum, or $688.94 per day, in the sum of $75,094.46 for 109 days from and after November 7, 2016.

Accordingly, the total claim as of February 24, 2017 amounted to $2,589,725.46, plus recoverable post-judgment fees and costs.

### Reservation of Rights

Claimant reserves the right to (i) amend, update and/or supplement this Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents or other liability or indebtedness of the Debtor to Claimant (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507.

In addition to the foregoing, Claimant reserves all rights with respect to (a) any indebtedness owed to Claimant by any non-debtor affiliate or other entity related to the Debtor, and (b) any other amounts that may be owing to Claimant in respect of interest, fees, indemnities, costs and expenses to the extent permitted by applicable law.

Nothing contained in this Proof of Claim shall be construed as limiting Claimants rights, remedies and interests.

The filing of this proof of claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim; (iii) an election of remedy; or (iv) a waiver of any past, present or future defaults or events of default. Claimant specifically preserves all of Claimant's procedural and substantive defenses and rights with

respect to any claim that may be asserted against Claimant by the Debtor or any of its debtor or non-debtor affiliates, or by any trustee for this estate.

Case 8:17-bk-10706-SC    Claim 10    Filed 06/13/17    Desc Main Document    Page 6 of
25

# EXHIBIT A

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
Tom Lallas (SBN: 66512)
LEVY, SMALL & LALLAS
815 Moraga Drive
Los Angeles, CA 90049
TELEPHONE NO.: (310) 471-3000   FAX NO. (Optional): (310) 471-7990
E-MAIL ADDRESS (Optional): tlallas@lsl-la.com
ATTORNEY FOR (Name): Plaintiff, Barry A. Beitler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

Received
NOV 01 2016
Default Section

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of Los Angeles

NOV -7 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Bettina M. Baker

PLAINTIFF: Barry A. Beitler, an individual

DEFENDANT: John Bral, an individual

| JUDGMENT | | | CASE NUMBER: |
|---|---|---|---|
| [ ] By Clerk | [X] By Default | [ ] After Court Trial | BC 532523 |
| [X] By Court | [ ] On Stipulation | [ ] Defendant Did Not Appear at Trial | |

**JUDGMENT**

FILED BY FAX

1. [X] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [X] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court   [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):          [ ] Plaintiff's attorney (name each):
         (1)                                 (1)
         (2)                                 (2)
      [ ] Continued on Attachment 3b.
      [ ] Defendant (name each):          [ ] Defendant's attorney (name each):
         (1)                                 (1)
         (2)                                 (2)
      [ ] Continued on Attachment 3b.
   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was   requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

JUDGMENT

Legal
Solutions
Plus

Code of Civil Procedure, §§ 585, 664.6

EXHIBIT "1"
Page 23

| PLAINTIFF: Barry A. Beitler, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT: John Bral, an individual | BC 532523 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ THE COURT    ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☒ for plaintiff (name each): Barry Beitler

c. ☐ for cross-complainant (name each):

and against defendant (names): John Bral

and against cross-defendant (name each):

☐ Continued on Attachment 5a.

☐ Continued on Attachment 5c.

b. ☐ for defendant (name each):

d. ☐ for cross-defendant (name each):

6. **Amount.**

a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) ☒ | Damages | $ 1,765,202 |
|---|---|---|
| (2) ☐ | Prejudgment interest at the annual rate of        % | $    749,429 |
| (3) ☐ | Attorney fees | $ |
| (4) ☐ | Costs | $ |
| (5) ☐ | Other (specify): | $ |
| (6) | **TOTAL** | $ 2,514,631 |

| (1) ☐ | Damages | $ |
|---|---|---|
| (2) ☐ | Prejudgment interest at the annual rate of        % | $ |
| (3) ☐ | Attorney fees | $ |
| (4) ☐ | Costs | $ |
| (5) ☐ | Other (specify): | $ |
| (6) | **TOTAL** | $ |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
☐ Defendant named in item 5b to recover costs $ _____ and attorney fees $ _____

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
☐ Cross-defendant named in item 5d to recover costs $ _____ and attorney fees $ _____

7. ☐ Other (specify):

