William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Debtor and Debtor-in-Possession
John Jean Bral

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-10706-SC |
| JOHN JEAN BRAL, | Chapter 11 |
| Debtor. | **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY CANNAE FINANCIAL LLC [CLAIM NO. 18]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** |
| | **DATE:   December 14, 2017**<br>**TIME:   11:00 a.m.**<br>**Place:  Courtroom 5C**<br>**411 West Fourth Street**<br>**Santa Ana, California 92701** |

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1136105.1

OBJECTION

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY

2  JUDGE, CANNAE FINANCIAL LLC, AND ALL OTHER INTERESTED PARTIES:

3      PLEASE TAKE NOTICE that, pursuant to 11 U.S.C. § 502, Federal Rule of

4  Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on December 14, 2017,

5  at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the

6  United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California

7  92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral,

8  the debtor and debtor-in-possession in the above-captioned chapter 11 case (the

9  "Debtor"), to Claim No. 18 filed by Cannae Financial LLC ("Cannae").

10      PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 3007-

11  1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen

12  (14) days prior to the hearing on the Objection (as further set forth in the Notice served

13  concurrently herewith).

14      PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 3007-

15  1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief

16  requested in the Objection without further notice or hearing.

17      PLEASE TAKE FURTHER NOTICE that the Objection is based on the Notice of

18  Hearing, the attached Memorandum of Points and Authorities, the Declaration of John

19  Jean Bral appended hereto, the files and records of this Court related to the Debtor's

20  case, and upon such other oral and documentary evidence as may be presented to the

21  Court at or before the time of the hearing on the Objection.

22      WHEREFORE, the Debtor requests that the Court enter an Order (i) disallowing

23  Claim No. 18 as vague and unsupported by evidence sufficient to establish its prima facie

24  validity; or alternatively (ii) determining the amount of Claim No. 18 (which is based on a

25  default judgment which has been set-aside) on the merits subject to proof in these

26  ///

27  ///

28  ///

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 | proceedings and any defenses thereto; and (ii) for such other and further relief as may be

2 | just and proper under the circumstances of this case.

3 |                                   Respectfully submitted,

4 | Dated:  October 13, 2017          LOBEL WEILAND GOLDEN FRIEDMAN LLP

5 |

6 |                                   By:  /s/ Beth E. Gaschen
                                         WILLIAM N. LOBEL
7 |                                       ALAN J. FRIEDMAN
                                         BETH E. GASCHEN
8 |                                       Attorneys for Debtor
                                         and Debtor-in-Possession
9 |                                       John Jean Bral

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## I.    **INTRODUCTION**

John Jean Bral, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this objection (the "Objection") to Claim No. 18 filed by Cannae Financial LLC ("Cannae").  In support of the Objection, the Debtor relies on the following Memorandum of Points and Authorities and the Declaration of John Jean Bral appended hereto (the "Bral Declaration").

On June 16, 2017, Cannae filed a proof of claim ("Claim No. 18") as an unsecured claim in the amount of $1,421,510.01 as of the petition date, not including post-judgment fees, costs, and post-petition interest.  A true and complete copy of Claim No. 18 is attached hereto as Exhibit "1" and incorporated herein by this reference.

The Debtor objects to Claim No. 18 in that it is not supported by sufficient evidence to establish its prima facie validity, as it attaches in support only a copy of a default judgment entered in a state court proceeding which, as acknowledged by Cannae in the proof of claim, has been set aside by the superior court, and is subject to disallowance based thereon.

Alternatively, the Debtor objects to Claim No. 18 on the grounds that it is based on a default judgment which has been set-aside, and is therefore unliquidated.  The Debtor, therefore, objects to Claim No. 18 on the grounds that the issues of liability on the merits should be determined by this Court in connection with the proceedings on this Objection.[1] The Debtor believes that a determination on the merits of Claim No. 18 would result in a significant reduction in the allowed amount such Claim as the amount of such Claim is currently based solely on Cannae's assertions, and did not take into consideration any of the Debtor's defenses to the asserted liability, including, without limitation, as to the calculation of liability and any other defenses or other rights in connection therewith.

---

[1] By filing Claim No. 18, Cannae has subjected itself to this Court's jurisdiction to determine the amount and allowability of its asserted claim against the Debtor.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## II.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.    Relief Requested

By this Objection, the Debtor seeks entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (i) disallowing Claim No. 18 as being vague and not sufficiently supported by evidence or, alternatively, (ii) determining the amount of the currently unliquidated Claim No. 18 on its merits upon consideration of proof and the Debtor's defenses thereto; and (iii) for such other and further relief as this Court deems just and proper.

