1 | William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
2 | Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
3 | Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
4 | **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
5 | Costa Mesa, California 92626
Telephone    714-966-1000
6 | Facsimile    714-966-1002

7 | Attorneys for Debtor and Debtor-in-Possession
John Jean Bral
8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 | In re

13 | JOHN JEAN BRAL,

14 |        Debtor.

Case No. 8:17-bk-10706-SC

Chapter 11

**DEBTOR'S OBJECTION TO PROOF OF
CLAIM FILED BY BARRY BEITLER
[CLAIM NO. 15-1]; MEMORANDUM OF
POINTS AND AUTHORITIES; AND
DECLARATION OF JOHN JEAN BRAL IN
SUPPORT THEREOF**

**DATE:    December 14, 2017
TIME:    11:00 a.m.
Place:    Courtroom 5C
            411 West Fourth Street
            Santa Ana, California 92701**

*(Left margin, vertical text)* Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1136143.1

OBJECTION

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, BARRY BEITLER, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, on December 14, 2017, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, a hearing will be held concerning this objection (the "Objection") of John Jean Bral, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), to Claim No. 15 filed by Barry Beitler ("Beitler").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(A), any response to the Objection must be filed and served not later than fourteen (14) days prior to the hearing on the Objection (as further set forth in the Notice served concurrently herewith).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(B), if a response is not timely filed and served, the Court may grant the relief requested in the Objection without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Objection is based on the Notice of Hearing, the attached Memorandum of Points and Authorities, the Declaration of John Jean Bral appended hereto, the files and records of this Court related to the Debtor's case, and upon such other oral and documentary evidence as may be presented to the Court at or before the time of the hearing on the Objection.

///
///
///

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    **WHEREFORE**, the Debtor requests that the Court enter an order (i) disallowing in

2  its entirety Claim No. 15 filed by Beitler on the grounds that Beitler failed to attach

3  sufficient document to support the claim and, as such, the claim is not a valid claim

4  against the Debtor; and (ii) for such other and further relief as may be just and proper

5  under the circumstances of this case.

6                                              Respectfully submitted,

7  Dated:  October 13, 2017            LOBEL WEILAND GOLDEN FRIEDMAN LLP

8

9                                       By:  */s/ Beth E. Gaschen*
                                             WILLIAM N. LOBEL
10                                           ALAN J. FRIEDMAN
                                             BETH E. GASCHEN
11                                           Attorneys for Debtor
                                             and Debtor-in-Possession
12                                           John Jean Bral

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1136143.1                          3                      OBJECTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# I.    **INTRODUCTION**

By this Objection, the Debtor seeks the disallowance, in its entirety, of Claim No. 15 filed by Beitler.  Claim No. 15 is based upon an agreement by and through Ocean View Medical Investors, LLC, a California limited liability company ("OVMI")[1], Beitler, and Bral dated September 19, 2013 (the "Agreement"), wherein, as part of a refinance (the "Refinance") sought by OVMI of real property owned by OVMI and located at 441 Old Newport Road, Newport Beach, California (the "Property"), through Citizens Business Bank ("CBB"), Beitler agreed to pay the outstanding lien and tax obligations of the Property, and that said payments would be deemed a loan made by Beitler to OVMI, of which Bral would be responsible for paying half of in the event that OVMI defaulted under the terms of the Agreement.  Claim No. 15 should be disallowed as it: (1) fails to attach any evidence that Beitler performed under the Agreement and made payments on account of each outstanding lien and tax obligations; and (2) upon review of the books and records by the Debtor, the Debtor is unclear if the outstanding liens and tax obligations were paid. As is, Claim No. 15 is not a valid claim against the Debtor's estate and the Debtor is not personally liable for such claim.  Accordingly, the Objection should be sustained.

# II.    **STATEMENT OF FACTS**

## A.    **Jurisdiction and Venue**

This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Beitler and Bral were both managers of OVMI.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**B.    The Debtor and the Chapter 11 Filing**

The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date").  The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this case.  No official committee of unsecured creditors has been appointed in this case.

**C.    The Claim**

On June 16, 2017, Beitler filed a proof of claim ("Claim No. 15") in the amount of $40,663.33.  A true and complete copy of Claim No. 15 is attached hereto as Exhibit "1" and incorporated herein by this reference.  Claim No. 15 alleges that Beitler is entitled to payment in the amount of $40,663.33 pursuant to the Agreement.  (*See* Attachment to Claim No. 15).

