William N. Lobel (CA Bar No. 93202)
wlobel@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  02626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
Special Reorganization Counsel for
Debtor and Debtor-in-Possession, John Jean Bral

Alan J. Friedman (CA Bar No. 132580)
afriedman@shbllp.com
SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

Attorneys for Debtor and Debtor-in-Possession,
John Jean Bral

**FILED & ENTERED**

**MAY 11 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN JEAN BRAL,<br><br>    Debtor and Debtor-in-Possession. | **Case No.: 8:17-bk-10706-SC**<br><br>**Chapter 11 Proceeding**<br><br>**ORDER RE APPLICATION OF CRIME-FRAUD EXCEPTION TO DOCUMENTS SUBJECT TO THE ATTORNEY-CLIENT AND WORK-PRIVILEGES**<br><br>**DATE:     May 3, 2018**<br>**TIME:     1:00 p.m.**<br>**PLACE:    Courtroom 5C** |

On April 18, 2018 and continuing on May 3, 2018, a hearing was held on the issue of whether the Court should be authorized, in reliance upon the crime-fraud exception to the attorney-client and work product privileges, to conduct an *in camera* review of the documents listed on the privilege logs submitted by Betsy Boyd, Levy, Small & Lallas, and Barry Beitler/BCRS (collectively, the "Beitler Parties") to counsel for John Bral (see docket number 412) (the "Privilege Logs").

The Court undertook and stated a complete and systematic review of the law surrounding the crime-fraud exception, and held an extensive evidentiary hearing on the underlying facts of the matter before it. The Court further engaged in extensive discussions with counsels on both the law and the facts of the matter. The Court has further taken extensive guidance from the United States Supreme Court decision *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), on several significant points, including this observation regarding the application of the crime-fraud exception and an application of interlocutory appeal:

> "Most district court rulings on these matters involve the routine application of settled legal principles. They are unlikely to be reversed on appeal, particularly when they rest on factual determinations for which appellate deference is the norm. See, e.g., Richardson-Merrell, 472 U.S., at 434, 105 S. Ct. 2757, 86 L. Ed. 2d 340 ("Most pretrial orders of district judges are ultimately affirmed by appellate courts"); Reise v. Board of Regents, 957 F.2d 293, 295 (CA7 1992) (noting that "almost all interlocutory appeals from discovery orders would end in affirmance" because "the district court possesses discretion, and review is deferential")."

*Mohawk Indus*. at 110.[1]

The lessons learned by this Court from the *Mohawk Industries* decision are several, and include that the trial court should take extra caution with all procedural and substantive rights with respect to these important matters, and to carefully articulate and apply its understanding of the law and interpretation of the facts presented.

For the reasons stated on the record, and all of them, it is hereby ORDERED:

A. On or before May 24, 2018, the Beitler Parties will update the Privilege Logs to incorporate any additional documents claimed to be subject to the attorney-

---

[1] The Supreme Court, in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) clearly set forth that an order requiring production of documents based on the crime-fraud exception is not ripe for appeal. 9-0 decision (J. Sotomayor), one concurrence (J. Thomas). The current order is only one for *in camera* review at this time.

2

client or work-product privileges, and to correct the missing entries resulting from the listing of a communication on one Privilege Log, without the entry of a matching communication on the applicable other Privilege Log (sender/recipient match);

B. On or before June 12, 2018, the Beitler Parties will deliver the documents listed in the Privilege Logs, as updated by the entries referenced in paragraph A above, to the Court for review (the "Documents"). The Documents will be produced in sealed bankers box(es); and

C. The Court will complete its review of the Documents, *in camera*, and return those Documents that are not deemed subject to disclosure, in the same box(es). The Court's review of the documents will be made by the Judge personally, and the documents will not be viewed by any other person. Documents deemed subject to further disclosure will be addressed in a separate order.

D. Based on the decision of *Mohawk Industries, Inc. v. Carpenter*, *supra*, this Court orders that no motion for stay pending appeal need be presented to this Court, and that the parties are free to exercise their rights to present any such motion directly to the Bankruptcy Appellate Panel for the Ninth Circuit or any appropriate United States District Court.

###

Date: May 11, 2018

Scott C. Clarkson
United States Bankruptcy Judge