William N. Lobel (CA Bar No. 93202)
**PACHULSKI STANG ZIEHL & JONES LLP**
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Telephone: (714) 383-4740
Facsimile: (714) 383-4741
Email: wlobel@pszjlaw.com

Special Reorganization Counsel for
Debtor and Debtor-in-Possession John Jean Bral

Alan J. Friedman - Bar No. 132580
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: AFriedman@shbllp.com

Attorneys for Debtor and Debtor-in-Possession
John Jean Bral

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**John Jean Bral,**<br><br>　　　　Debtor and Debtor-in-Possession. | Case No. 8:17-bk-10706-ES<br><br>Chapter 11<br><br>**APPENDIX OF UNPUBLISHED AUTHORITIES IN SUPPORT OF DEBTOR JOHN JEAN BRAL'S RESPONSE TO EVIDENTIARY OBJECTIONS OF CREDITORS BARRY BEITLER; CANNAE FINANCIAL, LLC; BEITLER & ASSOCIATES, INC. DBA BEITLER COMMERCIAL REALTY SERVICES; STEWARD FINANCIAL LLC, AND BETSY BOYD TO DECLARATION OF ADAM MEISLIK IN SUPPORT OF CONFIRMATION OF BRAL'S SECOND AMENDED CHAPTER 11 PLAN**<br><br>**Hearing:**<br>Date:  December 11, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 5A<br>　　　United States Bankruptcy Court<br>　　　Ronald Reagan Federal Building<br>　　　411 W. Fourth Street<br>　　　Santa Ana, CA 92701 |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1277332.1

1  In compliance with Local Bankruptcy Rule 9013-2(b)(4), attached in support of Debtor John Jean Bral's Response to Evidentiary Objections of Creditors Barry Beitler; Cannae Financial, LLC; Beitler & Associates, Inc. dba Beitler Commercial Realty Services; Steward Financial, LLC; and Betsy Boyd to Declaration of Adam Meislik in Support of Confirmation of Bral's Second Amended Chapter 11 Plan, is a copy of the unpublished opinions cited therein.

Dated: September 28, 2018.

SHULMAN HODGES & BASTIAN LLP

By: _____
Alan J. Friedman
Attorneys for Debtor and Debtor-in-Possession, John Bral

Dated: September 28, 2018.

PACHULSKI STANG ZIEHL JONES LLP

By: _____
William N. Lobel
Special Reorganization Counsel for Debtor and Debtor-in-Possession, John Bral

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1277332.1

2

| Case | Tab |
|---|---|
| *United States v. Wells*, 162 Fed.Appx. 754 | 1 |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1277332.1

3

# **TAB 1**

## *United States v. Wells*

United States Court of Appeals for the Ninth Circuit

September 15, 2005, Argued and Submitted, Pasadena, California ; January 12, 2006, Filed

No. 04-50296

**Reporter**
162 Fed. Appx. 754 *; 2006 U.S. App. LEXIS 918 **

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ERIC SHAWN WELLS, Defendant - Appellant.

**Notice:** [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Prior History:** Appeal from the United States District Court for the Southern District of California. D.C. No. CR-02-00624-3-MJL. M. James Lorenz, District Judge, Presiding.

*United States v. Wells, 153 Fed. Appx. 417, 2005 U.S. App. LEXIS 22870 (9th Cir. Cal., Oct. 21, 2005)*

**Counsel:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Linda A. Frakes, Esq., USSD - OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For ERIC SHAWN WELLS, Defendant - Appellant: Antonio F. Yoon, Esq., LAW OFFICES OF ANTONIO F. YOON, San Diego, CA.; Timothy A. Scott, Esq., LAW OFFICES OF TIMOTHY A. SCOTT, APC, San Diego, CA.

**Judges:** Before: GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

# Opinion

[*756] AMENDED MEMORANDUM *

Defendant Eric Shawn Wells appeals his conviction, after a jury trial, for violating *18 U.S.C. § 1959(a)(5)*, violent crimes in aid of racketeering, and *18 U.S.C. § 924(c)*, use of a firearm during a violent offense. We reverse and remand for a new trial.

[**2] 1. The district court did not abuse its discretion, *United States v. Rahm, 993 F.2d 1405, 1409-10 (9th Cir. 1993)*, in admitting Detective Carter's expert testimony about Wells' membership in the West Coast Crips and about his gang moniker. See *United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000)* (holding that police officers with "years of experience and special knowledge" of gangs may qualify as expert witnesses). An expert may base an opinion on inadmissible evidence, including hearsay, of a kind that experts in the field regularly consult. *Fed. R. Evid. 703*; [*757] *Hankey, 203 F.3d at 1169*. Because Detective Carter testified and was available for cross-examination, her reliance on hearsay to form her opinion did not violate the *Confrontation Clause*. *United States v. Beltran-Rios, 878 F.2d 1208, 1213 n.3 (9th Cir. 1989)*.

With regard to Detective Carter's opinion of gang membership, Wells failed to object in district court. Thus we review only for plain error, *Fed. R. Crim. P. 52(b)*, and we find none.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by *9th Cir. R. 36-3*.

