Alan J. Friedman (State Bar No. 132580)
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: Afriedman@shulmanbastian.com

Attorneys for Reorganized Debtor
John Jean Bral

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JOHN JEAN BRAL,<br><br>           Reorganized Debtor. | Case No. 8:17-bk-10706-ES<br><br>Chapter 11<br><br>**DEBTOR'S FIFTH POST-CONFIRMATION STATUS REPORT**<br><br><u>Post Confirmation Status Conference:</u><br><br>Date: September 30, 2021<br>Time: 10:30 a.m.<br>Place: Courtroom 5A |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

John Jean Bral, the reorganized debtor in the above-referenced case ("Debtor") hereby submits this Post-Confirmation Status Report as required by order of the Court in advance of the post-confirmation status conference scheduled for September 30, 2021 ("Status Conference").

**A.**     **<u>Status of the Debtor's Efforts to Consummate the Plan.</u>**

The Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 24, 2017.

By entry of the Order Confirming Fourth Amended Chapter 11 Plan ("Confirmation Order") on July 31, 2019 [Dkt. No. 762], the Debtor's Fourth Amended Chapter 11 Plan ("Plan")[1] [Dkt. No. 761] was confirmed.

The Plan is a liquidation plan. Allowed Claims will be paid in accordance with their respective priorities, from a Distribution Fund consisting of monies derived from the following:

1.     The monetization of the Debtor's ownership interests in two limited liability companies, Mission Medical Investors, LLC and Westcliff Investors, LLC (the "Companies"). Funds will be generated by the purchase of the Debtor's membership interests in the Companies by Barry Beitler.

2.     To the extent that the funds from the monetization of the Companies are insufficient to pay Allowed claims in full, the Debtor will liquidate certain of his other personal property as set forth in the Plan, including his interests in Eye Street and Javaher, to the extent equity exists and the assets are not exempt. The Debtor to retain his interest in the Sandpiper Property.

3.     Recovery from a malpractice claim the Debtor holds against state court counsel which proceeds have already been received; and

4.     Proceeds from the Debtor's contribution claims against co-guarantors.

The Effective Date of the Plan is the later of (1) the first (1st) Business Day following the date upon which Barry Beitler either (a) pays into the estate the Minimum Purchase Price or (b) pays into the estate the Final Purchase Price, and (2) the first (1st) Business Day after the date upon which the Confirmation Order shall have become a Final Order.

On June 28, 2021, Judge Zive submitted to this Court and this Court entered Judge Zive's proposed Findings of Fact and Conclusions of Law Regarding the Final Purchase Price [Dkt. No. 1054]. On June 28, 2021, Judge Zive also submitted to this Court and this Court entered Judge Zive's proposed Order Regarding the Final Purchase Price [Dkt. No. 1055].

---

[1] Unless otherwise defined herein, capitalized terms herein have the meaning as set forth in the Plan.

On July 20, 2021, the Debtor and Beitler filed a Stipulation for Order Confirming the Arbitrator's Proposed Findings of Fact and Conclusions of Law Regarding the Final Purchase Price and Order Regarding the Final Purchase Price [Dkt. No. 1060]. On July 26, 2021, this Court entered an Order Confirming the Arbitrator's (1) Proposed Findings of Fact and Conclusions of Law Regarding the Final Purchase Price and (2) Proposed Order Regarding the Final Purchase Price [Dkt. No. 1063].

1. Plan Related Issues

(a) Conditions to Effective Date.

The Plan, as drafted, will go effective upon the payment of the Final Purchase Price by Beitler. The Final Purchase Price is the aggregate of the Mission Purchase Price and the Westcliff Purchase Price. Upon the occurrence of the Effective Date, among other things, the Debtor's interests in Westcliff and Mission will automatically transfer to Beitler. No interests transfer until the Effective Date occurs. No further action need be or will be taken by the Debtor to effectuate said transfer.