Date: 11/7/16

☐ _____
JUDICIAL OFFICER

Date: _____    ☐ Clerk, by _____, Deputy

**CLERK'S CERTIFICATE (Optional)**

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]    **JUDGMENT**

EXHIBIT "1"
Page 24

Case 8:17-bk-10706-SC    Claim 10    Filed 06/15/17    Desc Main Document    Page 9 of
25

# EXHIBIT B

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS (SBN: 66512)
MARK D. HURWITZ (SBN: 151159)
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone:    (310) 471-3000
Facsimile:    (310) 471-7990

Attorneys for Judgment Creditor
BARRY A. BEITLER

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 1 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES          FILED BY FAX

| | |
|---|---|
| BARRY A. BEITLER, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN BRAL, an individual, and DOES 1-50, Inclusive,<br><br>          Defendant. | CASE NO.    BC 532523<br>*[Hon. Barbara A. Meiers; Dept. "12"]*<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN MISSION MEDICAL INVESTORS, LLC; DECLARATION OF BARRY BEITLER**<br><br>Date:    February 27, 2017<br>Time:    9:30 a.m.<br>Dept.:   12<br><br>[Reservation No. 170117188413]<br><br>Judgment Entered:    November 7, 2016 |

**NOTICE OF MOTION**

TO JUDGMENT DEBTOR JOHN BRAL AND TO MISSION MEDICAL INVESTORS, LLC:

PLEASE TAKE NOTICE that on February 27, 2017 at 9:30 a.m., in Department 12 of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Judgment Creditor Barry A. Beitler ("Beitler') will move this Court for issuance of an order (1) charging the membership interest of Judgment Debtor John Bral ("Bral"), in the limited liability company known as Mission Medical Investors, LLC ("Mission"), with payment of the unpaid balance of the Judgment entered in this action, which currently totals $2,563,545.74 (plus recoverable costs and attorney's fees), and (2) directing Mission and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

This Motion is made pursuant to Code of Civil Procedure sections 708.310 and 708.320, and Corporations Code section 17705.03, on the grounds that the Judgment entered against Bral in this action remains unsatisfied in the amount indicated above, and Bral has a membership interest in Mission.

This Motion based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Barry Beitler, the pleadings and papers on file herein, and such other evidence and argument as the Court may consider.

DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ

By: _____
Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33086

## MEMORANDUM OF POINTS AND AUTHORITIES

Code of Civil Procedure ("CCP") section 708.310 provides that, if a money judgment is rendered against a member of a limited liability company ("LLC"), but not against the LLC itself, the judgment debtor's interest in the LLC may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Corporations Code section 17705.03. Corporations Code section 17705.03 provides that the Court that entered the judgment may charge the assignable membership interest of the debtor-member with payment of the unsatisfied amount of the judgment and interest and costs thereon and may make all other orders which the circumstances of the case require.

Since (a) judgment debtor John Bral ("Bral") is a member of the LLC known as Mission Medical Investors, LLC ("Mission"), and (b) judgment creditor Barry A. Beitler ("Beitler") has a judgment against Bral that was entered on November 7, 2016 in this action ("Judgment"), the Court should enter an order on this motion applying Bral's interest in Mission toward satisfaction of the Judgment and directing Mission and all of the members thereof to pay directly to Beitler any sums or property now or hereafter due to Bral, until the total amount of the Judgment, with interest and costs thereon, is paid in full.

For the foregoing reasons, Beitler respectfully requests that the Court issue an order (1) charging Bral's membership interest in Mission with payment of the unpaid balance of the Judgment entered in favor of Beitler in this action, which currently totals $2,563,545.74 (plus recoverable costs and attorney's fees), and (2) directing Mission and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: _____
Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33086

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

2

## DECLARATION OF BARRY A. BEITLER

I, BARRY A. BEITLER, declare as follows:

1.      I am the Plaintiff and Judgment Creditor in this action.  I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I am also a manager and member of Mission Medical Investors, LLC ("Mission"), which is a California limited liability company.

3.      The other members of Mission are (a) John Bral ("Bral"), who is the Defendant and Judgment Debtor in this action, (b) Jeffrey D. Gross, M.D. and Melissa C. Gross (collectively, "Gross"), (c) Shans Investment Group LLC ("Shans"), (d) Joseph C. Bral, and (e) Juliet Bral and Mehrdad Tabar (collectively, "Tabar").