### C.    The Debtor and the Chapter 11 Filing

The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

### D.    The Bar Date

This Court set a deadline of June 16, 2017 as the bar date for filing claims (the "Claims Bar Date"). On April 21, 2017, the Debtor served all known creditors and parties-in-interest with notice of the Claims Bar Date (the "Bar Date Notice") [Docket No. 47]. Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions, holding a claim against the Debtor was required to file a proof of claim on or before the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   Claims Bar Date.  On June 16, 2017, Cannae filed Claim No. 18 as an unsecured claim in

2   the amount of $1,421,510.01 as of the Petition Date, not including post-judgment fees,

3   costs, and post-petition interest.

4   **E.**    **The State Court Action, Default Judgment and the Set-Aside of the**

5          **Default Judgment**

6          Claim No. 18 is based on a default judgment obtained in connection with Orange

7   County Superior Court, Case No. 30-2015-00764942 (the "State Court Action").  The

8   State Court action was commenced by Cannae by the filing of a complaint for breach of

9   guaranty against the Debtor on or about January 7, 2015.  Cannae requested the entry of

10  default against the Debtor and a default judgment in the amount of $1,210,792.29 was

11  entered on June 23, 2015 (the "Default Judgment").  Cannae filed a motion for a charging

12  order on September 16, 2015.  The Debtor filed a motion to set aside the default and

13  Default Judgment on December 9, 2015.  Thereafter, the superior court ruled that the

14  default and the Default Judgment should both be vacated and ruled that Cannae's motion

15  for a charging order was moot.

16         The Debtor filed an answer to the complaint on May 6, 2016, as well as a cross-

17  complaint for contribution and declaratory relief for contribution.  Cannae filed a demurrer

18  to the cross-complaint, which was granted by the superior court with 10 days leave to

19  amend.  The cross-complaint was not amended.  The State Court Action is pending, but

20  has been stayed by the bankruptcy filing.

21         Claim No. 18 is subject to disallowance as it only attaches the Default Judgment

22  (which has been set aside) and does not address, in any fashion, the underlying merits of

23  the claim.  Alternatively, the Debtor believes that, absent disallowance, the merits as to

24  the amount of the claim have not yet been addressed, and should be addressed by way of

25  proceedings in connection with this Objection.

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 **III.   ANALYSIS**

2    **A.   Standard for Allowance of Claims**

3        Pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and section 502(a), a

4 timely filed and properly documented proof of claim is deemed prima facie valid.

5 Bankruptcy Code § 502(b)(1) provides that a claim will not be allowed to the extent that

6 the claim is for "an unenforceable debt against a debtor and property of the debtor, under

7 any agreement or applicable law for a reason other than because such claim is contingent

8 or unmatured . . ."

9        "[T]he burden of initially going forward with the evidence as to the validity and the

10 amount of the claim is that of the objector to that claim.  3 L. King, COLLIER ON

11 BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991).  Once "the objector produces sufficient

12 evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts

13 to the claimant to prove the validity of the claim by a preponderance of the evidence."  In

14 re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-

15 74 (3d Cir.1992)).  The ultimate burden of persuasion remains at all times upon the

16 claimant.  Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000);

17 In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Gray, 522 B.R. 619, 625 (Bankr. D.

18 Idaho 2014) ("If the objector produces evidence sufficient to negate the validity of the

19 claim, the ultimate burden of persuasion remains on the claimant to demonstrate by

20 preponderance of the evidence that the claim deserves to share in the distribution of the

21 debtor's assets."); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (9th Cir. BAP 1993);

22 In re Parrott Broadcasting Ltd. P'ship, 492 B.R. 35, 38 (Bankr. D. Idaho 2013); In re

23 Blixeth, 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in overcoming

24 prima facie effect of procedurally proper proof of claim, burden shifts to claimant to prove

25 validity of its claim, and claimant must satisfy that burden by preponderance of evidence).

26 See also Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 244 (1939) (stating that the

27 bankruptcy court has the power to shift the circumstances surrounding any claim to see

28 that injustice or unfairness is not done in administering the bankruptcy estate).

**B.** **Claim No. 18 Should Be Disallowed as it is Vague and Unsupported by Sufficient Evidentiary Support**

In this case, the Claim at issue is so vague it is not entitled to the presumption of validity. *See* In re Campbell, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005). The Claim attaches only the Default Judgment (which has been set aside). There is insufficient evidentiary support in this supporting document to support allowance of the Claim, and such claim is subject to disallowance on these grounds.