**III.   CLAIM NO. 15 SHOULD BE DISALLOWED IN ITS ENTIRETY AS IT IS NOT A LIABILITY OF THE ESTATE**

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and section 502(a) of the Bankruptcy Code, a timely filed and properly documented proof of claim is deemed prima facie valid.  Section 502(b)(1) of the Bankruptcy Code provides that a claim will not be allowed to the extent that the claim is for "an unenforceable debt against a debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . . ."

"[T]he burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim.  3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991).  Once "the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  In re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).  The ultimate burden of persuasion remains at all times upon the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   claimant.  Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000);

2   In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Gray, 522 B.R. 619, 625 (Bankr. D.

3   Idaho 2014) ("If the objector produces evidence sufficient to negate the validity of the

4   claim, the ultimate burden of persuasion remains on the claimant to demonstrate by

5   preponderance of the evidence that the claim deserves to share in the distribution of the

6   debtor's assets."); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (9th Cir. BAP 1993);

7   In re Parrott Broadcasting Ltd. P'ship, 492 B.R. 35, 38 (Bankr. D. Idaho 2013); In re

8   Blixeth, 489 B.R. 154 (Bankr. D. Mo. 2013) (once objecting party succeeds in overcoming

9   prima facie effect of procedurally proper proof of claim, burden shifts to claimant to prove

10  validity of its claim, and claimant must satisfy that burden by preponderance of evidence).

11  See also Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 244 (1939) (stating that the

12  bankruptcy court has the power to shift the circumstances surrounding any claim to see

13  that injustice or unfairness is not done in administering the bankruptcy estate).

14          Claim No. 15 should be disallowed in its entirety as it is not enforceable against the

15  Debtor and is not a valid claim against his estate.  The only evidence filed in support of

16  Claim No. 15 is the Agreement and an email communication between Beitler and the

17  Debtor.  Claim No. 15 fails to attach sufficient document showing that (1) any payments

18  were actually made by Beitler on the outstanding lien and tax obligations; and (2) how

19  much those payments amounted to.  Further, upon the Debtor's review of the books the

20  Debtor is unclear if the outstanding liens and tax obligations were paid and whether all of

21  the liens were actually due by the time the Agreement was to be performed.  There is

22  insufficient evidentiary support in the documents attached to Claim No. 15 to support

23  allowance of the claim.  Failure to disallow Claim No. 15 would result in Beitler receiving

24  an unwarranted recovery against the Debtor, to the detriment of other creditors.

25  **IV.     RESERVATION OF RIGHTS**

26          This Objection is limited to the grounds stated herein.  Accordingly, it is without

27  prejudice to the right of the Debtor to object to Claim No. 15 on any other ground

28

1136143.1                                     6                                     OBJECTION

1  whatsoever, and the Debtor expressly reserves all further substantive and/or procedural

2  objections he may have.

3  **V.**    **CONCLUSION**

4      The Debtor objects to the allowance of Claim No. 15 for the reasons stated herein,

5  and the Debtor moves this Court for an order (i) disallowing in its entirety Claim No. 15;

6  and (ii) for such other and further relief as may be just and proper under the

7  circumstances of this case.

8                                     Respectfully submitted,

9  Dated: October 13, 2017            LOBEL WEILAND GOLDEN FRIEDMAN LLP

10

11                                     By:  */s/ Beth E. Gaschen*
                                             WILLIAM N. LOBEL
12                                           ALAN J. FRIEDMAN
                                             BETH E. GASCHEN
13                                           Attorneys for Debtor and
                                             Debtor-in-Possession
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1136143.1                          7                          OBJECTION

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned case.  The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto.  I make this declaration in support of the Objection to Proof of Claim Filed by Barry Beitler [Claim No. 15] (the "Objection").  Any term not specifically defined herein shall have the meaning provided in the Objection.

2.      This case was commenced by the filing a voluntary petition under chapter 11 of title 11 of the United States Code on February 24, 2017 (the "Petition Date").  I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this case.  No official committee of unsecured creditors has been appointed in this case.

3.      I have commenced reviewing and reconciling the proofs of claims filed against my estate.  These efforts have resulted in the identification of the disputed claim, Claim No. 15-1, filed by Beitler on June 16, 2016, a true and complete copy of which is attached hereto as Exhibit "1."