162 Fed. Appx. 754, *757; 2006 U.S. App. LEXIS 918, **2

With regard to Wells' gang moniker, [**3] the notation "Mr. CM1" in the Huff memorial book was not a commonly understood nickname; the district court did not abuse its discretion in allowing Detective Carter to express an opinion, based on her expertise, of its meaning and significance. Additionally, any error was not prejudicial because of Wells' own admissible statement that the notation meant that "you murder Crips."

2. The district court did not abuse its discretion, United States v. Adamson, 291 F.3d 606, 612 (9th Cir. 2002), in limiting evidence concerning Wells' state court plea colloquy. Wells' incriminating statements were admissible under Federal Rule of Evidence 801(d)(2)(A). He argues that he should have been allowed to introduce evidence about the circumstances of the state-court plea. The district court excluded that evidence under Federal Rule of Evidence 403 because it would require an explanation of the difference between federal and state charges, lead the jury to speculate about why the federal charges were brought, cause jury confusion, and waste time and resources.

Wells' assertion that the court violated 18 U.S.C. § 3501 [**4] is not well taken because that statute pertains to "relevant evidence on the issue of voluntariness," and there was no issue here of the voluntariness of Wells' state plea colloquy. We disagree with Wells' additional argument that the district court abused its discretion under Rule 403. Wells did not contradict the state-court statements in his testimony in federal court; he continued to admit that the shooting incident was gang-related and that the others involved were motivated by retaliation (even though he claimed that he was not so motivated).

3. The district court abused its discretion in admitting the "enterprise calls" against Wells and in denying the motion under Federal Rule of Criminal Procedure 8(b) to sever Wells' trial from Wicker's. See United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999) (holding that denial of a motion for severance is reviewed for abuse of discretion).

The district court erred insofar as it admitted the calls under Rule 801(d)(2)(E) because the court did not follow the Rule's requirement first to "determine by a preponderance of the evidence that there was a conspiracy between the [**5] declarant and the nonoffering party, and that the statement was made 'in the course of and in furtherance' of the conspiracy." United States v. Vowiell, 869 F.2d 1264, 1267 (9th Cir. 1989) (quoting Bourjaily v. United States, 483 U.S. 171, 174, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)).

Insofar as the court admitted the calls as nonhearsay proof of the criminal enterprise, and not for the truth of the matters asserted in the calls, [1] the court erred because the unfair prejudice of the calls substantially outweighed their probative value in the particular circumstances of this trial. Although Wicker was a party [*758] to most of the calls, so that the calls properly were admitted against him, Wells was not a party to any of them. All calls took place after Wells was arrested, they were highly inflammatory, and other, less inflammatory, evidence was introduced to prove the existence and nature of the criminal enterprise. We conclude that the joinder with Wicker and the admission of the calls, in combination, require us to reverse Wells' conviction under § 1959 and remand for a new trial.

[**6] 4. The conviction for use of a firearm depends on the predicate crimes that we have reversed. Although the government need not *charge* an underlying offense to prove a violation of § 924(c), it must *prove* an underlying offense. United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam). As we have held above, unlike in *Hunter,* the underlying charges (which the government chose to bring against Wells) were not validly proved. That being so, the premise for the § 924(c) charge is absent, and this conviction, too, must be reversed.

5. Because we reverse and remand, we need not reach any of Wells' arguments concerning the sentence previously imposed.

REVERSED and REMANDED for a new trial.

ORDER

---

[1] The government has not argued that the calls were admissible for any other reasons than the two discussed in text.

The petition for panel rehearing is GRANTED. The memorandum disposition filed on October 21, 2005, is amended. The amended memorandum disposition will be filed concurrently with this order. No further petitions for rehearing or for rehearing en banc may be filed.

---

End of Document

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618

A true and correct copy of the foregoing document entitled (*specify*): **APPENDIX OF UNPUBLISHED AUTHORITIES IN SUPPORT OF DEBTOR JOHN JEAN BRAL'S RESPONSE TO EVIDENTIARY OBJECTIONS OF CREDITORS BARRY BEITLER; CANNAE FINANCIAL, LLC; BEITLER & ASSOCIATES, INC. DBA BEITLER COMMERCIAL REALTY SERVICES; STEWARD FINANCIAL LLC, AND BETSY BOYD TO DECLARATION OF ADAM MEISLIK IN SUPPORT OF CONFIRMATION OF BRAL'S SECOND AMENDED CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 28, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 28, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/28/2018 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1277332.1    4

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com,kfinn@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Kathleen J McCarthy**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Dipika Parmar**    dipika.parmar@aissolution.com
- **Bobby Samini**    saminicourtnotice@gmail.com, bobby.samini@saminicohen.com;nicoleprado@saminicohen.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com
- **Dean A Ziehl**    dziehl@pszjlaw.com, dziehl@pszjlaw.com

**SERVED VIA FIRST CLASS MAIL:**

The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1277332.1                          5