However, at the request of the Beitler Parties, the Debtor has agreed that the Mission Purchase Price and the Westcliff Purchase Price can be paid in two separate transactions. In that regard, on September 10, 2021, the Debtor filed that certain Stipulation re: 1) Bifurcation of Payment of Final Purchase Price; 2) Allowance of Assignment of Barry Beitler's Purchase Rights under the Plan; 3) Advancement of Effective Date; and 4) Related Relief as Docket No. 1072 (the "Bifurcation Stipulation"). Pursuant to the Bifurcation Stipulation, the Westcliff Purchase Price is to be paid by September 17, 2021 and the Mission Purchase Price by September 28, 2021. On September 13, 2021, this Court entered its approving the Bifurcation Stipulation [Dkt. No. 1073]. Inasmuch as the Bifurcation Stipulation has been approved, the Effective Date will occur on the first business day following the payment of the Westcliff Purchase Price. The Debtor anticipates that the Effective Date will occur on or about September 20, 2021. Other related relief is as set forth in the Bifurcation Stipulation.

(b) Potential Issues.

1.     <u>The Debtor's Membership Interests in Eye Street and Javaher</u>

In connection with the Disclosure Statement [Dkt. No. 470], the Debtor disclosed that while Westcliff nominally owned membership interests in Eye Street and Javaher, in accordance with demands by Beitler, those membership interests were being treated as being owned individually by the Debtor and Beitler. See, Disclosure Statement, Dkt. No. 470, page 21, lines 12-22- page 22, lines 1-8. Beitler did not object to this proposed treatment. Moreover, in connection with the confirmation of the Plan, Beitler's counsel insisted that the Plan specify that those membership interests were the Debtor's personal property and were subject to sale as part of the Plan. The Plan was specifically modified to be consistent with those demands. Recently, the real property owned by Javaher was sold (not the Debtor's membership interest therein). Both the Debtor and Beitler each received their proportionate share of the proceeds based upon their respective membership interests in Javaher. There may be some relatively small additional proceeds to be paid to the Debtor and Beitler. Debtor's counsel is holding the Debtor's share of the sale proceeds. To the best of the Debtor's knowledge, Beitler did not dispute the distribution of the sale proceeds and the Debtor believes Beitler negotiated his check without protest.

Also recently, the Debtor received an offer to purchase his membership interest in Eye Street. Because the buyer did not want to get involved in any disputes between the Debtor and Beitler, the offer was conditioned upon the buyer also being able to purchase any and all membership interests owned by Beitler and Westcliff. Beitler's counsel indicated that Beitler had no interest in selling his membership interest at the present time, but would be back in touch with the buyer following Beitler's acquisition of the Debtor's interest in Westcliff, intimating that along with acquiring the Debtor's interest in Westcliff, Beitler would also be acquiring the Debtor's interest in Eye Street. This position clearly runs afoul of the Disclosure Statement, the demands of Beitler's counsel and the clear language of the Plan. It does not appear that this matter will be resolved consensually and will require further Court intervention.

2.     <u>Post-Petition Interest Prohibited by Plan – Cannae (Class 7)</u>

On January 8, 2021, the Debtor filed a Motion to Extend Time to Object to Cannae Financial LLC's Proof of Claim No. 17 [Dkt. No. 962]. On January 28, 2021, Cannae filed its opposition to this motion [Dkt. No. 987]. Since the filing of said motion and opposition, the parties have entered into stipulation(s) continuing the hearing on the motion. Currently the hearing on the motion has been continued to October 21, 2021 pursuant to order entered on July 14, 2021 [Dkt. No. 1058]. Recently, the Debtor sent a check to Cannae in the amount of $233,676.11 which represents the outstanding principal balance, accrued interest and most of the attorneys' fees sought by Cannae. This matter should be finally resolved prior to the status conference.

3. <u>Pending Claims and Related Issues</u>

(a) <u>The Steward Claim (Claim No. 19)</u>.