4.      The Judgment in my favor in this action was entered by the Court in favor of me and against Bral on November 7, 2016.  Enforcement of the Judgment has not been stayed by stipulation, order of the Court, or any applicable law.

5.      The amount due and owing on the Judgment as of January 17, 2017 is the sum of $2,563,545.74, which includes (i) the sum of $2,514,631.00 as of November 7, 2016 as stated in the Judgment, and (ii) post-judgment interest from and after November 7, 2016 for 71 days through January 17, 2017, at the statutory rate of 10% per annum, or $688.94 per day, in the sum of $48,914.74.  The foregoing sum does not include costs and attorney's fees, which I may also be entitled to recover.

6.      No amount has been paid on the Judgment.

7.      My address is 825 S. Barrington Avenue, Los Angeles, California 90049.

8.      Bral's residential address is 64 Sandpiper, Irvine, California 92604.  Bral's business address is 2610 Main Street, Suite 960, Irvine, California 92614, which is also the address Bral caused to be listed with the California Secretary of State as Mission's address.

9.      Gross' last known address of which I am aware is 10 Orion Way, Coto de Casa, California 92679.  Shans' last known address of which I am aware is 16300 Sand Canyon

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

1  Avenue, Suite 903, Irvine, California 92618. Joseph C. Bral's last known address of which I am
2  aware is 1 Half Moon, Irvine, California 92614. Tabar's last known address of which I am
3  aware is also 1 Half Moon, Irvine, California 92614.

4       10.    Although I am a member and manager of Mission, in an abundance of caution, I
5  will cause service of this Motion on Mission to be made by delivering a copy thereof to Bral at
6  his business address.

7       I declare under penalty of perjury under the laws of the State of California that the
8  foregoing is true and correct.

9       Executed this 17th day of January, 2017 at Los Angeles, California.

10
11
12  BARRY A. BEITLER
13
14  33086
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049

4

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
MISSION MEDICAL INVESTORS, LLC

EXHIBIT "1"
Page 30

**PROOF OF SERVICE**

*Barry A. Beitler v. John Bral*

Los Angeles Superior Court Case No. BC 532523

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

     On January 18, 2017, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN MISSION MEDICAL INVESTORS, LLC; DECLARATION OF BARRY BEITLER; [PROPOSED] ORDER** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached service/mailing list in the manner indicated below:

**SEE ATTACHED SERVICE LIST**

☒    **(BY U.S. MAIL):** I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this proof of service.

☒    **(BY MESSENGER SERVICE)\*:** I served said document(s) by placing them in a sealed envelope or package addressed to the person(s) listed on the attached service/mailing list and provided them to a professional messenger service.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 18, 2017, at Los Angeles, California.

HEIDI PETRILLI

**SERVICE LIST**

*Barry A. Beitler, etc. v. John Bral, etc., et al.*
*Los Angeles Superior Court*
*Case No. BC 532523*

1
2
3
4

| | |
|---|---|
| **VIA U.S. MAIL** | Attorneys for Defendant |
| Babak (Bobby) Samini, Esq. | **JOHN BRAL** |
| SAMINI SCHEINBERG, PC | |
| 840 Newport Center Drive, Suite 700 | |
| Newport Beach, CA 92660 | |

5
6
7
8

| | |
|---|---|
| **VIA U.S. MAIL** | Co-Counsel for Defendant |
| Lloyd K. Chapman, Esq. | **JOHN BRAL** |
| LAW OFFICE OF LLOYD K. CHAPMAN | |
| 4558 Sherman Oaks Avenue, Second Floor | |
| Sherman Oaks, CA 91403 | |

9
10
11
12

| | |
|---|---|
| **VIA MESSENGER\*** | **VIA MESSENGER\*** |
| John Bral | Mission Medical Investors, LLC |
| 64 Sandpiper | 2610 Main Street, Suite 960 |
| Irvine, CA 92604 | Irvine, CA 92614 |

13
14
15

| | |
|---|---|
| **VIA MESSENGER\*** | **VIA U.S. MAIL** |
| John Bral | Jeffrey D. Gross, M.D. |
| 2610 Main Street, Suite 960 | 10 Orion Way |
| Irvine, CA 92614 | Coto de Casa, CA 92679 |