**C.** **Claim No. 18 Should Be Determined on its Merits Upon Consideration of the Debtor's Defenses**

Alternatively, Claim No. 18 is based upon the Default Judgment, which has been set aside. The Default Judgment was based solely on Cannae's assertions of damages, without any consideration of the Debtor's defenses and calculations and rights with respect thereto. Claim No. 18, therefore, is subject to substantial reduction in amounts to be determined by this Court in accordance with proof.

**IV.** **RESERVATION OF RIGHTS**

This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the right of the Debtor to object to Claim No. 18 on any other ground whatsoever, and the Debtor expressly reserves all further substantive and/or procedural objections he may have.

///

///

///

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | **V.    CONCLUSION**

2   The Debtor objects to Claim No. 18 for the reasons stated herein, and the Debtor

3 moves this Court for an order (i) disallowing Claim No. 18 as vague and unsupported by

4 evidence sufficient to establish its prima facie validity; or alternatively, (ii) determining the

5 amount of such unsecured claim on its merits subject to proof in these proceedings and

6 consideration of the Debtor's defenses thereto; and (iii) for such other and further relief as

7 may be just and proper under the circumstances of this case.

8 | Respectfully submitted,

9 | Dated: October 13, 2017 | LOBEL WEILAND GOLDEN FRIEDMAN LLP

10

11 | By: */s/ Beth E. Gaschen*_____
WILLIAM N. LOBEL

12 | ALAN J. FRIEDMAN
BETH E. GASCHEN

13 | Attorneys for Debtor and
Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned case. The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto. I make this declaration in support of the Objection to Proof of Claim Filed by Cannae Financial LLC [Claim No. 18] (the "Objection"). Any term not specifically defined herein shall have the meaning provided in the Objection.

2.      This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date"). I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case. No official committee of unsecured creditors has been appointed in this case.

3.      This Court set a deadline of June 16, 2017 as the bar date for filing claims (the "Claims Bar Date"). On April 21, 2017, the Debtor served all known creditors and parties-in-interest with notice of the Claims Bar Date (the "Bar Date Notice") [Docket No. 47]. Pursuant to the Bar Date Notice, each creditor, subject to certain limited exceptions, holding a claim against the Debtor was required to file a proof of claim on or before the Claims Bar Date.

4.      I have commenced reviewing and reconciling the proofs of claims filed against my estate. These efforts have resulted in the identification of the disputed and unliquidated claim filed by Cannae Financial LLC ("Cannae") on June 16, 2017 as Proof of Claim No. 18 ("Claim No. 18"), a true and complete copy of which is attached hereto as Exhibit "1" and incorporated herein by this reference.

5.      Cannae filed Claim No. 18 as an unsecured claim in the amount of $1,421,510.01 as of the Petition Date, not including post-judgment fees, costs, and post-petition interest.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    6.    Claim No. 18 is based on a default judgment obtained in connection with

2    Orange County Superior Court, Case No. 30-2015-00764942 (the "State Court Action").

3    The State Court action was commenced by Cannae by the filing of a complaint for breach

4    of guaranty against me on or about January 7, 2015.  Cannae requested the entry of

5    default against me and a default judgment in the amount of $1,210,792.29 was entered on

6    June 23, 2015 (the "Default Judgment").  Cannae filed a motion for a charging order on

7    September 16, 2015.  A motion to set aside the default and Default Judgment was filed on

8    December 9, 2015.  Thereafter, the superior court ruled that the default and the Default

9    Judgment should both be vacated and ruled that Cannae's motion for a charging order

10   was moot.

11    7.    An answer to the complaint was filed on May 6, 2016, as well as a cross-

12   complaint for contribution and declaratory relief for contribution.  Cannae filed a demurrer

13   to the cross-complaint, which was granted by the superior court with 10 days leave to

14   amend.  The cross-complaint was not amended.  The State Court Action is pending, but

15   has been stayed by the bankruptcy filing.

16    8.    Claim No. 8 attaches only the Default Judgment (which has been set aside)

17   as support, and does not on its own provide sufficient information to determine the basis

18   and validity of the Claim.

19    9.    In addition, I object to Claim No. 18 on the grounds that the merits as to the

20   amount of the claim have not yet been addressed and such issues as to liability should be

21   determined by this Court.  I believe that a determination on the merits of Claim No. 18

22   would result in a significant reduction in the allowed amount such Claim as the amount of

23   such Claim is currently based solely on Cannae's assertions, and does not take into

24   consideration any of the defenses to the asserted liability, including as to the calculation of

25   liability and other defenses and rights with respect thereto.