4.      Claim No. 15 is based upon the Agreement, wherein, as part of a refinance sought by OVMI of the Property, through CBB, Beitler agreed to pay the outstanding lien and tax obligations of the Property, and those payments would be deemed a loan made by Beitler to OVMI, of which I would be responsible for paying half of in the event that OVMI defaulted under the terms of the Agreement.

5.      I am not aware of whether the outstanding liens and tax obligations were paid by Beitler and whether all of the liens were actually due by the time the Agreement was to be performed.

///

///

6.    I believe that granting the relief requested in the Objection is in the best interests of my estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October 2017, at Irvine, California.

John Jean Bral

# EXHIBIT "1"

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | JOHN JEAN BRAL |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:17-BK-10706-SC |

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Barry Beitler
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Gary E. Klausner, Esq.
Name

10250 Constellation Blvd., Suite 1700
Number      Street

Los Angeles          CA          90067
City                State            ZIP Code

Contact phone (310) 229-1234

Contact email GEK@LNBYB.COM

Where should payments to the creditor be sent? (if different)

Barry Beitler
Name

825 Barrington Avenue
Number      Street

Los Angeles          CA          90048
City                State            ZIP Code

Contact phone _____

Contact email bbeitler@beitler.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
            MM / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$ 40,663.33, as of the petition date, not including any recoverable attorney's fees, costs and interest.

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Agreement dated September 19, 2013 evidencing loan to Debtor.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | |
| | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ | Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/15/2017
              MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Barry Beitler | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 825 Barrington Avenue | | |
| | Number      Street | | |
| | Los Angeles | CA | 90049 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email bbeitler@beitler.com | |

## ATTACHMENT TO PROOF OF CLAIM OF BARRY BEITLER BASED ON
## SEPTEMBER 19, 2013 AGREEMENT

Barry Beitler ("Beitler" or "Claimant") and John Bral ("Bral") were both managers and members of Ocean View Medical Investors, LLC ("Ocean View"). When Ocean View sought to refinance its real property, the lender required payment of outstanding lien and tax obligations. Pursuant to a written agreement dated September 19, 2013 ("Agreement"), a copy of which is attached hereto as Exhibit "A", (i) Beitler agreed to pay those lien and tax obligations on behalf of Ocean View (the "Beitler Payment"), (ii) the Beitler Payment would be deemed a loan made by Beitler, and (iii) if Ocean View did not repay the loan in accordance with the terms of the Agreement, Bral would reimburse Beitler for one-half of the Beitler Payment. Bral admitted in a September 18, 2013 email, a copy of which is attached hereto as Exhibit "B", that the sum of his obligation on the Beitler Payment, if not otherwise paid in accordance with the Agreement is $40,663.33.

Ocean View and Bral defaulted on their obligations under the Agreement. The amount due and owing by Bral to Beitler under the Agreement as of the February 24, 2017 petition date herein is $40,663.33, plus any recoverable attorney's fees, costs and interest.

### <u>Reservation of Rights</u>

Claimant reserves the right to (i) amend, update and/or supplement this Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents or other liability or indebtedness of the Debtor to Claimant (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507.

In addition to the foregoing, Claimant reserves all rights with respect to (a) any indebtedness owed to Claimant by any non-debtor affiliate or other entity related to the Debtor, and (b) any other amounts that may be owing to Claimant in respect of interest, fees, indemnities, costs and expenses to the extent permitted by applicable law.

Nothing contained in this Proof of Claim shall be construed as limiting Claimants rights, remedies and interests.

The filing of this proof of claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving this Proof of Claim; (iii) an election of remedy; or (iv) a waiver of any past, present or future defaults or events of default. Claimant specifically preserves all of Claimant's procedural and substantive defenses and rights with

respect to any claim that may be asserted against Claimant by the Debtor or any of its debtor or
non-debtor affiliates, or by any trustee for this estate.

# EXHIBIT "A"

## Agreement

This Agreement ("Agreement") is made on this 19th day of September, 2013, by and between Ocean View Medical Investors, LLC, a California limited liability company ("OVMI"), Barry Beitler ("Beitler") and John Bral ("Bral") with regard to the following facts:

A.    OVMI is the owner of that certain real property located at 441 Old Newport Road, in the City of Newport Beach, State of California ("Property"), which is currently being refinanced by Citizens Business Bank ("Lender"). As a condition precedent, Lender requires that certain mechanics liens and default taxes be paid.