As previously reported, on February 3, 2020, the Court entered its order sustaining, on all grounds, the Debtor's objection to the Steward Claim [Dkt. 860]. Steward filed an appeal of this Court's order to the Ninth Circuit BAP (the "Steward Appeal"). On or about November 30, 2020, the BAP issued its opinion in the Steward Appeal (the "BAP Ruling") affirming this Court's ruling on the Steward Claim. On December 28, 2020, the Debtor filed a motion seeking to have the Steward Appeal deemed frivolous and to recover the fees expended defending against the Steward Appeal. This fee motion was denied by the BAP.

Steward has appealed the BAP Ruling to the Ninth Circuit Court of Appeals. Pursuant to a stipulation between the parties, the briefing on this appeal has been continued to allow settlement discussions to take place. At the present time, it does not appear this matter will settle. The Debtor does not intend to consent to any further extensions of the briefing schedule as there have already been three extensions and the Debtor desires to finally resolve this matter.

b. <u>The Remaining Beitler Claims (Claim Nos. 9, 11 and 14)</u>

Pursuant to the terms of the Plan, most of the Beitler Parties' claims were resolved, although the final resolution will not occur until after the Effective Date. However, there were three claims left to be resolved, each of which is unliquidated. These claims form the basis for two of the remaining Section 523 actions against the Debtor.

On February 3, 2021, this Court entered its Order sustaining the Objections to Claim No. 9, subject to claimants' rights under 11 U.S.C. 502(j) and Fed.R.Bankr.P. 3008 [Dkt. No. 994].

On February 3, 2021, this Court entered its Order sustaining the Objections to Amended Claim No. 11, subject to claimants' rights under 11 U.S.C. 502(j) and Fed.R.Bankr.P. 3008 [Dkt. No. 995].

On February 3, 2021, this Court entered its Order sustaining the Objections to Claim No. 14, subject to claimants' rights under 11 U.S.C. 502(j) and Fed.R.Bankr.P. 3008 [Dkt. No. 996].

The Beitler Parties have agreed to dismiss the two related Section 523 actions. The Debtor anticipates stipulations dismissing these two actions will be filed by the time of the status conference.

**B.** **Prior Status Reports**

On November 7, 2019, the Debtor filed its first Post-Confirmation Status Report [Dkt. No. 806] and on November 21, 2019, this Court held the first Post Confirmation Status Conference.

On February 6, 2020, the Debtor filed his Second Post-Confirmation Status Report [Dkt. 874] and Amended Second Post-Confirmation Status Report [Dkt. 875].

On January 7, 2021, the Debtor filed his Third Post-Confirmation Status Report [Dkt. 961].

On May 6, 2021, the Debtor filed his Fourth Post-Confirmation Status Report [Dkt. 1046].

**C.** **Activity Since Prior Status Report**

1. Motion for Attorneys' Fees and Motion for Sanctions

As stated in the last status report, on February 18, 2021, the Debtor filed a Motion for Attorneys' Fees Pursuant to Contract ("Fee Motion") [Dkt. No. 1011]. By the Fee Motion, the Debtor sought attorneys' fees pursuant to contract after prevailing in litigation on proofs of claim numbers 11 and 14. By the Fee Motion, the Debtor seeks to recover attorneys' fees he was forced to incur litigating the claims invalidity and disallowance.

As further stated in the last status report, on March 11, 2021, Beitler filed that certain Motion for Sanctions Against John Jean Bral and His Bankruptcy Estate ("Sanctions Motion") [Dkt. No.

1022]. By the Sanctions Motion, Beitler requested monetary sanctions for "bad faith or conduct tantamount to bad faith" in connection with the Avalon Deed of Trust aspect of the Arbitration.