16
17
18

| | |
|---|---|
| **VIA U.S. MAIL** | **VIA U.S. MAIL** |
| Melissa C. Gross | Shans Investment Group LLC |
| 10 Orion Way | 16300 Sand Canyon Avenue, Suite 903 |
| Coto de Casa, CA 92679 | Irvine, CA 92618 |

19
20
21

| | |
|---|---|
| **VIA U.S. MAIL** | **VIA U.S. MAIL** |
| Joseph C. Bral | Juliet Bral |
| 1 Half Moon | 1 Half Moon |
| Irvine, CA 92614 | Irvine, CA 92614 |

22
23
24

| |
|---|
| **VIA U.S. MAIL** |
| Mehrdad Tabar |
| 1 Half Moon |
| Irvine, CA 92614 |

25
26
27
28

PROOF OF SERVICE

Reservation Pa Case 8:17-bk-10706-SC Claim 1-5 Filed 06/16 https://resweb.org/documentReceiptPage.aspx?id=undefined
25

THIS IS YOUR CRS RECEIPT

| INSTRUCTIONS |
| --- |
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



### RESERVATION INFORMATION

| | |
| --- | --- |
| **Reservation ID:** | **170117188413** |
| Transaction Date: | January 17, 2017 |
| Case Number: | BC532523 |
| Case Title: | BARRY A BEITLER VS JOHN BRAL |
| Party: | BEITLER BARRY A. (Plaintiff/Petitioner) |
| Courthouse: | Stanley Mosk Courthouse |
| Department: | 12 |
| Reservation Type: | Other motion (not otherwise listed) |
| Reservation Type Description: | Motion for charging order |
| Date: | 2/27/2017 |
| Time: | 09:30 am |

### FEE INFORMATION (Fees are non-refundable)

First Paper Fee:    Party asserts first paper was previously paid.

| Description | Fee |
| --- | --- |
| Other motion (not otherwise listed) | $60.00 |
| **Total Fees:** Receipt Number: 1170117K9646 | **$60.00** |

### PAYMENT INFORMATION

| | |
| --- | --- |
| Name on Credit Card: | Francis Che |
| Credit Card Number: | XXXX-XXXX-XXXX-9088 |

### A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 1 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

1  LEVY, SMALL & LALLAS
   A Partnership Including Professional Corporations
2  TOM LALLAS (SBN: 66512)
   MARK D. HURWITZ (SBN: 151159)
3  815 Moraga Drive
   Los Angeles, California 90049-1633
4  Telephone:    (310) 471-3000
   Facsimile:    (310) 471-7990
5
   Attorneys for Judgment Creditor
6  BARRY A. BEITLER

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 BARRY A. BEITLER, an individual,            CASE NO.    BC 532523
                                              [Hon. Barbara A. Meiers; Dept. "12"]
12           Plaintiff,

13      v.                                     NOTICE OF MOTION AND MOTION
                                              FOR ORDER CHARGING JOHN
14 JOHN BRAL, an individual, and DOES 1-50,    BRAL'S INTEREST IN WESTCLIFF
   Inclusive,                                  INVESTORS, LLC; DECLARATION
15                                             OF BARRY BEITLER
             Defendant.
16                                             Date:   February 27, 2017
                                              Time:   9:30 a.m.
17                                             Dept.:  12

18                                             [Reservation No. 170117188419]

19                                             Judgment Entered:    November 7, 2016

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION

TO JUDGMENT DEBTOR JOHN BRAL AND TO WESTCLIFF INVESTORS, LLC:

PLEASE TAKE NOTICE that on February 27, 2017 at 9:30 a.m., in Department 12 of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Judgment Creditor Barry A. Beitler ("Beitler') will move this Court for issuance of an order (1) charging the membership interest of Judgment Debtor John Bral ("Bral"), in the limited liability company known as Westcliff Investors, LLC ("Westcliff"), with payment of the unpaid balance of the Judgment entered in this action, which currently totals $2,563,545.74 (plus recoverable costs and attorney's fees), and (2) directing Westcliff and all members thereof to pay directly to Beitler any money or property due or to become due to Bral, until the amount remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

This Motion is made pursuant to Code of Civil Procedure sections 708.310 and 708.320, and Corporations Code section 17705.03, on the grounds that the Judgment entered against Bral in this action remains unsatisfied in the amount indicated above, and Bral has a membership interest in Westcliff.