26   ///

27   ///

28   ///

10.     I believe that granting the relief requested in the Objection is in the best interests of my estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October 2017, in Irvine, California.

John Jean Bral

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# EXHIBIT "1"

**Fill in this information to identify the case:**

Debtor 1    JOHN JEAN BRAL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number    8:17-BK-10706-SC

## Official Form 410

# Proof of Claim                                                                   4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Cannae Financial LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Gary E. Klausner, Esq.
Name

10250 Constellation Blvd., Suite 1700
Number    Street

Los Angeles         CA         90067
City             State          ZIP Code

Contact phone (310) 229-1234

Contact email GEK@LNBYB.COM

Where should payments to the creditor be sent? (if different)

Cannae Financial LLC c/o Barry Beitler
Name

825 Barrington Avenue
Number    Street

Los Angeles         CA         90048
City             State          ZIP Code

Contact phone

Contact email bbeitler@beitler.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Case 8:17-bk-10706-SC Doc 145 Filed 09/12/17 Entered 09/13/17 08:25:22 Page 2 of 8
Case 8:17-bk-10706-SC Claim 18 Filed 06/16/17 Desc Main Document

Main Document     Page 15 of 23

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 1,421,510.01 as of the petition date, not including post-judgment fees, costs, and post-petition interest.

Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Claims in Case No. 30-2015-00764942 in Orange County Superior Court

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____
Amount of the claim that is secured:        $_____
Amount of the claim that is unsecured:      $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check all that apply:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/15/2017
            MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Barry Beitler |
| | First name       Middle name       Last name |
| Title | Authorized Agent |
| Company | Cannae Financial LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 825 Barrington Avenue |
| | Number       Street |
| | Los Angeles       CA       90049 |
| | City       State       ZIP Code |
| Contact phone | _____       Email  bbeitler@beitler.com |

## ATTACHMENT TO PROOF OF CLAIM OF CANNAE FINANCIAL LLC BASED ON ORANGE COUNTY SUPERIOR COURT CASE
## NO. 30-2015-00764942

On June 23, 2015, a default judgment was entered in favor of Cannae Financial, LLC ("Cannae" or "Claimant") and against John Bral ("Bral") in an action for breach of guaranty in Orange County Superior Court in Case No. 30-2015-00764092. A copy of the judgment is attached hereto as Exhibit "A". The judgment was in the sum of $1,210,792.29, including (a) damages in the sum of $1,025,888.73, (b) prejudgment interest, at the rate of 12.25% per annum, in the sum of $169,806.69, (c) attorney's fees in the sum of $14,506.95, and (d) costs in the sum of $589.92.

On April 13, 2016, without determining the merits of Cannae's claim, the Court set aside the judgment on the ground that Bral's default resulted from attorney fault. Bral filed a cross-complaint against Cannae and Barry Beitler, to which the Court sustained the demurrer in its entirety. Bral never filed an amended cross-complaint. The action remains pending and has been stayed as a result of this bankruptcy.

Cannae's claim is in at least the sum of $1,210,792.29 as reflected by the judgment as of June 23, 2015. In addition, Cannae is entitled to interest on the $1,025,888.73 principal portion of the judgment at the rate of 12.25% per annum, or $344.31 per day, in the sum of $210,717.72 for the 612 days from and after June 23, 2015 through the February 24, 2017 petition date herein, for a total claim of at least $1,421,510.01 as of February 24, 2017, plus recoverable attorney's fees and costs.

### Reservation of Rights

Claimant reserves the right to (i) amend, update and/or supplement this Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents or other liability or indebtedness of the Debtor to Claimant (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507.

In addition to the foregoing, Claimant reserves all rights with respect to (a) any indebtedness owed to Claimant by any non-debtor affiliate or other entity related to the Debtor, and (b) any other amounts that may be owing to Claimant in respect of interest, fees, indemnities, costs and expenses to the extent permitted by applicable law.

Nothing contained in this Proof of Claim shall be construed as limiting Claimants rights, remedies and interests.

The filing of this proof of claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other

proceeding commenced in this case against or otherwise involving this Proof of Claim, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim; (iii) an election of remedy; or (iv) a waiver of any past, present or future defaults or events of default. Claimant specifically preserves all of Claimant's procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor or any of its debtor or non-debtor affiliates, or by any trustee for this estate.