B.    As of June 28, 2013 general and special taxes for the fiscal years 2012-2013 in the amount of $34,231.30 are owed and accruing (collectively, "Property Taxes").

C.    As of June 28, 2013, mechanic's liens in the amount of $4,305.00 and $10,105.36 are owed and accruing and recorded against the Property as Instrument No. 12-810180 and 13-319070, respectively (collectively, "Liens").

D.    A copy of the preliminary title report issued by Orange Coast Title is appended hereto as Exhibit "1" and incorporated in full herein by this reference and made a part of this Agreement.

E.    As a condition precedent, Lender requires that the Liens and Property Taxes be default taxes be paid and any encumbrances against the Property reflecting the foregoing be released and/or expunged.

F.    Beitler has agreed to pay the Property Taxes and Liens in order to fund the loan ("Loan") for OVMI from Lender.

G.    This Agreement shall set forth the terms and conditions in which Beitler will agree to the payment of the Liens and Property Taxes for the Loan.

Now, Therefore, for the mutual premises and for good and valuable other consideration, the receipt and sufficiency of which is hereby acknowledged and received, Beitler, OVMI and Bral (also individually sometimes as "Party" and collectively sometimes as "Parties") do hereby agree as follows:

1.    Beitler Payment. Beitler does hereby agree to pay the Property Taxes and Liens, in the above-referenced amounts, as accrued, as of the date of payment by Beitler ("Beitler Payment"); provided, however, OVMI and Bral agree to the following: (i) except as otherwise expressly provided, the Beitler Payment shall be deemed a loan made by Beitler to OVMI; (ii) the repayment of the Beitler Payment

Page 1 of 4

shall be immediately repaid from the proceeds of the Loan in the aggregate amount paid by Beitler for the Property Taxes and Liens, and costs incurred by Beitler, and shall have first priority over any other payment or distribution by OVMI, including from the Loan, or other obligation of OVMI ("Repayment"); (iii) Repayment shall be made concurrently with the funding of the Loan, either from escrow or by the lender, or by OVMI, as Beitler shall require, in his absolute and sole discretion; (iv) there shall be no interest charged for the Beitler Payment, if Repayment is made within fifteen (15) business days from the date of Beitler Payment; and (v) any costs incurred by Beitler for the Beitler Payment shall be reimbursed in full to Beitler concurrent with Repayment.

2.    Failure of Repayment.  In the event that the Repayment is not made as a result of the following events: (i) Loan does get funded; or (ii) OVMI does not repay the Beitler Payment within one hundred and twenty (120) days then and only then Bral shall reimburse Beitler one-half of the Beitler Payment ($48,641.66 or as is adjusted per paragraph 3, it would be only one half of the actual Beitler Payment per paragraph B and C above).

3.    Adjustments.   The amount of the Property Taxes will be adjusted to include any additional accrued interest and the meaning of the term "Property Taxes" shall include any additional amount.  The true and correct amount of the Property Taxes owed will be reflected in the payment document from title used in the funding of the Loan, to be attached hereto as Exhibit "2".  Further, the Liens may be reduced to negotiation and Bral shall provide Beitler with the amount of any adjustments, which will be appended hereto also to Exhibit "2" reflecting the amount paid in release of the Liens.

4.    Release of the Liens.  Since cashier's checks will be issued to the lienholder, Bral shall secure a notarized lien release for recording with the County Recorder's Office.

5.    Authority to Enter Into and Execute This Agreement.  The signatories to this Agreement represent and warrant to one another they are authorized to execute and enter into this Agreement on behalf of the parties for whom they have executed this Agreement.

6.    Representation by Counsel.  Each party to this Agreement acknowledges that (i) it/he/she has had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the consideration specified herein, and (ii) it/he/she has executed this Agreement voluntarily, knowingly, and without coercion.

7.    Governing Law and Venue.  This Agreement and any claims or disputes arising hereunder shall be governed by and construed in accordance with the laws of the State of California.

8.     <u>Attorneys' Fees</u>.  Should any action be brought in connection with the enforcement or interpretation of, by reason of any claim, default or breach of, or in any way relating to, this Agreement or the settlement contained herein, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

9.     <u>Binding on Successors</u>.  This Agreement shall be binding upon each of the Parties and their respective heirs, representatives, successors, heirs and assigns.

10.    <u>Other Documents</u>.  The Parties to this Agreement agree to execute, without additional consideration, any agreement or other documents that are required in order to effectuate the terms, conditions, purposes and objectives of this Agreement.