On March 22, 2021, this Court entered an order granting a Stipulation to Continue Hearing Date and Set Briefing Schedule [Dkt. No. 1029], which continued the hearing dates and set a briefing schedule with respect to the Fee Motion and the Sanctions Motion [Dkt. No. 1031]. The Stipulation preserved the Debtor's ability to seek fees as the prevailing party in the Arbitration and to file its own motion for sanctions resulting from Beitler's conduct in connection with the Arbitration. Further stipulations continued the hearing dates. In order to avoid the expense of litigation, the Debtor and the Beitler Parties entered into a Stipulation to (1) Dismiss with Prejudice and Vacate Hearing Date on John Bral's Motion for Attorneys' Fees Pursuant to Contract; (2) Dismiss with Prejudice and Vacate Hearing Date on Barry Beitler's Motion for Sanctions Against John Bral and his Bankruptcy Estate; (3) Vacate Hearing Date on John Bral's Cross-Motion for Sanctions; (4) Vacate Hearing Date on John Bral's Prevailing Party Fee Motion ("Stipulation") [Dkt. No. 1067]. An order approving the Stipulation was entered by this Court on July 29, 2021 [Dkt. No. 1069].

### 3. Status Conferences Relating to Adversary Proceedings

Status conferences relating to the Bral v. Beitler (Adv. No. 8:17-ap-01071), Beitler v. Bral (Adv. No. 8:17-ap-01092), and Beitler & Associates v. Bral (Adv. No. 8:17-ap-01094) are currently scheduled for September 30, 2021, for which updated joint status reports have been (or are being) filed concurrently.

### D. Compliance with the Guidelines of the Office of the United States Trustee

The Debtor is in compliance with the post-confirmation OUST guidelines. The Debtor is current with payment of the Trustee's quarterly fees having paid the quarters ending March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020 March 31, 2021 and June 30, 2021.

### E. Payments Under the Plan

Because the Effective Date of the Plan has not yet occurred, the Debtor has not made any Plan payments.

**F.** **Post-Confirmation Tax Liabilities**

In the event that tax liabilities accrue and are require to be made, they will be paid by the Debtor.

**G.** **The Debtor's Ability to Continue to Comply with the Terms of the Plan**

The Debtor projects that he will be able to comply with the terms of the Plan.

**H.** **Motion for Final Decree**

Once the Effective Date has been established and payments made, the Debtor will seek a final decree.

Respectfully submitted,

Dated: September 15, 2021      SHULMAN BASTIAN FRIEDMAN & BUI LLP

By: /s/ *Alan J. Friedman*

Alan J. Friedman
Attorneys for John J. Bral, Reorganized Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*):**DEBTOR'S FIFTH POST-CONFIRMATION STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 16, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2021 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Shane M Biornstad**    SBiornstad@shulmanbastian.com, agarcia@shulmanbastian.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Thomas H Casey**    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **David Choi**    dchoi@goldbergsegalla.com, david@jdmrllp.com;rmendoza@goldbergsegalla.com;jcohen@goldbergsegalla.com
- **Alan J Friedman**    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com,narutunyan@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@tocounsel.com, jokeefe@tocounsel.com;sschuster@tocounsel.com
- **Bonni S Mantovani**    bmantovani@pralc.com, ecfcca@ecf.courtdrive.com
- **William F McDonald**    wfmcdonald@gmail.com
- **Krikor J Meshefejian**    kjm@lnbyb.com
- **Dipika Parmar**    dipika.parmar@aissolution.com
- **Gary A Pemberton**    GPemberton@shulmanbastian.com, elohayza@shulmanbastian.com;sseelert@shulmanbastian.com
- **Lee S Raphael**    ecfcca@ecf.courtdrive.com, ecfcca@ecf.courtdrive.com
- **Bobby Samini**    saminicourtnotice@gmail.com, bobby.samini@saminicohen.com;nicoleprado@saminicohen.com
- **Edward G Schloss**    egs2@ix.netcom.com
- **Valerie Smith**    claims@recoverycorp.com
- **Daniel B Spitzer**    dspitzer@spitzeresq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**    ecfnotices@ascensioncapitalgroup.com
- **Alan Steven Wolf**    wdk@wolffirm.com
- **Dean A Ziehl**    dziehl@pszjlaw.com, dziehl@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**