This Motion based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Barry Beitler, the pleadings and papers on file herein, and such other evidence and argument as the Court may consider.

DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ

By: _____
Mark D. Hurwitz
Attorneys for Judgment Creditor
BARRY A. BEITLER

33087

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

## MEMORANDUM OF POINTS AND AUTHORITIES

1
2      Code of Civil Procedure ("CCP") section 708.310 provides that, if a money judgment is
3  rendered against a member of a limited liability company ("LLC"), but not against the LLC
4  itself, the judgment debtor's interest in the LLC may be applied toward the satisfaction of the
5  judgment by an order charging the judgment debtor's interest pursuant to Corporations Code
6  section 17705.03.  Corporations Code section 17705.03 provides that the Court that entered the
7  judgment may charge the assignable membership interest of the debtor-member with payment of
8  the unsatisfied amount of the judgment and interest and costs thereon and may make all other
9  orders which the circumstances of the case require.
10     Since (a) judgment debtor John Bral ("Bral") is a member of the LLC known as Westcliff
11  Investors, LLC ("Westcliff"), and (b) judgment creditor Barry A. Beitler ("Beitler") has a
12  judgment against Bral that was entered on November 7, 2016 in this action ("Judgment"), the
13  Court should enter an order on this motion applying Bral's interest in Westcliff toward
14  satisfaction of the Judgment and directing Westcliff and all of the members thereof to pay
15  directly to Beitler any sums or property now or hereafter due to Bral, until the total amount of the
16  Judgment, with interest and costs thereon, is paid in full.
17     For the foregoing reasons, Beitler respectfully requests that the Court issue an order
18  (1) charging Bral's membership interest in Westcliff with payment of the unpaid balance of the
19  Judgment entered in favor of Beitler in this action, which currently totals $2,563,545.74 (plus
20  recoverable costs and attorney's fees), and (2) directing Westcliff and all members thereof to pay
21  directly to Beitler any money or property due or to become due to Bral, until the amount
22  remaining due on the Judgment, plus all accrued interest and post-judgment costs thereon, is paid
23  in full.

24  DATED: January 18, 2017

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

26  By: _Mark D. Hurwitz_
Mark D. Hurwitz
27  Attorneys for Judgment Creditor
BARRY A. BEITLER

28  33087

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

2

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
WESTCLIFF INVESTORS, LLC

Page 36

## DECLARATION OF BARRY A. BEITLER

I, BARRY A. BEITLER, declare as follows:

1.      I am the Plaintiff and Judgment Creditor in this action. I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I am also a manager and member of Westcliff Investors, LLC ("Westcliff"), which is a California limited liability company.

3.      The other members of Westcliff are (a) John Bral ("Bral"), who is the Defendant and Judgment Debtor in this action, and (b) Betsy Boyd.

4.      The Judgment in my favor in this action was entered by the Court in favor of me and against Bral on November 7, 2016. Enforcement of the Judgment has not been stayed by stipulation, order of the Court, or any applicable law.

5.      The amount due and owing on the Judgment as of January 17, 2017 is the sum of $2,563,545.74, which includes (i) the sum of $2,514,631.00 as of November 7, 2016 as stated in the Judgment, and (ii) post-judgment interest from and after November 7, 2016 for 71 days through January 17, 2017, at the statutory rate of 10% per annum, or $688.94 per day, in the sum of $48,914.74. The foregoing sum does not include costs and attorney's fees, which I may also be entitled to recover.

6.      No amount has been paid on the Judgment.

7.      My address is 825 S. Barrington Avenue, Los Angeles, California 90049. Betsy Boyd's address is 3453 Sommerset Circle, Costa Mesa, California 92626.

8.      Bral's residential address is 64 Sandpiper, Irvine, California 92604. Bral's business address is 2610 Main Street, Suite 960, Irvine, California 92614, which is also the address Bral caused to be listed with the California Secretary of State as Westcliff's address.