# EXHIBIT A

JUD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address:)* ELECTRONICALLY RECEIVED<br>Richard I. Arshonsky, Esq. [SBN 155624]<br>Levinson Arshonsky & Kurtz LLP<br>15303 Ventura Boulevard<br>Suite 1650<br>Sherman Oaks, CA 91403 | FOR COURT USE ONLY |

Superior Court of California,
County of Orange
08/10/2015 at 01:13:26 PM
Clerk of the Superior Court
By Amanda Rinson, Deputy Clerk

TELEPHONE NO.: (818) 382-3434      FAX NO. *(Optional):* (818) 382-3433
E-MAIL ADDRESS *(Optional):* rarshonsky@laklawyers.com
ATTORNEY FOR *(Name):* Plaintiff Cannae Financial LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUN 23 2015**

ALAN CARLSON, Clerk of the Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: **700 Civic Center Drive West**
MAILING ADDRESS:
CITY AND ZIP CODE: **Santa Ana, CA  92701**
BRANCH NAME: **Central Justice Center**

PLAINTIFF: **CANNAE FINANCIAL LLC, a California limited liability company,**

DEFENDANT: **JOHN BRAL, an individual; and DOES 1 through 20, inclusi**

| | |
|---|---|
| **JUDGMENT**<br>☐ By Clerk     ☒ By Default     ☐ After Court Trial<br>☒ By Court     ☐ On Stipulation     ☐ Defendant Did Not<br>Appear at Trial | CASE NUMBER:<br>30-2015-00764942-CU-CO-CJC |

**JUDGMENT**

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court     ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                      ☐ Plaintiff's attorney *(name each):*
         (1)                                              (1)
         (2)                                              (2)
      ☐ Continued on Attachment 3b.
      ☐ Defendant *(name each):*                      ☐ Defendant 's attorney *(name each):*
         (1)                                              (1)
         (2)                                              (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)  ☐ was not   ☐ was   requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]         **JUDGMENT**         Legal
Solutions
Plus         Code of Civil Procedure, §§ 585, 664.6

EXHIBIT "1"
Page 19

| PLAINTIFF: CANNAE FINANCIAL LLC, a California limited liability company, DEFENDANT: JOHN BRAL, an individual; and DOES 1 through 20, inclusive, | CASE NUMBER: 30-2015-00764942-CU-CO-CJC |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [ ] THE COURT   [ ] THE CLERK

4. [ ] **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
   a. [X] for plaintiff (name each): Cannae Financial LLC, a California limited liability company

   and against defendant (names): John Bral, an individual

   [ ] Continued on Attachment 5a.

   b. [ ] for defendant (name each):

   c. [ ] for cross-complainant (name each):

   and against cross-defendant (name each):

   [ ] Continued on Attachment 5c.

   d. [ ] for cross-defendant (name each):

6. **Amount.**
   a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | [X] | Damages | $ 1,025,888.73 |
| (2) | [X] | Prejudgment interest at the annual rate of 12.25 % | $ 169,806.69 |
| (3) | [X] | Attorney fees | $ 14,506.95 |
| (4) | [X] | Costs | $ 589.92 |
| (5) | [ ] | Other (specify): | $ 0.00 |
| (6) | | **TOTAL** | $ 1,210,792.29 |

   c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [ ] | Damages | $ 0.00 |
| (2) | [ ] | Prejudgment interest at the annual rate of % | $ 0.00 |
| (3) | [ ] | Attorney fees | $ 0.00 |
| (4) | [ ] | Costs | $ 0.00 |
| (5) | [ ] | Other (specify): | $ 0.00 |
| (6) | | **TOTAL** | $ 0.00 |

   b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
   [ ] Defendant named in item 5b to recover costs $ 0.00 and attorney fees $ 0.00

   d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
   [ ] Cross-defendant named in item 5d to recover costs $ 0.00 and attorney fees $ 0.00

7. [ ] Other (specify):

Date: JUN 2 3 2015

[ ] _Sheila Fell_
JUDICIAL OFFICER   JUDGE SHEILA FELL

Date: ___   [ ] Clerk, by _____, Deputy

---

**CLERK'S CERTIFICATE (Optional)**

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]   **JUDGMENT**

EXHIBIT "1"
Page 20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY CANNAE FINANCIAL LLC [CLAIM NO. 18]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 13, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 13, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                            **F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Daniel K Fujimoto**    wdk@wolfffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com

**SERVED VIA FIRST-CLASS MAIL:**

Cannae Financial LLC
c/o Gary E. Klausner, Esq.
Levene Neale Bender, et al
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**