11.    <u>Severability</u>.  Should any part, term or provision of this Agreement be declared or determined by any court to be illegal or invalid, such part, term or provision shall be deemed not to be a part of this Agreement and the remainder of the Agreement shall remain valid and enforceable.

12.    <u>Amendment</u>.  No modification, amendment or waiver of any of the provisions of this Agreement shall be effective unless in writing signed by all the Parties.

13.    <u>Waiver</u>.  The failure to enforce at any time any of the provisions of this Agreement or to require at any time performance by another party of any of the provisions hereof shall in no way be construed to be a waiver of said provision or to affect either validity of this Agreement, or any part hereof, or the right of any party thereafter to enforce each and every such provision in accordance with the terms of this Agreement.  Any waiver of any condition in, or breach of, this Agreement in a particular instance, shall not operate as a waiver of other or subsequent conditions or breaches of the same or a different kind.  The Parties' exercise or failure to exercise any rights under this Agreement in a particular instance shall not operate as a waiver of their right to exercise the same or different rights in subsequent instances.

14.    <u>Captions</u>.  The captions of the various paragraphs herein are for convenience only, and none of them is intended to be any part of the body or text of this Agreement nor is intended to be referred to in construing any of the provisions hereof.

15.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, any of which shall be deemed to be the original.

16.    <u>Integration/Entire Agreement</u>.  This Agreement and the documents, instruments and/or agreements referred to herein, set forth the entire agreement between the Parties with regard to the subject matter hereof.  All agreements, covenants, representations and warranties, express or implied, oral and written, of the Parties with regard to the subject matter hereof are contained herein, in the

exhibit hereto, and in the documents, instruments, and agreements referred to herein, or implementing the provisions hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter hereof are waived, merged herein and therein and superseded hereby and thereby. This is an integrated agreement. Each of the Parties hereto acknowledges that any party or agent or attorney of any other party has not made any promise, representation or warranty whatsoever, express or implied, written or oral, not contained herein concerning the subject matter hereof to induce it to execute this Agreement and each of the Parties acknowledges that it has not executed this Agreement, in reliance on any promises, representation or warranty not contained herein.

Executed by each of the undersigned at Los Angeles, California as of the Effective Date.

By: Barry Beitler

By: John Bral


Ocean View Medical Investors, LLC
a California limited liability company

By: John Bral
Its: Manager


By: Barry Beitler
Its: Manager

Page 4 of 4



Exhibit "1"

Order No. 140-1511304-66

## SCHEDULE "B"

At the date hereof exceptions to coverage in addition to the printed exceptions and exclusions contained in said policy form would be as follows:

1   General and Special taxes for the fiscal year 2013-2014, including any assessments collected with taxes.  A lien not yet payable.

First installment due and payable November 1, 2013, delinquent if not paid by 12/10/13
Second installment due and payable February 1, 2014, delinquent if not paid by 4/10/14

2   General and Special taxes for the fiscal year 2012-2013, including any assessments collected with taxes.

| | |
|---|---|
| Total amount | $34,231.30 |
| 1st installment | $15,549.23 delinquent |
| Penalty | $1,554.92 |
| 2nd installment | $15,549.23 delinquent |
| Penalty | $1,577.92 |
| Code area | 07-007 |
| Parcel No. | 425-271-12 |
| Exemption | $0 |

3   The Lien of future supplemental taxes, if any, assessed pursuant to the provisions of section 75, et seq of the revenue and taxation code of the state of California

4   The abutter's rights of access appurtenant to said land, in and to the adjoining freeway, over and across the Northwesterly line of said Southeasterly half of the 40-foot road acquired by the State of California by Final Decree of Condemnation in Orange County Superior Court Case No. 58877, a Certified Copy of which was recorded 06/26/1953 in Book 2528 Page 427, of Official Records.

5   An easement for purposes herein stated, and rights incidental thereto as provided in an instrument
Recorded:       08/13/1981 in Book 14180 Page 844, of Official Records.
For :           distributing electrical energy for transmitting intelligence by electrical means and incidental purposes
In favor of :   Southern California Edison Company, a Corporation
Affects :       A strip of land 6 feet in width, lying within Lot 14 in Block 9 of Tract No. 27, Boulevard Addition to Newport Heights, as shown on a Map recorded in Book 9 Page 26 of miscellaneous maps, records of Orange County, California, the centerline of said strip of land being described as follows:

Commencing at the most Easterly corner of said Lot 14; thence South 14° 02' 30" West, 4 feet to the True Point of Beginning; thence North 65° 53' 00" West, 107 feet to a point hereinafter referred to as Point "A"; thence continuing North 65° 53' 00" West, a distance of 56 feet.