9.      Although I am a member and manager of Westcliff, in an abundance of caution, I will cause service of this Motion on Westcliff to be made by delivering a copy thereof to Bral at his business address.

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

3

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
WESTCLIFF INVESTORS, LLC                                    Page 37

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    Executed this 17th day of January, 2017 at Los Angeles, California.

4

5

6    BARRY A. BEITLER

7

8    33087

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN
WESTCLIFF INVESTORS, LLC

## PROOF OF SERVICE

*Barry A. Beitler v. John Bral*
Los Angeles Superior Court Case No. BC 532523

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

On January 18, 2017, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING JOHN BRAL'S INTEREST IN WESTCLIFF INVESTORS, LLC; DECLARATION OF BARRY BEITLER; [PROPOSED] ORDER** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached service/mailing list in the manner indicated below:

### SEE ATTACHED SERVICE LIST

☒    **(BY U.S. MAIL):** I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this proof of service.

☒    **(BY MESSENGER SERVICE)\*:** I served said document(s) by placing them in a sealed envelope or package addressed to the person(s) listed on the attached service/mailing list and provided them to a professional messenger service.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 18, 2017, at Los Angeles, California.

HEIDI PETRILLI

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

*Barry A. Beitler, etc. v. John Bral, etc., et al.*
*Los Angeles Superior Court*
*Case No. BC 532523*

**VIA U.S. MAIL**                          Attorneys for Defendant
Babak (Bobby) Samini, Esq.                 **JOHN BRAL**
SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:    (949) 724-0900
Fax:    (949) 724-0901


**VIA U.S. MAIL**                          Co-Counsel for Defendant
Lloyd K. Chapman, Esq.                     **JOHN BRAL**
LAW OFFICE OF LLOYD K. CHAPMAN
4558 Sherman Oaks Avenue, Second Floor
Sherman Oaks, CA 91403
Tel:    (818) 304-8412
Fax:    (818) 990-1477


**VIA MESSENGER***                         **VIA MESSENGER***
John Bral                                  Westcliff Investors, LLC
64 Sandpiper                               2610 Main Street, Suite 960
Irvine, CA  92604                          Irvine, CA  92614

**VIA MESSENGER***                         **VIA U.S. MAIL**
John Bral                                  Betsy Boyd
2610 Main Street, Suite 960                3453 Sommerset Circle
Irvine, CA  92614                          Costa Mesa, CA  92626

EXHIBIT "1"
Page 40

Reservation Receipt    Case 8:17-bk-10706-SC    Claim 1-1    Filed 06/19/17    https://www.lacourt.org/ers/ui/printablereceipt.aspx?id=undefined
25

THIS IS YOUR CRS RECEIPT

| INSTRUCTIONS |
| --- |
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



RESERVATION INFORMATION

| | |
| --- | --- |
| Reservation ID: | **170117188419** |
| Transaction Date: | January 17, 2017 |
| Case Number: | BC532523 |
| Case Title: | BARRY A BEITLER VS JOHN BRAL |
| Party: | BEITLER BARRY A. (Plaintiff/Petitioner) |
| Courthouse: | Stanley Mosk Courthouse |
| Department: | 12 |
| Reservation Type: | Other motion (not otherwise listed) |
| Reservation Type Description: | Motion for charging order |
| Date: | 2/27/2017 |
| Time: | 09:30 am |

FEE INFORMATION (Fees are non-refundable)

First Paper Fee:    Party asserts first paper was previously paid.

| Description | Fee |
| --- | --- |
| Other motion (not otherwise listed) | $60.00 |
| Total Fees:    Receipt Number: 1170117K9676 | $60.00 |

PAYMENT INFORMATION

| | |
| --- | --- |
| Name on Credit Card: | Francis Che |
| Credit Card Number: | XXXX-XXXX-XXXX-9088 |

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**

EXHIBIT "1"
Page 41

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BARRY BEITLER [CLAIM NO. 10]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) October 13, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 13, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.c
  om
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com

## SERVED VIA FIRST-CLASS MAIL:

Barry Beitler
c/o Gary E. Klausner, Esq.
Levene Neale Bender, et al
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**