Also a strip of land 14 feet in width lying within said Lot 14, the sidelines of a said strip of land being 4 feet Northeasterly and 10 feet Southwesterly of the following described line:

Beginning at said Point "A"; thence North 65° 53' 00" West, a distance of 15 feet.

Page 3

Order No. 140-1511304-66

6   A Deed of Trust to secure the indebtedness of
    Amount:            $4,725,000.00
    Trustor:           Ocean View Medical Investors, LLC. a California Limited Liability Company as to an
                       undivided 80% interest and BAB 8, LLC, a California Limited Liability Company as to
                       an undivided 20% interest
    Trustee:           Lawyers Title Company
    Beneficiary:       First Regional Bank
    Dated:             10/5/2005
    Recorded:          10/12/2005 as Instrument No. 05-821196, Official Records.

    An agreement modifying said Deed of Trust was recorded 8/21/2009 as Instrument No. 09-451254, of Official Records
    Dated:             06/26/2009
    Executed by:       Ali Aryarad and Floria Aryarad, husband and wife as joint tenants as to an undivided 9.77%;
                       Ocean View Medical Investors, LLC. a California limited liability company as to an
                       undivided 70.23% interest and BAB 8 LLC. a California limited liability company as to an
                       undivided 20% interest and First Regional Bank

    The beneficial interest under said Deed of Trust was assigned
    To:                First-Citizens Bank & Trust Company
    By Assignment Recorded:  12/2/2010 as Instrument No. 10-648425, Official Records.

7   An agreement which provides for the assumption of an agreement to pay the NOTE secured by, and to perform the
    Obligations in and be bound by the terms of said Deed of Trust, recorded 08/21/2009, as Instrument No. 09-451253, of
    Official Records.
    Dated:             06/26/2009
    Executed by:       First Regional Bank and Ali Aryarad and Floria Aryarad

8   An Assignment of rents and agreement not to sell or further encumber given as security for a promissory NOTE
    Recorded:          10/12/2805 as Instrument No. 05-821197, Official Records.
    Dated:             10/5/2005
    Executed by:       Ocean View Medical Investors, LLC, a California Limited Liability Company as to an
                       undivided 80% interest and BAB 8, LLC, a California Limited Liability Company as to
                       an undivided 20% interest
    In favor of:       First Regional Bank
    Amount:            $4,725,000.00

9   A financing statement recorded 10/12/205, as Instrument No. 05-821198, of Official Records.
    Dated:             not shown
    Debtor:            Ocean View Medical Investors. LLC and BAB 8, LLC
    Secured party:     First Regional Bank

10  A Deed of Trust to secure the indebtedness of
    Amount:            $690,000.00
    Trustor:           Ocean View Medical Investors, LLC, a California Limited Liability Company
    Trustee:           Lawyers Title Company, a California Corporation
    Beneficiary:       Avalon Associates, Limited
    Dated:             06/13/2007
    Recorded:          6/28/2007 as Instrument No. 07-408492, Official Records.

    To avoid delays at the time of closing, please submit the original NOTE, Deed of Trust, and the properly executed request
    for reconveyance to this office, at least one week prior to close of escrow.

    The lien or charge of said Deed of Trust was subordinated to the lien or charge of the Deed of Trust referred to in Paragraph
    6 of Schedule B, by an agreement
    Recorded:          8/21/2009, as Instrument No. 09-451256, Official Records.

    Said Deed of Trust is encumbering only the undivided 70.23% interest of the trustor in the subject property.

Page 4

11   An Instrument upon the terms and conditions therein
    Entitled:     Reciprocal Easement Agreement (Parking) and Right of First Refusal
    Executed by:   Ocean View Medical Investors LLC, a California Limited Liability Company and Sidney
                Soffer, an individual
    Recorded:    9/19/2007 as Instrument no  07-571284Official Record

12   A financing statement recorded 08/21/2009, as Instrument No. 09-451255, of Official Records.
    Dated:        not shown
    Debtor:      Ocean View Medical Investors, LLC and BAB 8, LLC
    Secured party:  First Regional Bank

13   A claim of mechanic's lien
    Amount:      $6,490.00
    Claimant:    Terra Pave, Inc.
    Recorded:    12/28/2012, as Instrument No. 12-810180, Official Records.

14   A claim of mechanic's lien
    Amount:      $30,500.00
    Claimant:    Universal Metro Inc.
    Recorded:    1/14/2013, as Instrument No. 13-26411, Official Records.

15   A claim of mechanic's lien
    Amount:      $10,105.36
    Claimant:    SSD, Inc. - Fire
    Recorded:    5/28/2013, as Instrument No. 13-319070, Official Records.

16   Any claims of lien on said land that may be filed, by reason of a work of improvement thereon as disclosed by an instrument
    Recorded:    12/28/2012 as Instrument No. 2012-810180, Official Records.

17   Rights of parties in possession of said land by reason of unrecorded leases, if any.  Please forward said leases for our
    examination.

18   Any facts, rights, interest or claims which may be shown by an inspection of the land or which may be disclosed by inquiry
    of persons in possession of said land.

19   The requirement that we be provided:

    (1) A copy of the filed articles of organization of Ocean View Medical Investors, LLC. a California Limited Liability
    Company, a limited liability company.

    (2) A current list of the names of said limited liability company members.

    (3) A copy of said limited liability company's operating agreement, with a verified certificate that the operating agreement is
    a true and correct copy of the agreement now in effect.

20   The requirement that we be provided:

    (1) A copy of the filed articles of organization of BAB 8, LLC. a California Limited Liability Company, a limited liability
    company.

    (2) A current list of the names of said limited liability company members.

    (3) A copy of said limited liability company's operating agreement, with a verified certificate that the operating agreement is
    a true and correct copy of the agreement now in effect.

21   The effect of documents, proceedings, liens, decrees or other matters which do not specifically describe said land, but which,
    if any do exist, may affect the title or impose liens or encumbrances thereon.  The name search necessary to ascertain the
    existence of such matters has not been completed and will require a statement of information from all parties involved in this
    transaction.

Page 5



Exhibit "2"

# EXHIBIT "B"



**From:** **John Bral** jbral@venturegroup.com 📎
**Subject:** FW: Mineral King/Unsecured
**Date:** September 20, 2013 at 10:36 AM
**To:** rezak donald donald.rezak@gmail.com
**Cc:** donald.rezak@beitler.com

Best Regards,

# John

John Bral



Venture RE Group
2601 Main Street, Suite 960
Irvine, CA 92614
P: 949.721.8600
F: 949.752.2583
C: 714.719.8577

DRE Broker # 01523188
DRE # 01035461

Venture RE Group Confidentiality Statement: The information contained in this transmission is privileged and confidential. It is intended only for the recipient(s) named above. If you are not the intended recipient, please forward this to the intended recipient immediately. Anyone other than the intended recipient is strictly prohibited from any dissemination, distribution or copying of this transmission. If you have received this in error, please contact the sender immediately and destroy the transmission.

---

**From:** John Bral
**Sent:** Wednesday, September 18, 2013 2:50 PM
**To:** 'rezak donald'
**Cc:** 'Barry Beitler'
**Subject:** RE: Mineral King/Unsecured

Hi Donald,
Please make the following changes to the Agreement for Lien release payment:

1. Paragraph 1. (iv) change to 15 business days.
2. Replace paragraph 2. With the following (see attached):
   In the event that the Repayment is not made as a result of the following events:
(i) Citizens Loan does get funded or (ii) OVMI does not repay the Beitler Payment then and only then Bral agrees that he shall reimburse Beitler one-half of the Beitler Payment (which is $81,326.66/2=$40,66.33). Talk to you soon.

Best Regards,

# John

John Bral



Venture RE Group
2601 Main Street, Suite 960
Irvine, CA 92614
P: 949.721.8600
F: 949.752.2583
C: 714.719.8577

DRE Broker # 01523188
DRE # 01035461

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled:  **DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BARRY BEITLER [CLAIM NO. 15-1]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN J. BRAL IN SUPPORT THEREO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **October 13, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On **October 13, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 13, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2017 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com


## SERVED VIA FIRST-CLASS MAIL:

**SERVED BY UNITED STATES MAIL:**
Gary E. Klausner, Esq.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067

Barry Beitler
825 Barrington Avenue
Los Angeles, CA  90048

Office of the United States Trustee
511 West Fourth Street, Suite 7160
Santa Ana, CA  92701

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**